## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>          Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>          Defendants. | FEDERAL COURT CASE NO.:<br>Trial By Jury Requested<br><br>Removed from:<br>Supreme Court of the State of New York, Orange County<br>Index No: EF007269-2022 |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Carmine Amelio ("Carmine"), Alfonso Amelio ("Alfonso"), and Paul Amelio ("Paul"), collectively ("Amelios"), hereby give notice of the removal of this action from the Supreme Court of the State of New York, Orange County, to the United States District Court for the Southern District of New York. **This action arises under the Constitution and federal statutes**, including the Fifth and Fourteenth Amendments and the Americans with Disabilities Act (ADA). By removing this case, Defendants do not waive, and expressly reserve, any claims and defenses available to Defendants.

**I. Background**

1. Plaintiff commenced this action in the Supreme Court of the State of New York, Orange County, filed on December 19, 2022, in Orange County Supreme Court (Index No. EF007269-2022).

2. Defendants have been improperly deprived of access to the courts, and Plaintiff has pursued claims arising from a pattern of fraud, perjury, and abuse of process.

3. Defendants previously removed a substantially similar action, which was improperly remanded by Judge Siebel.

4. Defendants have concurrently been involved in proceedings before the Appellate Division, Second Department (AD2), which have been delayed, including motions to vacate dismissal and reinstate appeal, illustrating repeated procedural and due process delays.

5. Defendants seek this removal to ensure federal-level adjudication of constitutional rights and statutory defenses.

## II. Grounds Requiring Federal Jurisdiction and Prohibiting Remand

This civil action arises from Plaintiff's petition alleging Defendants' default under a mortgage agreement, as well as Defendants' counterclaims, which raise federal constitutional issues including:

- Due Process Violations (Fifth and Fourteenth Amendments)
- Equal Protection (Fourteenth Amendment)
- Disability Discrimination (ADA)

Defendants assert that the state forum is inadequate to address these issues, citing prior procedural irregularities, including:

- Judge Siebel's unlawful remand of previously removed action
- Denial of access to the court for timely pleadings
- Improper service and fraudulent misrepresentation by plaintiff's counsel

Defendants have concurrently filed an emergency stay in the appellate court, seeking immediate protection from eviction, foreclosure, and disturbance of possession pending reinstatement of appeal. This demonstrates imminent risk and inadequacy of state remedies.

## A. Federal Question Jurisdiction (28 U.S.C. § 1331)

The state-court proceedings require resolution of substantial federal questions, including:

- Fourteenth Amendment due process and equal protection;

- First Amendment access-to-courts concerns;
- ADA compliance (42 U.S.C. §§ 12131–12134).

**B. Civil-Rights Removal (28 U.S.C. § 1443(1))**

The state-court practice, orders, and docketing have deprived Defendants of federally secured rights, including due process, equal protection, and ADA accommodations. State actions effectively blocked enforcement of federal rights.

**C. Procedural Due-Process Violations & Denial of Access**

State court issued unlawful orders and motions that were prematurely adjudicate and not properly heard, otherwise impeded Defendants' rights to a fair hearing.

**D. Supplemental Jurisdiction (28 U.S.C. § 1367(a))**

Federal court may exercise jurisdiction over state-law counterclaims arising from the same nucleus of operative facts, including fraud, perjury, abuse of process, and intentional infliction of emotional distress.

### III. Appellate Division – Delay in Reinstating Appeal

Defendants-Appellants Carmine Amelio, Alfonso Amelio, and Paul Amelio, pro se, respectfully bring to the Court's attention the delays in the Appellate Division, Second Department (AD2), regarding their appeal, which is relevant to the procedural history and equitable considerations in this matter.

**Timeline of Extension Requests and Court Orders:**

- On **June 26, 2025**, Appellants requested a **ninety (90) day extension** to perfect the appeal; the Court granted **sixty (60) days**.
- On **August 25, 2025**, Appellants requested an additional **sixty (60) days** but were granted only **thirty (30) days**, which expired on **September 24, 2025**.
- On **September 24, 2025**, Appellants requested a further **sixty (60) day extension**; the Clerk instructed that a motion was required (22 NYCRR §§1250.9[b],[g][1]; 22 NYCRR §670.9[b]).

- On **September 30, 2025**, Appellants filed a motion for the sixty (60) day extension. The Court processed it with a **return date of October 14, 2025**.
- On **October 6, 2025**, Appellants filed a motion for **fee waiver nunc pro tunc**, citing *Boddie v. Connecticut*, 401 U.S. 371 (1971), and *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996), explaining that access to the courts and the right to appeal cannot be conditioned on payment of fees where it would deny meaningful access to justice.
- On **October 16, 2025**, Appellants withdrew their prior motion as directed and refiled it with a **Motion for Waiver of Costs, Fees, and Expenses**, which was granted.
- On **November 24, 2025**, Appellants' filed Motion to Vacate Dismissal, Reinstate Appeal and for Extension of TIme to January 23, 2026 to Perfect Appeal and Motion for Fee Waiver.
- On **November 25, 2025**, the Clerk instructed Appellants to submit one motion for all of the reliefs that you are requesting of The Court.
- On **November 26, 2025**, Appellants' filed comfined motion.
- On **November 26, 2025,** the Clerk confirmed the the motion has been reviewed and added to the docket.
- On **November 26, 2025**, Appellants' filed their emergency motion for stay.
- On **November 28, 2025,** the Clerk instructed Appellants to file emergency motion as and Order to Show Cause.

**Good Cause for Delay:**

Appellants submit that the delay in perfecting the appeal was due to multiple overlapping circumstances:

**Medical Crises & Disability Barriers:** Appellants suffer from chronic medical conditions that severely limit sustained computer use and impair legal preparation. These conditions require continuing treatment and strict management to avoid exacerbation.

