UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST,

                    Plaintiff,

– against –

ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,

                    Defendants.

**ORDER**

25-cv-10022 (ER)

Ramos, D.J.:

      Carmine Amelio removed the above-captioned action from New York Supreme Court, County of Orange, to this court on December 2, 2025. Doc. 1. Amelio had attempted to remove a substantially similar action on July 22, 2024, in *Bank Trust National Association, as Trustee of Tiki Series V Trust v. Amelio et al*, 24-cv-05615 (CS). In that case, Judge Seibel issued an order remanding the case to the Supreme Court of the State of New York, County of Orange, noting that removal was improper because Amelio failed to provide written consent to removal from the other defendants. Here, the issue persists: there is no indication in the notice of removal that defendants Deborah J. Piazza or Roberta Perry consented to removal. *See* Doc. 1. Moreover, although the notice of removal purports to be on behalf of Carmine Amelio, Alfonso Amelio, and Paul Amelio, only Carmine Amelio signed the notice.

      In addition, Defendants failed to attach the underlying state court complaint (Index No. EF007269-2022). Accordingly, the Court is unable to determine whether federal question jurisdiction exists. *Empire State Bus Corp. v. Local 854 Health & Welfare Fund*, No. 21-cv-

10471 (LJL), 2023 WL 1966210, at *10 (S.D.N.Y. Feb. 13, 2023) ("[I]t is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction") (quoting *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952)).

Moreover, it appears that this court lacks diversity jurisdiction. 28 U.S.C. § 1441(b)(2) (noting that an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Here, the notice of removal expressly states that Carmine Amelio, Alfonso Amelio, Paul Amelio, and Deborah J. Piazza are citizens of New York. Doc. 1 at 6.

Accordingly, it is hereby ORDERED that this action be REMANDED to the Supreme Court of the State of New York, County of Orange.

SO ORDERED.

Dated:   December 5, 2025
         New York, New York

_____
Edgardo Ramos, U.S.D.J.