

A Limited Liability Partnership formed in the State of New York

85 Broad Street, Suite 501, New York, NY 10004
Telephone: (212) 471-5100 | Facsimile: (212) 471-5150

December 5, 2025

*Via ECF*
Hon. Edgardo Ramos
United States District Court, Southern District of New York

> RE:    **U.S. Bank Trust National Association, as trustee of Tiki Series V Trust v.**
>        **Alfonso Amelio, Carmine Amelio, Paul Amelio, *et al*.**
>        **Case No.:        1:25-cv-10022-ER**
>        **File No.:        220710**

Dear Hon. Ramos,

We represent Plaintiff U.S. Bank Trust National Association, as trustee of Tiki Series V Trust. We write to request that the Court remand this action back to the New York Supreme Court, Orange County as the notice of removal was untimely, the District Court lacks subject matter jurisdiction, the case was remanded when Defendants previously attempted to remove it, and the State Court Action is no longer pending. In the alternative, we request that the Court schedule a pre-motion conference for a motion to remand this action back to the New York Supreme Court, Orange County, and for sanctions against Defendants for their frivolous notice of removal.

### A.  Background

On December 19, 2022, Plaintiff commenced this foreclosure action in New York Supreme Court, Orange County, to foreclose on a Note executed by Carmine Amelio as attorney in fact for Alfonso Amelio (hereinafter "Borrower") and Mortgage executed by Carmine Amelio as attorney in fact for Alfonso Amelio, Carmine Amelio and Paul Amelio secured by the property known as 17 Grant Street, Middletown, NY 10940 (hereinafter "Mortgaged Premises"). *See* Docket No. 1, pp 20-170.  The Defendants defaulted on the Note and Mortgage by failing to make the monthly installment payment due May 1, 2015.

Defendants failed to timely appear and on September 26, 2023, Plaintiff filed a motion for a default judgment and order of reference. Defendants did not oppose Plaintiff's motion. On December 18, 2023, the Court granted Plaintiff's motion and entered a default judgment and order of reference. On March 6, 2024, Plaintiff filed a motion for a judgment of foreclosure and sale. Defendants did not oppose Plaintiff's motion. On May 7, 2024, the Court granted Plaintiff's motion and entered a judgment of foreclosure and sale. *See* Docket No. 1, pp. 204-216.

Plaintiff scheduled a foreclosure sale for July 22, 2024. On July 5, 2024, Defendants filed a motion to dismiss that failed to give Plaintiff timely notice of the motion. On July 12, 2024, Defendants requested an adjournment of their motion to dismiss. In response, the Supreme Court advised that the judge was not available and would not see the request until after July 22, 2024. On July 15, 2024, Defendants re-filed their motion to dismiss with a proper return date. On July 20, 2024, Plaintiff filed an opposition. On November 24, 2024, the Supreme Court denied Defendants' motion to dismiss.

On July 22, 2024, the Mortgaged Premises sold at the foreclosure sale to a third party.

On July 22, 2024, the same day as the foreclosure sale, Defendants filed a notice of removal in New York Supreme Court, Orange County. The Federal Action was assigned Case No,. 7:24-cv-05615-CS. On August 2, 2024, Plaintiff filed a letter requesting a pre-motion conference for a motion to remand. On August 5, 2025, the Court issued an order to show cause to Defendants ordering Defendants to show cause in writing why the action should not be remanded for being untimely, for failing to have consent from all defendants for removal, and for lack of jurisdiction. On August 22, 2024, the action was remanded back to New York Supreme Court, Orange County.

On December 2, 2025, 16 months after the Mortgaged Premises was sold to a third party at the foreclosure sale, Defendants filed a second notice of removal in New York Supreme Court, Orange County.