**Legal Overload in Multiple Jurisdictions:** Since **August 25, 2025**, Appellants have actively managed multiple complex cases, including **58 pleadings filed, 2 legal notices, and 2 hearings attended**, in addition to extensive travel and case review obligations.

**Property & Safety Emergencies:** Urgent out-of-state travel was required to address tenant damages and work-related responsibilities.

**Parental & Work Responsibilities:** As custodial parents and full-time workers managing **50+ hours per week**, Appellants lacked institutional support to prepare filings in a timely manner.

**Pro Se Status and Diligence:** Appellants are unrepresented by counsel and proceed pro se, entitling them to the leniency traditionally extended to pro se litigants to ensure fairness and due process. See *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). Appellants demonstrated good faith in complying with the Court's instructions and filing requirements.

**Absence of Prejudice to Plaintiff:** The delay caused by these overlapping obligations was in good faith and has not resulted in any prejudice to Plaintiff-Appellee.

**Conclusion:** The Appellate Division delays and the need for multiple extensions highlight the extraordinary circumstances under which Appellants have acted diligently to protect their rights. This procedural history is pertinent to the Court's equitable review and demonstrates that the defendants' actions were timely and in good faith, notwithstanding the complex obstacles they faced.

### IV. Jurisdiction

1. This Court has **federal question jurisdiction** under 28 U.S.C. § 1331.
2. Plaintiff, U.S. Bank Trust National Association, as Trustee of Tiki Series V Trust, is a citizen of Arizona. Defendants are citizens of New York. The amount in controversy exceeds $1,000,000.
3. Venue is proper in this district because the underlying state action was filed in New York.

### V. Parties

1. Plaintiff, U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust (hereinafter "Plaintiff"), at all times hereinafter mentioned was and still is a duly organized corporation or association with offices at 7114 E. Stetson Drive, Suite 250, Scottsdale, AZ 85251, is therefore a citizen of Arizona. See 28 U.S.C. § 1332(c)(1).

2. Amelio have a home and residence in New York and are citizens of New York.

3. That defendant, Deborah J. Piazza, as Chapter 7 Trustee of United States

BankruptcyCourt, is a named party defendant to this action because it is a subordinate lienor by virtue of a judgment for $157,195.00 against Carmine P Amelio, recorded on October 16, 2019 in Book 14639, is therefore a citizen of New York.

## VI. Defendants' Additional Parties

Defendants identify the following assignors, assignees, counsel, and related actors, whose identity, authority, and chain of interest in the mortgage/note require federal review:

- Mortgage Electronic Registration Systems, Inc. (MERS) — alleged assignor/nominee for First Horizon Home Loan Corporation.
- The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA9, by FirstHorizon Home Loans, a division of First Tennessee Bank National Association (Master Servicer) — alleged assignee (recorded June 13, 2012; recorded December 3, 2012).
- Strategic Realty Fund, LLC — alleged assignee (recorded August 14, 2015; recorded August 24, 2015).
- Real Estate Growth Fund, LLC — alleged assignee (recorded June 26, 2020; recorded July 15, 2020).
- U.S. Bank Trust National Association, as Trustee of the Igloo Series V Trust — alleged assignee (recorded March 29, 2022; recorded April 27, 2022).
- U.S. Bank Trust National Association, as Trustee of the Tiki Series V Trust — alleged subsequent assignee (recorded June 1, 2022; recorded June 14, 2022).

Additionally:

- FRIEDMAN VARTOLO LLP (attorneys Henry P. DiStefano, Juliana Thibaut, Andrew Buonincontri, Stacey Bonner, Sean Monahan, Michael Nardolillo)
- Randall Coffill, appointed referee

Defendants reserve the right to supplement this list under Fed. R. Civ. P. 19 as additional information or parties emerge.

## VII. Breif History and Defendants' Defenses and Counterclaims

Defendants assert the following state-law counterclaims arising from the same operative facts:

1. Fraud and misrepresentation;
2. Perjury and false statements in court filings;
3. Abuse of process;
4. Intentional infliction of emotional distress;
5. Conversion of marital and personal assets;
6. Interference with parental rights, including denial of communication with minor children.

Defendants assert, without waiver of other defenses:

- **Lack of Standing** — Plaintiff cannot maintain this action due to gaps and irregularities in the assignment chain.
- **Lack of Subject-Matter Jurisdiction** — State court cannot adjudicate federal constitutional issues or bankruptcy violations.
- **Statute of Limitations** — Plaintiff's claims barred under CPLR § 213(4).
- **Fraud Upon the Court** — Plaintiff and counsel submitted false statements, misrepresentations, and fabricated documents in state proceedings.
- **Counterclaims** — Include time-barred mortgage discharge and violation of the automatic stay in bankruptcy.

This civil action arises from Plaintiff's Original petition alleging Defendants' default of mortgage agreement and Defendants' counterclaims against Plaintiff and additional parties, not named in plaintiff's complaint, but named herein, for lack of jurisdiction due to the expiration of the statute of limitations, fraud upon the Court, judicial misconduct, violation of due process rights guaranteed by the Fifth and Fourteenth Amendments, ensuring fair treatment through the normal judicial system, where the state court failed to notify, docket pleadings and timely address defendants' pleadings and allow opposing counsel, as Officer of the Court to deny defendant access to the Court and procedural due process.

## <u>PLAINTIFF COMPLAINT</u>

1.    As it pertains to Plaintiff's averments at paragraph one of the subject complaint, Defendants are without sufficient information to either admit or deny.