### B. This Action Should be Remanded back to State Court as the Foreclosure Action is Final

This action should be remanded back to state court as the foreclosure action is final. A foreclosure action becomes final after the entry of a judgment of foreclosure and the valid sale of the property at auction. *Sakala v Bank of New York Mellon*, 172 AD3d 640 (1st Dept 2019). Here, a judgment of foreclosure and sale was entered May 7, 2024, and the Mortgaged Premises was sold at a foreclosure sale on July 22, 2024. Accordingly, the foreclosure action is final.

### C. This Action Should be Remanded back to State Court as the Notice of Removal was Untimely and the District Court Lacks Subject Matter Jurisdiction

Notwithstanding that the action is final, this action should be remanded back to state court as Defendants' notice of removal was untimely, not all defendants have joined or consented to removal, and the District Court lacks subject matter jurisdiction.

Pursuant to 28 USC § 1446(b), a notice of removal shall be filed within 30 days after receipt by the defendant of a copy of the initial pleading. The 30-day time period begins to run when the last defendant is served. *Pietrangelo v Alvas Corp.*, 686 F3d 62 (2d Cir 2012). The 30-day time period is mandatory, and an untimely notice of removal requires the case be remanded. *Burr ex rel. Burr v Toyota Motor Credit Co.*, 478 F Supp 3d 432 (SDNY 2006). Here, the last defendant was served on April 14, 2023. Defendants did not file their notice of removal until December 2, 2025, over 31 months after the last defendant was served. Accordingly, Defendants' notice of

removal is untimely and this case must be remanded back to the New York State Supreme Court, Orange County.

All defendants properly joined and served must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Here, the notice of removal was purportedly filed by defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio. However, it is only signed by Carmine Amelio. There is no indication that Alfonso Amelio and Paul Amelio have given their consent to removal, and as a non-attorney Carmine Amelio is not permitted to represent them in federal court. *KLA v. Windham Se. Supervisory Union*, 348 F. App'x 604, 605-06 (2d Cir. 2009). Defendants Deborah Piazza and Roberta Perry are not mentioned at all in the notice of removal, and their consent is required for removal. Accordingly, this case must be remanded back to the New York State Supreme Court, Orange County.

The District Court also lacks subject matter jurisdiction. When the district court lacks subject matter jurisdiction, the case shall be remanded. 28 USC § 1447(c).

Defendants' notice of removal seeks removal pursuant to both 28 USC § 1441(a) and 28 USC § 1441(b). 28 USC § 1441(a) provides for removal where the district court has original jurisdiction. 28 USC § 1441(b) provides for removal on the basis of diversity jurisdiction.

For the District Court to have original jurisdiction, the action must arise under the Constitution, laws, or treaties of the United States. 28 USC § 1331. A defendant may not remove a case to federal court under 28 USC § 1331 unless the plaintiff's complaint establishes that the case arises under federal law. *Franchise Tax Bd. of State of Cal. v Constr. Laborers Vacation Tr. for S. California*, 463 US 1, 103 S Ct 2841, 77 L Ed 2d 420 (1983). A foreclosure action is a state law claim and does not present a federal question. *MB Fin. Bank, N.A. v 56 Walker, LLC*, 11 CIV. 5538 JGK, 2011 WL 6338808 (SDNY Dec. 19, 2011). An action may not be removed to federal court based on an alleged defense or counterclaim. *Caterpillar Inc. v Williams*, 482 US 386, 107 S Ct 2425, 96 L Ed 2d 318 (1987); *Town of Southold v Go Green Sanitation, Inc.*, 949 F Supp 2d 365 (EDNY 2013). Furthermore, when an action is removable solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 USC 1446(b)(2)(A); *56 Walker,* 2011 WL 6338808.