2.      As it pertains to Plaintiff's averments at paragraph two of the subject complaint, Defendants admit and deny in part, by stating as follows:

    i.      Defendants admit that Carmine Amelio executed a note on August 8, 2005 in favor of First Horizon Loan Corporation ("First Horizon") as power of attorney for Alfonso Amelio.;

    ii.     Defendants deny that: (a) Plaintiff is in possession of the original note; and (b) the instrument attached to the complaint as "Exhibit A" consist of a true and correct copy of the original.;

    iii.    Defendants deny that the instrument attached to the complaint as "Exhibit A" is properly indorsed in accordance with NY UCC.; and

    iv.     Defendants deny that the original note instrument in dispute is a negotiable instrument pursuant to NY UCC § 3-104 and, instead, Defendants aver that said instrument is non-negotiable and enforcement thereof is governed by NY UCC § 9-203.

3.      As it pertains to Plaintiff's averments at paragraph three of the subject complaint, Defendants admit and deny in part, by stating as follows:

    i.      Defendants admit that they each executed the mortgage instrument in dispute that was recorded in the Office of the Orange County Clerk on October 4, 2005, at Book 11958, Page 955.;

    ii.     Defendants deny that Mortgage Electronic Registration Systems, Inc. ("MERS") was an agent for First Horizon as of the date set forth in the foregoing mortgage instrument because, in part, no such power of attorney was ever presented to Defendants; no such power of attorney was annexed to the instrument upon its recording in the Office of the Orange County Clerk on October 4, 2005, at Book 11958, Page 955; no such power of attorney has been recorded in the Office of the Orange County Clerk to present date; and no such power of attorney is annexed to Plaintiff's complaint.

    iii.    Defendants deny that they delivered a mortgage to MERS because the latter has never been a document custodian with physical possession of any such instruments; and Plaintiff has no evidence to substantiate its claim.

4.     As it pertains to Plaintiff's averments at paragraph four of the subject complaint, Defendants are without sufficient information to either admit or deny.

5.     As it pertains to Plaintiff's averments at paragraph five of the subject complaint, Defendants are without sufficient information to either admit or deny.

6.     As it pertains to Plaintiff's averments at paragraph six of the subject complaint, Defendants deny by stating:

      i.     Plaintiff's claims pertaining to MERS are materially false and deceptive, along with the instrument recorded by the Office of the Orange County Clerk on December 3, 2012, at Book 13457, Page 75 which is void as a matter fact because MERS as the alleged nominee for First Horizon: (a) never possessed the subject note and mortgage; (b) was without authority to assign the subject note and mortgage; and (c) never assigned the subject note and mortgage.  See *Bank of N.Y. v. Silverberg*, 86 A.D.3d 274, 275 (N.Y. App. Div. 2011) ("The issue presented on this appeal is whether a party has standing to commence a foreclosure action when that party's assignor — in this case, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) — was listed in the underlying mortgage instruments as a nominee and mortgagee for the purpose of recording, but was never the actual holder or assignee of the underlying notes. We answer this question in the negative."); and

      ii.     because the foregoing instrument recorded by the Office of the Orange County Clerk on December 3, 2012, at Book 13457, Page 75 is void (as a matter of fact), the subsequent instruments recorded by the Office of the Orange County Clerk on August 24, 2015, at Book 13936, Page 743 and July 15, 2020, at Book 14772, Page 289.

7.     As it pertains to Plaintiff's averments at paragraph seven of the subject complaint, Defendants deny by reciting to the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

8.     As it pertains to Plaintiff's averments at paragraph eight of the subject complaint, Defendants deny by declaring that no payments were made towards the subject note and mortgage by Defendants since the last payment that Defendants made in the year 2008 as set forth within

the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426 which involved the same note and mortgage in dispute.

9.    As it pertains to Plaintiff's averments at paragraph nine of the subject complaint, Defendants deny by declaring that no payments were made towards the subject note and mortgage by Defendants since the last payment that Defendants made in the year 2008 as set forth within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426 which involved the same note and mortgage in dispute.

10.    As it pertains to Plaintiff's averments at paragraph ten of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

11.    As it pertains to Plaintiff's averments at paragraph eleven of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

12.    As it pertains to Plaintiff's averments at paragraph twelve of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

13.    As it pertains to Plaintiff's averments at paragraph thirteen of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

14.    As it pertains to Plaintiff's averments at paragraph fourteen of the subject complaint, Defendants reply by declaring Plaintiff's averment is moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

15.    As it pertains to Plaintiff's averments at paragraph fifteen of the subject complaint, Defendants reply by declaring Plaintiff's averments is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

16.    As it pertains to Plaintiff's averments at paragraph sixteen of the subject complaint, Defendants are without sufficient information to either admit or deny.

17.    As it pertains to Plaintiff's averments at paragraph seventeen of the subject complaint, Defendants are without sufficient information to either admit or deny.

18.    As it pertains to Plaintiff's averments at paragraph eighteen of the subject complaint, Defendants are without sufficient information to either admit or deny.

19.    As it pertains to Plaintiff's averments at paragraph nineteen of the subject complaint, Defendants are without sufficient information to either admit or deny.

20.    As it pertains to Plaintiff's averments at paragraph twenty of the subject complaint, Defendants are without sufficient information to either admit or deny.

21.    As it pertains to Plaintiff's averments at paragraph twenty-one of the subject complaint, Defendants objects by reciting to the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

22.    As it pertains to Plaintiff's averments at paragraph twenty-two of the subject complaint, Defendants objects by reciting to the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

### DEFENSES AND COUNTERCLAIMS

23.    **Lack of Standing**:  Plaintiff is without standing to commence and maintain the instant action for the foregoing reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

24.    **Lack of Jurisdiction of the Subject Matter Pursuant to CPLR 3211(a)(2)**:  The Court is without jurisdiction over the subject matter for the foregoing reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

25.    **Statute of Limitations**:  Plaintiff's attempt to enforce and foreclose upon the subject note and mortgage is barred by CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

26.    **Fraud Upon the Court**: Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, and they are omitting material facts for the foregoing reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); 6; 8; and 9 as though fully incorporated herein by reference.