Here, Plaintiff commenced this foreclosure action pursuant to state law and Plaintiff's foreclosure action does not arise under federal law. Defendants base their section 1441(a) removal on their alleged defenses and counterclaims, and alleged delays by the Appellate Division, Second Department that Defendants claim violate the First and Fourteenth Amendments, and the American with Disabilities Act. Defendants' alleged defenses and counterclaims cannot be the basis for removal. The timeline of extension requests provided by Defendants demonstrates that the purported delays in the Appellate Division, Second Department are not due to the deprivation of any of Defendant's rights, but due to Defendant's inability to follow the same timelines and procedures that all parties must follow. Defendants claim impropriety because they requested a 90 day extension of time to perfect but were only given 60 days, requested a 60 day extension and were only given 30, and when they requested a third 60 day extension they were directed to file a motion. Pursuant to rule 1250.9 (b) of the Practice Rules of the Appellate Division, an appellant may apply by letter to extend the time to perfect an appeal up to 60 days. They can request a second

extension for up to an additional 30 days. Any further extension shall be made by motion. Accordingly, the Appellate Division, Second Department did not deprive Defendants of their rights, but followed the Practice Rules of the Appellate Division. Therefore, there is no federal question and the District Court lacks subject matter jurisdiction pursuant to section 1331.

An action may not be removed to federal court under 28 USC § 1332(a) if any defendant is a citizen of the State in which the action is brought. 28 USC § 1441(b)(2). Defendant Roberta Perry s/h/a Jane Doe #1 is a citizen of New York. *See* Docket No. 1, p. 171. Accordingly, the District Court lacks subject matter jurisdiction pursuant to section 1332(a) and this case must be remanded.

### D.  Plaintiff Should be Awarded Costs and Attorney's Fees and Defendants Should be Enjoined from Filing any Further Notices of Removal

Pursuant to 28 USC § 1447(c), when a case is remanded the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal." An award is appropriate when there is the absence of any reasonable basis for the removal. *Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532*, 867 F Supp 245 (SDNY 1994). As discussed, there is no reasonable basis for the removal of this action. Furthermore, Defendants already removed the action once and it was promptly remanded. Defendant's second removal suffers from the same deficiencies as the first one. The Court should also enjoin Defendants from filing any further notices of removal. An injunction is appropriate when a defendant files multiple frivolous notices of removal to prevent the defendant form abusing the court system by harassing their opponents. *See* 28 USC § 1651(a); *U.S. Bank N.A. v Jefferson*, 314 F Supp 3d 768 (SD Tex 2018).

Accordingly, we request that the Court remand this action back to the New York Supreme Court, Orange County, award Plaintiff costs and attorney's fees, and enjoin Defendants from filing any further notices of removal. In the alternative, we request that the Court schedule a pre-motion conference for a motion to remand.

We thank the Court for Your Honor's time and consideration herein. Should you have any questions, please do not hesitate to contact the undersigned.

Respectfully submitted,

*/s Sean K. Monahan*

Sean K. Monahan, Esq.

Cc:
　Carmine P. Amelio　　　　Paul Amelio
　32 Main Street　　　　　　37 Main Street #337
　New Milford, CT 06776　　New Milford CT 06776

　Alfonso Amelio
　160 East 89th Street, Apt 4F
　New York, NY 10128

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION, AS          Case No. 1:25-cv-10022-ER
TRUSTEE OF TIKI SERIES V TRUST,

**CERTIFICATE OF SERVICE**

                                          Plaintiff

                    -against-

ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; et al

                                          Defendants
-------------------------------------------------------------------X

      Tristan Villanueva, hereby affirms pursuant to 29 CFR 18.30(a)(3) that:

      On December 8, 2025, I served a true copy of the annexed PRE-MOTION CONFERENCE REQUEST LETTER by sending a copy by USPS First Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Paul Amelio
37 Main Street #337
New Milford, CT 06776
Delivery Method: USPS First Class Mail

Alfonso Amelio
60 East 89th Street, Apt 4F
New York, NY 10128
Delivery Method: USPS First Class Mail

Alfonso Amelio
32 Main Street
New Milford, CT 06776
Delivery Method: USPS First Class Mail

I affirm this 8th day of December, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Tristan Villanueva
12/08/2025