27.    **Counterclaim 1 - Time Barred**:  Defendant request that the mortgage be cancelled and discharged pursuant to NY Real Property Actions and Proceedings Law § 1501(4) because the subject note and mortgage is time barred by the statue of limitations pursuant to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

**Counterclaim 2 – Violation of Bankruptcy Automatic Stay**:    **THE SUBJECT COMPLAINT, FILED BY PLAINTIFF DURING THE PENDENCY OF BANKRUPTCY AND AUTOMATIC STAY, MUST BE DISMISSED, WITH PREJUDICE.**

Defendant Alfonso Amelio filed his Bankruptcy petition, Case No.: 20-23552, on December 31, 2020 and his case was dismissed on June 18, 2021. Plaintiff filed subject Complaint January 7, 2021, during the pendency of automatic stay. Because the plaintiff filed this action and commenced while the automatic stay was in effect, it is void *ab initio* and must be dismissed. 11 U.S.C. § 362(a)(1) ("a [bankruptcy] petition filed… operates as a stay, applicable to all entities, of the commencement… of a judicial… action or proceeding against a debtor…"); *Levant v. Nal'l Car Rental , Inc.,* 33 A.D.3d 367, 368 (1st Dep't 2006) and the petition filed by the Petitioner is void, (holding that an action commenced against a debtor while an automatic bankruptcy stay was in effect was "*void ab initio.*")

Therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332 because there is sufficient diversity of citizenship because the plaintiff and defendant are citizens of different states and the amount in controversy exceed $1,000,000.00 and because this is a civil action that raises questions arising under the Constitution, laws, or treaties of the United States.

Amelio, appearing *pro se* are named a parties in the state court matter as owners of 17 Grant Street, Middletown, NY 10940.

On January 30, 2023 defendants filed their motion amend, vacate or dismiss the September 8, 2022 Order in the previously discontinued case, Index No: EF000106-2021, entered by the court: "ORDER DISCONTINUING ACTION AND CANCELING LIS PENDENS." (Doc# 82). The Order erred by including the follow relief, which was not requested or argued in plaintiff's motion (Doc# 76):

"ORDERED, that Plaintiff hereby deaccelerates the maturity of the loan and withdraws all prior demands for immediate payment of all sums secured by the Security Instrument; and it is further"

Plaintiff's motion (Doc# 76) requested the following relief:

"PLEASE TAKE NOTICE, that upon the annexed affirmation of Juliana Thibaut, Esq. dated June 1, 2022, and any papers and exhibits annexed thereto, a motion will be heard at the Orange County Supreme Court, 285 Main Street, Goshen, NY 10924 in front of the Honorable John R. Lindstrom, on July 1, 2022, at 9:30 AM, or as soon thereafter as counsel can be heard, for an order: (i) canceling the Lis Pendens, (ii) discontinuing the instant action, (iii) striking the Defendant's answer and dismissing the Defendant's counterclaims, and (iv) for such other relief as the court may deem just and proper."

In addition, Plaintiff continued to prosecute this matter during pending automatic stay of bankruptcy. Plaintiff did not properly serve defendants at their residence nor properly executed attempted service pursuant to CPLR 308 and falsely claimed to serve Paul Amelio and Alfonso Amelio via NYSCEF, who are not registered in this matter.

The law is well settled law, that a mortgage cannot be decelerated after it has been accelerated and the statute of limitations have expired, which plaintiff unlawfully and intentionally inserted into the Order when such relief was not requested or argued in plaintiff's motion. Defendants believe  that plaintiff and their counsel altered the proposed order with the intent to ambush us and intentionally evade defendants' opposition to the same, denying our due process right to law. In addition, the notice of discontinuance was not properly served and plaintiffs unlawfully moved the Court to appoint a guardian ad litem for Paul Ameio and Alfonso Amelio, who are not deceased.

Accordingly, plaintiff is time barred by the statute of limitations and to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

In addition to the above, this Court lacks jurisdiction in this matter as Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, they have omitted material facts and have submitted fabricated documents, which constitutes fraud upon the Court, as stated herein in defendant's legal argument.

Defendants are named defendants in the Complaint. All requirements for removal are met. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

Defendant requests a jury trial which plaintiff did not request in the state court action.

True and correct copies of the Supreme Court of the State of New York, Orange County, Docket is attached hereto and incorporated herein as Exhibit A. True and correct copies of the Supreme Court of the State of New York, Appellate Court – Second Division Docket is attached hereto and incorporated herein as Exhibit B.

**VIII. Removal Procedure Compliance**

Concurrent with the filing of this Notice of Removal, Defendants have served this notice upon Plaintiff's counsel and filed a copy of the notice with the Clerk of Court for the Supreme Court of the State of New York, Orange County.

All requirements for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied.

WHEREFORE,

Defendants respectfully request that this Court:

1. Assume full jurisdiction over this action.

2. Preserve all rights, defenses, and counterclaims of Defendants.

3. Grant such further relief as the Court deems just and proper.

Dated: New Milford, CT            Respectfully submitted,
        December 2, 2025

                                  */s/ Carmine Amelio*
                                  Carmine P. Amelio, *Defendant Pro Se*
                                  37 Main Street, #337
                                  New Milford, CT 06776
                                  p. 412-612-6774
                                  e. cpamelio@gmail.com


**AFFIRMATION OF CARMINE AMELIO IN SUPPORT OF REMOVAL**
**(28 U.S.C. § 1746, incorporating removal history & counterclaim defendants)**

I, **CARMINE AMELIO**, affirm under penalty of perjury:

1. I am a Defendant in this action and submit this affirmation in support of this Notice of Removal.

2. The state-court proceedings, including AD2 appellate delays, have prevented timely adjudication and blocked access to federal rights, including due process, equal protection, and ADA accommodations.

3. The factual assertions in this removal, including the counterclaims listed above, are true and accurate to the best of my knowledge.

4. Removal to federal court is necessary to protect my federally secured rights and ensure fair adjudication.

WHEREFORE, I respectfully request that this Court:

1. Accept this removal;

2. Exercise jurisdiction over the action and all counterclaims;

3. Preserve Defendants' rights pending resolution of this matter; and

4. Grant such other relief as the Court deems just and proper.

Executed on this 2nd day of December, 2025.

Dated: New Milford, CT

Respectfully submitted,
*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337
New Milford, CT 06776
p. 412-612-6774
e. cpamelio@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been served upon the following parties or counsel via electronic and/or US Mail on this 2nd day of December, 2025:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Andrew Buonincontri, Esq
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(Attorneys for Plaintiff)

Randall Coffill, Esq. (As Appointed Referee)
15 Jersey Avenue
P.O. Box 3158
Port Jervis, NY 12771

Dated: New Milford, CT                    Respectfully submitted,
          December 2, 2025

                                          */s/ Carmine Amelio*
                                          Carmine Amelio, *Defendant Pro Se*
                                          37 Main Street, #337
                                          New Milford, CT 06776
                                          p. 412-612-6774
                                          e. cpamelio@gmail.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF TIKI SERIES V TRUST,
 (full name of the plaintiff or petitioner applying (each person
 must submit a separate application))

-against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO;
DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED
STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A

JANE DOE #1

(full name(s) of the defendant(s)/respondent(s))

_____ CV  New Case  (_____

(Provide docket number, if available; if filing this with
your complaint, you will not yet have a docket number.)

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings
and I believe that I am entitled to the relief requested in this action. In support of this application to
proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are
true:

1. *Are you incarcerated?*     ☐ Yes     ☒ No    (If "No," go to Question 2.)
   I am being held at: _____

   Do you receive any payment from this institution?  ☐ Yes   ☐ No

   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization"
   directing the facility where I am incarcerated to deduct the filing fee from my account in installments
   and to send to the Court certified copies of my account statements for the past six months. *See* 28
   U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?     ☐ Yes     ☒ No
   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else
   living at the same residence as you received more than $200 in the past 12 months from any of the
   following sources? Check all that apply.

   (a) Business, profession, or other self-employment     ☐ Yes     ☒ No
   (b) Rent payments, interest, or dividends              ☒ Yes     ☐ No

| | | | |
|---|---|---|---|
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ■ No | |
| (d) Disability or worker's compensation payments | ☐ Yes | ☒ No | |
| (e) Gifts or inheritances | ☐ Yes | ☒ No | |
| (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) | ☐ Yes | ☒ No | |
| (g) Any other sources | ☐ Yes | ☒ No | |

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

Rental business income with net loss after expenses

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4.  How much money do you have in cash or in a checking, savings, or inmate account?

$100

5.  Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

None

6.  Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

Rental business income with net loss after expenses

7.  List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8.  Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

no

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

| | |
|---|---|
| 12/2/2025 | /s/ Carmine Amelio |
| Dated | Signature |
| Amelio, Carmine | |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| 37 Main Street #337,    New Milford    CT    06776 | |
| Address    City    State    Zip Code | |
| 845-343-4959 | cpamelio@gmail.com |
| Telephone Number | E-mail Address (if available) |

# EXHIBIT A

**NYSCEF**
Orange County Supreme Court

**Document List**

**Index #  EF007269-2022**    Created on:12/02/2025 03:31 PM

**Case Caption:  U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST v. ALFONSO AMELIO et al**

**Judge Name:  Sandra B. Sciortino**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT | Processed | 12/19/2022 | Thibaut, J. |
| 2 | EXHIBIT(S) - A<br>Note | Processed | 12/19/2022 | Thibaut, J. |
| 3 | EXHIBIT(S) - B<br>Mortgage | Processed | 12/19/2022 | Thibaut, J. |
| 4 | EXHIBIT(S) - C<br>Assignment of mortgage | Processed | 12/19/2022 | Thibaut, J. |
| 5 | EXHIBIT(S) - D<br>90 day notice | Processed | 12/19/2022 | Thibaut, J. |
| 6 | EXHIBIT(S) - E<br>1306 proof of filing | Processed | 12/19/2022 | Thibaut, J. |
| 7 | EXHIBIT(S) - F<br>Demand letter | Processed | 12/19/2022 | Thibaut, J. |
| 8 | NOTICE OF PENDENCY | Processed | 12/19/2022 | Thibaut, J. |
| 9 | CERTIFICATE OF MERIT | Processed | 12/19/2022 | Thibaut, J. |
| 10 | CONSENT TO EFILING<br>notice regarding e-filing | Processed | 12/19/2022 | Thibaut, J. |
| 11 | NOTICE TO DEFENDANT (PER AO-131-20) | Processed | 12/19/2022 | Thibaut, J. |
| 12 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Roberta Perry | Processed | 01/06/2023 | Vartolo, R. |
| 13 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOD Roberta Perry | Processed | 01/06/2023 | Vartolo, R. |
| 14 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Roberta Perry 3215 | Processed | 01/06/2023 | Vartolo, R. |
| 15 | ANSWER<br>Notice of Motion | Processed | 01/30/2023 | Amelio, C. (Pro Hac / Pro Se) |
| 16 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Alfonzo Amelio | Processed | 02/10/2023 | Grapensteter, V. |
| 17 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Occupant | Processed | 02/10/2023 | Grapensteter, V. |
| 18 | NOTICE OF REJECTION<br>Notice of Return and Rejection | Processed | 02/15/2023 | Gold, Z. |
| 19 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service by NYSCEF | Processed | 02/15/2023 | Gold, Z. |
| 20 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Carmine Amelio | Processed | 03/03/2023 | Vartolo, R. |
| 21 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>3215 Alfonso Amelio | Processed | 03/03/2023 | Vartolo, R. |
| 22 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Paul Amelio | Processed | 03/28/2023 | Vartolo, R. |
| 23 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>aos deborah piazza | Processed | 04/19/2023 | Vartolo, R. |

**Document List**
**Index #   EF007269-2022**   Created on:12/02/2025 03:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 24 | NOTICE OF PENDENCY<br>Successive Notice of Pendency | Processed | 04/21/2023 | Caulfield, G. |
| 25 | AFFIRMATION<br>Affirmation of Mailing - Successive Notice of Pendency | Processed | 04/21/2023 | Caulfield, G. |
| 26 | NOTICE OF BANKRUPTCY (PRE RJI) | Processed | 04/21/2023 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 27 | NOTICE OF MOTION (Motion #1)<br>NOTICE OF MOTION FOR A DEFAULT JUDGMENT<br>AND ORDER OF REFERENCE | Processed | 09/26/2023 | Thibaut, J. |
| 28 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF<br>MOTION (Motion #1)<br>ATTORNEY AFFIRMATION IN SUPPORT OF<br>PLAINITFF'S MOTION FOR A DEFAULT JUDGMENT<br>AND ORDER OF REFERENCE | Processed | 09/26/2023 | Thibaut, J. |
| 29 | EXHIBIT(S) - A (Motion #1)<br>Certificate of Merit | Processed | 09/26/2023 | Thibaut, J. |
| 30 | EXHIBIT(S) - B (Motion #1)<br>Note | Processed | 09/26/2023 | Thibaut, J. |
| 31 | EXHIBIT(S) - C (Motion #1)<br>Mortgage | Processed | 09/26/2023 | Thibaut, J. |
| 32 | EXHIBIT(S) - D (Motion #1)<br>Assignments of Mortgage | Processed | 09/26/2023 | Thibaut, J. |
| 33 | EXHIBIT(S) - E (Motion #1)<br>Notice of Default | Processed | 09/26/2023 | Thibaut, J. |
| 34 | EXHIBIT(S) - F (Motion #1)<br>RPAPL 1304 90-Day Pre-Foreclosure Notice | Processed | 09/26/2023 | Thibaut, J. |
| 35 | EXHIBIT(S) - G (Motion #1)<br>RPAPL 1306 Proof of Filing | Processed | 09/26/2023 | Thibaut, J. |
| 36 | EXHIBIT(S) - H (Motion #1)<br>Department of Defense Search results | Processed | 09/26/2023 | Thibaut, J. |
| 37 | EXHIBIT(S) - I (Motion #1)<br>Summons and Complaint | Processed | 09/26/2023 | Thibaut, J. |
| 38 | EXHIBIT(S) - J (Motion #1)<br>Notices of Pendency | Processed | 09/26/2023 | Thibaut, J. |
| 39 | EXHIBIT(S) - K (Motion #1)<br>Affidavits of Service | Processed | 09/26/2023 | Thibaut, J. |
| 40 | EXHIBIT(S) - L (Motion #1)<br>Affidavit of Service by Mail pursuant to CPLR 3215(g)(3) | Processed | 09/26/2023 | Thibaut, J. |
| 41 | EXHIBIT(S) - M (Motion #1)<br>Affidavit in Support | Processed | 09/26/2023 | Thibaut, J. |
| 42 | EXHIBIT(S) - N (Motion #1)<br>Attorney's Affirmation of Settlement Conference<br>Compliance | Processed | 09/26/2023 | Thibaut, J. |
| 43 | ORDER ( PROPOSED ) (Motion #1)<br>PROPOSED ORDER OF REFERENCE AND DEFAULT<br>JUDGMENT | Processed | 09/26/2023 | Thibaut, J. |

NYSCEF
Orange County Supreme Court

**Document List**
**Index #    EF007269-2022**    Created on:12/02/2025 03:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 44 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #1) AFFIRMATION OF MIALING: NOTICE OF MOTION FOR ORDER OF REFERENCE, PROPOSED ORDER, AND REQUEST FOR JUD | Processed | 09/26/2023 | Thibaut, J. |
| 45 | RJI -RE: NOTICE OF MOTION (Motion #1) | Processed | 09/26/2023 | Thibaut, J. |
| 46 | ADDENDUM - FORECLOSURE (840F) (Motion #1) | Processed | 09/26/2023 | Thibaut, J. |
| 47 | ORDER - REFERENCE (Motion #1) | Processed | 12/18/2023 | Court User |
| 48 | NOTICE OF ENTRY ORDER OF REFERENCE AND DEFAULT JUDGMENT | Processed | 12/19/2023 | Thibaut, J. |
| 49 | AFFIDAVIT Affidavit of Mailing, Notice of Entry | Processed | 12/19/2023 | Thibaut, J. |
| 50 | OATH Referee's Oath | Processed | 02/26/2024 | Caulfield, G. |
| 51 | REFEREE REPORT OF AMOUNT DUE Referee's Report of Amount Due | Processed | 02/26/2024 | Caulfield, G. |
| 52 | EXHIBIT(S) - 1 Exhibit 1 (Order Appoint Referee to Compute) | Processed | 02/26/2024 | Caulfield, G. |
| 53 | EXHIBIT(S) - 2 Exhibit 2 (Affidavit of Merit and Amounts Due & POA) | Processed | 02/26/2024 | Caulfield, G. |
| 54 | EXHIBIT(S) - A Exhibit A (Note) | Processed | 02/26/2024 | Caulfield, G. |
| 55 | EXHIBIT(S) - B Exhibit B (Recorded Mortgage) | Processed | 02/26/2024 | Caulfield, G. |
| 56 | EXHIBIT(S) - C Exhibit C (Assignments of Mortgage) | Processed | 02/26/2024 | Caulfield, G. |
| 57 | EXHIBIT(S) - D Exhibit D (Business Records and Loan History) | Processed | 02/26/2024 | Caulfield, G. |
| 58 | NOTICE OF MOTION (Motion #2) Notice of Motion for Judgment of Foreclosure and Sale | Processed | 03/06/2024 | Thibaut, J. |
| 59 | AFFIRMATION / AFFIDAVIT OF REGULARITY (Motion #2) Affirmation of Regularity | Processed | 03/06/2024 | Thibaut, J. |
| 60 | EXHIBIT(S) - A (Motion #2) Mortgage | Processed | 03/06/2024 | Thibaut, J. |
| 61 | EXHIBIT(S) - B (Motion #2) Assignments of Mortgage | Processed | 03/06/2024 | Thibaut, J. |
| 62 | EXHIBIT(S) - C (Motion #2) Notice of Entry - Order of Reference | Processed | 03/06/2024 | Thibaut, J. |
| 63 | EXHIBIT(S) - D (Motion #2) Oath & Report | Processed | 03/06/2024 | Thibaut, J. |
| 64 | EXHIBIT(S) - E (Motion #2) SCRA | Processed | 03/06/2024 | Thibaut, J. |

NYSCEF

Orange County Supreme Court

**Document List**

**Index #   EF007269-2022**     Created on:12/02/2025 03:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 65 | EXHIBIT(S) - F (Motion #2)<br>Certificate of Merit | Processed | 03/06/2024 | Thibaut, J. |
| 66 | EXHIBIT(S) - G (Motion #2)<br>Successive Notice of Pendency | Processed | 03/06/2024 | Thibaut, J. |
| 67 | EXHIBIT(S) - H (Motion #2)<br>AOS & NOA | Processed | 03/06/2024 | Thibaut, J. |
| 68 | BILL OF COSTS (Motion #2)<br>Costs of Plaintiff | Processed | 03/06/2024 | Thibaut, J. |
| 69 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #2)<br>Affirmation of Services Rendered | Processed | 03/06/2024 | Thibaut, J. |
| 70 | AFFIRMATION (Motion #2)<br>Affirmation of Settlement Conference Compliance | Processed | 03/06/2024 | Thibaut, J. |
| 71 | ORDER ( PROPOSED ) (Motion #2)<br>Judgment of Foreclosure and Sale | Processed | 03/06/2024 | Thibaut, J. |
| 72 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #2)<br>Affidavit of Mailing Notice of Motion for a Judgment of Foreclosure and Sale | Processed | 03/06/2024 | Thibaut, J. |
| 73 | JUDGMENT - SIGNED BY COURT TO COUNTY CLERK (Motion #2) | Processed | 05/06/2024 | Court User |
| 74 | JUDGMENT OF FORECLOSURE AND SALE | Processed | 05/07/2024 | Court User |
| 75 | NOTICE OF ENTRY<br>JUDGMENT OF FORECLOSURE AND SALE | Processed | 05/15/2024 | Khurana, J. |
| 76 | AFFIRMATION<br>Affirmation of Mailing, Notice of Entry | Processed | 05/15/2024 | Khurana, J. |
| 77 | NOTICE OF SALE<br>With Covid Policy | Processed | 06/06/2024 | Nardolillo, M. |
| 78 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Mailing-Notice of Sale | Processed | 06/06/2024 | Nardolillo, M. |
| 79 | NOTICE OF MOTION (Motion #3)  *Corrected*<br>Notice of motion to vacate and dismiss | Processed | 07/08/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 80 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) (Motion #3) *Corrected*<br>Fee Waiver | Processed | 07/08/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 81 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION)<br>Refile - Doc #80 had incorrect attachment | Processed | 07/08/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 82 | NOTICE OF REJECTION (Motion #3)<br>Notice of Return and Rejection of Pro Se Defendant's Improper Notice of Motion | Processed | 07/11/2024 | Monahan, S. |
| 83 | LETTER / CORRESPONDENCE TO JUDGE<br>Request for adjournment of motion and foreclosure sale | Processed | 07/11/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 84 | COURT NOTICE | Processed | 07/12/2024 | Court User |

NYSCEF

Orange County Supreme Court

**Document List**

**Index #   EF007269-2022**

Created on:12/02/2025 03:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 85 | LETTER / CORRESPONDENCE TO JUDGE (Motion #3)<br>Letter to Court Opposing Defendants' Request for Adjournment | Processed | 07/12/2024 | Monahan, S. |
| 86 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION (Motion #3)<br>Affirmation In Opposition To Defendants Motion To Dismiss | Processed | 07/12/2024 | Monahan, S. |
| 87 | EXHIBIT(S) - A (Motion #3)<br>A copy of the Order dismissing the Bankruptcy. | Processed | 07/12/2024 | Monahan, S. |
| 88 | NOTICE OF MOTION (Motion #4)  *Corrected*<br>Notice of motion to vacate and dismiss | Processed | 07/15/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 89 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) (Motion #4)<br>Fee Waiver | Processed | 07/12/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 90 | LETTER / CORRESPONDENCE TO JUDGE<br>JUDICIAL NOTICE OR LACK OF JURISDICATION OF THE COURT | Processed | 07/18/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 91 | NOTICE OF REJECTION (Motion #4)<br>Notice of Return and Rejection of Improper Judicial Notice | Processed | 07/19/2024 | Monahan, S. |
| 92 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #4)<br>Affirmation of Mailing of Notice of Rejection and Return of Improper Judicial Notice | Processed | 07/19/2024 | Monahan, S. |
| 93 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION (Motion #4)<br>Affirmation in Opposition to Defendants' Motion to Dismiss | Processed | 07/19/2024 | Monahan, S. |
| 94 | EXHIBIT(S) - A (Motion #4)<br>Order Dismissing Bankruptcy | Processed | 07/19/2024 | Monahan, S. |
| 95 | EXHIBIT(S) - B (Motion #4)<br>NOM to Discontinue (June 1, 2022) | Processed | 07/19/2024 | Monahan, S. |
| 96 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #4)<br>Affirmation of Mailing of Affirmation in Opposition to Defendant's Motion, with Exhibits | Processed | 07/19/2024 | Monahan, S. |
| 97 | NOTICE OF REMOVAL / REMAND (POST RJI)<br>*Corrected*<br>Notice of Removal to Federal Court | Processed | 07/22/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 98 | NOTICE OF REMOVAL / REMAND (POST RJI)<br>Notice of Removal to Federal Court | Processed | 07/22/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 99 | NOTICE OF BANKRUPTCY (POST RJI)<br>Notice of Bankruptcy | Processed | 07/22/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 100 | COURT NOTICE | Processed | 07/23/2024 | Court User |
| 100-1 | ATTACHMENT TO COURT NOTICE | Processed | 07/23/2024 | Court User |
| 101 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter Regarding Court Notice date July 23, 2024 | Processed | 07/23/2024 | Amelio, C. (Pro Hac / Pro Se) |

NYSCEF

Orange County Supreme Court

**Document List**

**Index #   EF007269-2022**      Created on:12/02/2025 03:31 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 102 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter to Court Regarding Bankruptcy | Processed | 07/24/2024 | Monahan, S. |
| 103 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service for Letter to Court | Processed | 07/24/2024 | Monahan, S. |
| 104 | NOTICE OF REJECTION<br>Notice of Rejection of Frivolous Notice of Removal | Processed | 07/29/2024 | Monahan, S. |
| 105 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 07/29/2024 | Monahan, S. |
| 106 | NOTICE OF REMOVAL / REMAND (POST RJI)<br>Notice of Remand - U.S. District Court, Southern District<br>of NY remanding action back to the Supreme | Processed | 08/28/2024 | Monahan, S. |
| 107 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Mailing - Notice of Remand | Processed | 08/28/2024 | Monahan, S. |
| 108 | OTHER COURT FILED DOCUMENT<br>Federal Court Docket | Processed | 08/28/2024 | Court User |
| 109 | NOTICE OF BANKRUPTCY (POST RJI)<br>Notice of Bankruptcy and Automatic Stay | Processed | 08/30/2024 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 110 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service | Processed | 08/30/2024 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 111 | DECISION + ORDER ON MOTION (Motion #3) | Processed | 11/06/2024 | Court User |
| 112 | DECISION + ORDER ON MOTION (Motion #4) | Processed | 11/06/2024 | Court User |
| 113 | LETTER / CORRESPONDENCE TO JUDGE<br>Bankruptcy Stay Lifted Letter | Processed | 11/13/2024 | Nardolillo, M. |
| 114 | NOTICE OF ENTRY<br>Decision and Order | Processed | 11/26/2024 | Famulari, J. |
| 115 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Mailing - Notice of Entry | Processed | 11/26/2024 | Famulari, J. |
| 116 | NOTICE OF APPEAL/INFORMATIONAL<br>STATEMENT/COPY OF ORDER/PROOF OF SERVICE<br>Notice of Appeal, Copy of Order, Informational<br>Statement, Affirmaiton of Service | Processed | 12/26/2024 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 117 | NO FEE AUTHORIZATION<br>(LETTER/ORDER/AFFIRMATION) | Processed | 12/26/2024 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 118 | REFEREE REPORT OF SALE | Processed | 12/02/2025 | Nardolillo, M. |
| 119 | FORECLOSURE ACTION SURPLUS MONIES FORM | Pending | 12/02/2025 | Nardolillo, M. |

# EXHIBIT B

NYSCEF

Appellate Division - 2nd Dept

**Document List**

**Appeal #   2025-00347**

Created on:12/02/2025 03:33 PM

Case Caption:   **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST v. ALFONSO AMELIO et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 1 | COPY OF NOTICE OF APPEAL WITH PROOF OF FILING / INFORMATIONAL STATEMENT / ORDER OR JDMT APPEALED FROM | Processed | 07/15/2025 | Court User |
| 2 | ORDER | Processed | 08/28/2025 | Court User |
| 3 | NOTICE OF MOTION W/SUPPORTING DOCUMENTS INCLUDING EXHIBIT(S) | Processed | 09/30/2025 | Court User |
| 4 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION *Corrected* | Processed | 10/10/2025 | Labeck, R. |
| 5 | | Deleted | | |
| 6 | LETTER OF WITHDRAWAL | Processed | 10/16/2025 | Court User |
| 7 | NOTICE OF MOTION W/SUPPORTING DOCUMENTS INCLUDING EXHIBIT(S) | Processed | 11/26/2025 | Court User |