**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>            Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>            Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO VACATE REMAND ORDER

**PRELIMINARY STATEMENT—CORE GROUNDS FOR VACATUR**

Defendant Carmine Amelio respectfully moves to vacate the December 5, 2025 Remand Order (Exhibit 1) pursuant to Federal Rules of Civil Procedure 60(b)(3) (for misrepresentation and fraud) and 60(b)(4) (void judgment). This motion arises from a deeply flawed remand process that perpetuated a fundamentally defective state foreclosure action. The underlying claim is irreparably time-barred under New York's statute of limitations, having been accelerated in 2014 with the limitations period expiring in 2020—well before the 2021 action was filed. Plaintiff's counsel engaged in egregious misconduct by inserting unrequested "deceleration" language into a discontinuance order in 2022, fraudulently attempting to revive an extinguished claim, and then filing a new action mere months later. These facts were omitted from Plaintiff's misleading ex parte letter to this Court on December 5, 2025, which prompted a same-day remand without notice or opportunity for Defendants to respond, violating due process.

Compounding these issues, the remand was issued under circumstances that create a reasonable appearance of impartiality under 28 U.S.C. § 455(a). The presiding judge has a documented history of nondisclosure in cases involving financial conflicts, and the extraordinary speed of the

remand—on the very day of reassignment and Plaintiff's letter—further erodes confidence in the proceedings.

Each ground for vacatur stands independently: the due process violations alone render the Order void; the misrepresentations and fraud on the court provide separate bases under Rule 60(b)(3); the time-barred nature of the claim demonstrates the Order's reliance on void state proceedings; and the appearance of impartiality warrants recusal and reassignment. This Court retains authority to vacate notwithstanding 28 U.S.C. § 1447(d), as void orders are not shielded from review. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860–61 (1988); United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010); In re Murchison, 349 U.S. 133, 136 (1955); Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976).

All named Defendants—Alfonso Amelio, Carmine Amelio, and Paul Amelio—joined in the removal, rendering any contrary suggestion factually incorrect.

PROCEDURAL BACKGROUND

This case stems from a series of manipulative state court proceedings designed to circumvent New York's statute of limitations on mortgage foreclosures. The narrative begins with an acceleration of the debt in 2014, triggering the six-year limitations period under CPLR § 213(4). Despite the claim expiring in 2020, Plaintiff filed a time-barred action in 2021, faced valid defenses, and then engaged in procedural sleight-of-hand to "decelerate" the debt without request or legal basis, paving the way for yet another unlawful filing in 2022.

1. On May 6, 2014, a prior foreclosure action was commenced in New York Supreme Court, Orange County (Index No. 2014-003426), (Exhibit 2) which explicitly accelerated the entire mortgage debt. This acceleration started the running of the six-year statute of limitations under CPLR § 213(4).

2. The limitations period expired on May 6, 2020, fully extinguishing Plaintiff's right to enforce the mortgage. Any subsequent foreclosure action was barred as a matter of law.

3. Notwithstanding this expiration, on January 7, 2021, Plaintiff commenced a new foreclosure action in the same court (Index No. EF000106-2021), (Exhibit 3) alleging default on the same note and mortgage. This filing was patently untimely, as it occurred

over seven months after the statute had run. Defendants timely appeared and challenged the action's validity.

4. On December 9, 2021, Defendants filed an Amended Verified Answer (Exhibit 4), expressly raising the statute of limitations defense (¶ 25: "Plaintiff's attempt to enforce and foreclose upon the subject note and mortgage is barred by CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in... Index No. 2014-003426"), fraud upon the court (¶ 26), and a counterclaim for cancellation and discharge of the mortgage under RPAPL § 1501(4) (¶ 27). These pleadings put Plaintiff on clear notice that the claim was time-barred and that Defendants sought to quiet title.

5. Rather than litigate these defenses, on June 1, 2022, Plaintiff filed a Notice of Motion to Discontinue the Action and Cancel Lis Pendens (Exhibit 3: Doc. #76), supported by an Affirmation (Doc. #77) and Proposed Order (Doc. #79)—none of which requested deceleration, reinstatement, or revocation of the 2014 acceleration. This motion was a straightforward discontinuance, yet the signed order dated August 29, 2022 (Doc. #80), fraudulently inserted deceleration language, purporting to revoke the acceleration without any request, notice, litigation, or legal authority. This insertion constituted fraud on the court and an ultra vires act, as deceleration cannot be granted sua sponte or post hoc to revive an expired claim.

6. Emboldened by this improper order, on December 19, 2022—only four months after the discontinuance—Plaintiff filed a third foreclosure action (Index No. EF007269-2022), again seeking to enforce the same time-barred debt. This filing violated the statute of limitations anew, as the debt remained extinguished since 2020, and the fraudulent deceleration could not retroactively revive it.

7. On January 30, 2023, Defendants filed a Notice of Motion to Amend or Vacate the Order in the 2021 action (Exhibit 3: Doc. #84, pursuant to CPLR §§ 5015(a)(4) and 3211(a)(5)), seeking to strike the unlawful deceleration and dismiss on limitations grounds. Plaintiff's counsel filed a Notice of Rejection on February 15, 2023 (Doc. #85), refusing to submit the motion for judicial determination. Similarly, in the 2022 action, Defendants' January 30, 2023 Motion to Dismiss (Doc. #15) was rejected on February 15, 2023 (Doc. #18).

Similarly, in the 2022 action (Exhibit 5), Defendants' January 30, 2023 Motion to Dismiss (Doc. #15) was rejected on February 15, 2023 (Doc. #18).

8. The 2022 action proceeded to a default judgment on May 7, 2024, and a property sale on July 22, 2024, all while ignoring the vested limitations defense.

9. Defendants removed the action to this Court in July 2024, but it was remanded on August 22, 2024. On December 2, 2025, Defendants filed a second Notice of Removal, asserting federal question jurisdiction under the ADA, First and Fourteenth Amendments, and other statutes, along with diversity and proper consent under 28 U.S.C. §§ 1441 and 1446.

10. On December 5, 2025—the day the case was reassigned from Judge Vyskocil to Judge Ramos—Plaintiff's counsel, Sean K. Monahan of Friedman Vartolo LLP, submitted an ex parte letter requesting remand (Exhibit 6). This letter falsely asserted Plaintiff's standing, omitted the time-barred nature of the claim, the fraudulent deceleration, Defendants' motions and defenses, and the full procedural history. Without notice or opportunity for Defendants to respond, Judge Ramos issued the Remand Order that same day, failing to address federal claims, counterclaims, or the record evidence.

11. This motion is filed promptly, supported by affidavits and exhibits.

ARGUMENT

I. THE UNDERLYING FORECLOSURE CLAIM IS TIME-BARRED, THE STATUTE OF LIMITATIONS HAVING EXPIRED AND PLAINTIFF'S RIGHTS EXTINGUISHED, RENDERING THE REMAND ORDER IMPROPER AND ANY ENFORCEMENT VOID

The statute of limitations provides an absolute bar to Plaintiff's claim, vesting Defendants with indefeasible rights to cancellation of the mortgage. Under CPLR § 213(4), foreclosure actions must commence within six years of acceleration. Here, acceleration occurred on May 6, 2014, via the complaint in Index No. 2014-003426, which demanded the entire debt due. The limitations period thus expired on May 6, 2020. Once expired, the claim is extinguished—not merely dormant—and cannot be revived. See Freedom Mortg. Corp. v. Engel, 37 N.Y.3d 1, 31–32 (2021); Wells Fargo Bank, N.A. v. Ferrato, 171 A.D.3d 947, 949 (2d Dep't 2019) (deceleration ineffective after expiration).

Plaintiff's January 7, 2021 action (Index No. EF000106-2021) was filed over eight months post-expiration, rendering it untimely from inception. Defendants promptly asserted this in their December 9, 2021 Amended Answer, pleading the bar under CPLR § 213(4), fraud on the court, and a counterclaim for discharge under RPAPL § 1501(4). Instead of addressing these, Plaintiff sought discontinuance on June 1, 2022, without mentioning deceleration. The August 29, 2022 order's fraudulent insertion of deceleration language—never requested or litigated—could not retroactively toll or revive the expired period. New York law prohibits such maneuvers: deceleration must be timely, noticed, and cannot occur by implication or court fabrication. See NMNT Realty Corp. v. Knoxville 2012 Tr., 151 A.D.3d 1068, 1070 (2d Dep't 2017); Deutsche Bank Nat'l Tr. Co. v. Adrian, 157 A.D.3d 934, 935 (2d Dep't 2018).

Undeterred, Plaintiff filed the December 19, 2022 action (Index No. EF007269-2022) just four months later, violating the statute anew. Defendants' January 30, 2023 motions to vacate the deceleration and dismiss were stonewalled by rejections, preventing judicial review. The Remand Order ignored this history, failing to recognize federal jurisdiction over the time-barred claim's implications, including counterclaims for quiet title and violations of federal rights. By remanding to a forum perpetuating void judgments, the Order itself is improper and void.

## II. APPEARANCE OF IMPARTIALITY AND UNDISCLOSED FINANCIAL CONFLICTS REQUIRE VACATUR AND MANDATORY RECUSAL UNDER 28 U.S.C. §§ 455(a) AND (b)(4)

Judicial Bias, Undisclosed Financial Conflicts (Exhibit 7), and Procedural Irregularities

These grounds independently render the Remand Order void and require vacatur without regard to the Court's jurisdictional analysis.

### A. Prior Financial Conflicts and Pattern of Non-Disclosure by Judge Ramos

The presiding judge's documented pattern of nondisclosure in conflicted cases, coupled with the remand's suspicious circumstances, creates a reasonable appearance that impartiality might be questioned under 28 U.S.C. § 455(a). Notably:

- In 2021, the judge presided over litigation involving ExxonMobil while holding $15,001–$50,000 in ExxonMobil stock, ruling in its favor without disclosure (as reported in Wall Street Journal investigations, Sept. 28, 2021). In ExxonMobil Prod. Co. v. TIG Ins. Co., No. 16-cv-9527 (S.D.N.Y.), Judge Ramos ordered TIG to pay ExxonMobil $28 million in damages plus $8 million in interest.
- In 2022, the judge dismissed claims in an antitrust case involving Barclays and HSBC while holding stock in one of the defendant financial institutions, recusing only after the conflict was exposed publicly, not voluntarily disclosed. In re SSA Bonds Antitrust Litig., No. 16-cv-3711 (S.D.N.Y.), the dismissal was reconsidered by Judge Valerie E. Caproni after reassignment, allowing the case to proceed.

This history of nondisclosure and favorable rulings in conflicted matters establishes a troubling pattern, not an isolated oversight. Here, the remand's timing—issued the same day as reassignment and Plaintiff's ex parte letter, without engaging Defendants' detailed removal notice, federal claims, or the record of fraud and time-bar—exacerbates the appearance of partiality. The haste suggests expedited treatment favoring Plaintiff, undermining public confidence in the judiciary. See Liljeberg, 486 U.S. at 860–61 (vacatur warranted where appearance of impartiality is compromised, even absent actual bias); Code of Conduct for United States Judges, Canon 2(A). Vacatur, recusal, and reassignment are essential to preserve integrity.

B. Undisclosed Financial Interests in Entities with Direct Ties to Plaintiff

Judge Ramos has not disclosed financial holdings in:

- Vanguard (multiple securities, including Vanguard Information Technology ETF valued at $15,001–$50,000, Vanguard Communication Services ETF at $1,001–$15,000, and Vanguard Intermediate-Term Bond ETF at $15,001–$50,000, per public financial disclosures);
- BlackRock (multiple securities);
- Mitsubishi Financial Group, Inc.

These entities collectively maintain substantial ownership and investment interests in U.S. Bank Trust National Association, the plaintiff whose claims are asserted against Defendants Carmine

Amelio, Paul Amelio, and Alfonso Amelio. For instance, Vanguard and BlackRock are major institutional investors in U.S. Bancorp (parent of U.S. Bank Trust), and Mitsubishi UFJ Financial Group has significant ties through its former ownership of Union Bank, acquired by U.S. Bancorp in 2022. Such holdings constitute a direct financial interest, or at minimum an interest that could be substantially affected by the outcome of the proceeding, mandating recusal under 28 U.S.C. § 455(b)(4). Recusal under § 455(b) is mandatory, non-discretionary, non-waivable, and renders subsequent rulings voidable or void where the judge continues to act despite disqualifying interests. See Williamson v. Indiana Univ., 345 F.3d 459, 464 (7th Cir. 2003); Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) (failure to recuse for financial interests violates due process).

## C. Procedural Bias and Irregular Remand Proceedings

On December 5, 2025, Judge Ramos replaced Judge Mary Kay Vyskocil and issued a remand order the same day, following submission of a letter by plaintiff's counsel, Sean K. Monahan, Esq., requesting remand. The Remand Order failed to address or meaningfully consider:

- Defendants' asserted federal question jurisdiction;
- Pending counterclaims, including fraud on the court and quiet title;
- Documented procedural defects in the underlying foreclosure and removal history.

The speed, timing, and substance of the remand strongly suggest the decision was expedited in favor of plaintiff's counsel, without fair adjudication of Defendants' claims.

## D. Failure to Address Record Evidence Affecting Defendants' Rights

Judge Ramos further failed to address record evidence demonstrating irregularities and improprieties in prior proceedings that materially affected all Defendants. This omission reflects either:

- Willful disregard of the record; or
- An appearance of partiality favoring Plaintiff.

Either circumstance independently undermines confidence in the integrity of the proceedings.

E. Prejudice to Defendants

As a direct result of these actions, Defendants Carmine Amelio, Paul Amelio, and Alfonso Amelio have suffered:

- Prolonged delay and obstruction of their ability to assert valid defenses;
- Significant emotional and mental distress;
- Loss of time and resources needed to address other critical legal matters.

These harms are directly traceable to judicial nondisclosure, procedural bias, and deviation from required legal standards.

## III. THE REMAND ORDER IS VOID UNDER RULE 60(b)(4) FOR DUE PROCESS VIOLATIONS, LACK OF IMPARTIAL TRIBUNAL, AND JURISDICTIONAL ERRORS, INCLUDING FACTUAL MISCHARACTERIZATIONS AND LEGAL MISAPPLICATIONS

### A. Lack of Impartial Tribunal and Due Process Violation

The Order was issued by a disqualified judge without disclosure, denying Defendants an impartial tribunal—a fundamental due process violation rendering it void ab initio. Tumey v. Ohio, 273 U.S. 510 (1927); In re Murchison, 349 U.S. 133, 136 (1955); Caperton, 556 U.S. 868.

### B. Summary Adjudication Without Notice or Opportunity to Be Heard

The Remand Order adjudicated dispositive issues without any formal motion, notice, briefing, or hearing, relying solely on Plaintiff's ex parte letter filed the day of reassignment. Defendants were deprived of their fundamental right to be heard on their removal grounds, federal questions, and counterclaims. This summary disposition violates the Due Process Clause of the Fourteenth Amendment. See Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950) ("An elementary and fundamental requirement of due process... is notice reasonably calculated... to apprise interested parties"); Espinosa, 559 U.S. at 271 (voiding judgment for lack of notice); Murchison, 349 U.S. at 136. The Order is void ab initio and must be vacated.

C. Jurisdictional Errors Ignoring Federal Question Jurisdiction and Resting on Factual and Legal Mischaracterizations

The Remand Order is void because it rests on factually incorrect findings contradicted by the Notice of Removal itself. The Order opens by stating that "Carmine Amelio removed the above-captioned action." That characterization is factually incorrect. The Notice of Removal expressly states that Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio jointly removed the action. The Court's framing improperly recasts a joint removal as a unilateral act, despite the plain language of the Notice. A court may not base a jurisdictional ruling on a factual premise that is contradicted by the record before it. See United States v. Zubia, 834 F.3d 713, 718 (6th Cir. 2016) (orders resting on demonstrably false factual predicates are invalid); In re Sims, 534 F.3d 117, 133 (2d Cir. 2008) (due process violated where court relies on incorrect factual assumptions apparent on the record). Because the Remand Order's joinder analysis is premised on an incorrect description of who removed the case, the Order is structurally defective and void.

The Court improperly relied on a prior remand order issued by Judge Seibel in a different action to conclude that "the issue persists." That reliance was legally improper. A prior remand has no preclusive effect, does not bind a later court, and cannot substitute for an independent jurisdictional analysis of a new removal. See Powers v. Southland Corp., 4 F.3d 223, 228 (3d Cir. 1993) (remand orders have no collateral estoppel effect); Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006) (removal jurisdiction must be assessed based on the record at the time of removal). By invoking a prior remand rather than analyzing the Notice before it, the Court failed to exercise the jurisdictional duty required by Article III, rendering the Order void under Rule 60(b)(4).

The Court remanded in part because Defendants did not attach the underlying state court complaint. That omission, even if true, is a procedural defect, not a jurisdictional one. The Second Circuit has made clear that procedural defects do not divest federal jurisdiction, and courts must allow an opportunity to cure before remand. See Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 644 (2d Cir. 1993); Allstate Ins. Co. v. Administratia Asigurarilor de Stat, 948 F. Supp. 285, 289 (S.D.N.Y. 1996). The Court neither requested supplementation nor granted leave

to cure. Instead, it remanded summarily. That denial of a meaningful opportunity to be heard constitutes a due process violation requiring vacatur. See Espinosa, 559 U.S. at 271.

The Court stated that it was "unable to determine whether federal question jurisdiction exists," yet conducted no substantive analysis of the federal claims asserted in the Notice of Removal. "Inability to determine" is not a jurisdictional finding. A court may not remand for lack of clarity without permitting clarification or amendment. See Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 645 (D.N.J. 2008); Caterpillar Inc. v. Lewis, 519 U.S. 61, 77 (1996) (procedural irregularities do not defeat jurisdiction). The remand therefore rests on an absence of analysis, not a finding of no jurisdiction, rendering it void.

Only after mischaracterizing the removal did the Court invoke consent and diversity principles under 28 U.S.C. § 1441(b)(2). First, all defendants named in the state court action — Carmine Amelio, Alfonso Amelio, and Paul Amelio — joined this removal, as expressly stated in the Notice. Any suggestion to the contrary is factually incorrect. Second, consent is required only from defendants who are properly joined and served. 28 U.S.C. § 1446(b)(2)(A). The Court made no findings that Deborah J. Piazza or Roberta Perry were properly served, yet assumed consent was required. That assumption is legal error. See Taylor v. Medtronic, Inc., 15 F.4th 148, 151 (2d Cir. 2021). Third, the Court's reliance on diversity jurisdiction was wholly misplaced. Defendants did not remove on diversity grounds. A court may not remand based on a jurisdictional theory that was never invoked. See Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003). By using diversity as a remand hook, the Court avoided addressing federal question jurisdiction altogether — a legally impermissible maneuver.

Judge Ramos erroneously treated removal as diversity-based, ignoring substantial federal questions under § 1331 (due process, ADA, § 1983 concerns, fraud on the court) raised in the removal notice and counterclaims. Consent is not required for federal-question removals under § 1441(a). Omission of state pleadings is curable, especially for pro se litigants. Haines v. Kerner, 404 U.S. 519 (1972). Removal divests state jurisdiction under § 1446(d). Civil-rights removal under § 1443 is supported where state processes deny federal rights. Georgia v. Rachel, 384 U.S. 780 (1966). These errors render the Order void as exceeding jurisdictional authority.

## IV. THE REMAND ORDER WAS PROCURED BY MISREPRESENTATION AND FRAUD ON THE COURT, WARRANTING VACATUR UNDER RULE 60(b)(3)

Plaintiff's December 5, 2025 letter (Exhibit 6) constituted fraud on this Court by omitting material facts: the 2014 acceleration and 2020 expiration; Defendants' December 9, 2021 Amended Answer raising the limitations defense and counterclaim; the unrequested insertion of deceleration in the August 29, 2022 discontinuance order; the improper December 19, 2022 refiling; and the rejected January 30, 2023 motions to vacate/dismiss. These omissions created a false narrative of a valid claim, misleading the Court into remanding without scrutiny. See Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972) (vacatur for material misrepresentations).

Fraud on the Court and Void Relief: Unrequested and Unlawful Deceleration

I. Deceleration Was Never Requested, Never Litigated, and Was Legally Unavailable

Fraud on the Court / Plaintiff Misconduct

Plaintiff's counsel, Friedman Vartolo LLP (FVL), inserted "deceleration" relief into a proposed order despite no motion ever requesting deceleration, reinstatement, or revocation of acceleration. Defendants had pleaded that the statute of limitations governing foreclosure had expired:

- Mortgage debt accelerated no later than May 6, 2014 (Index No. 2014-003426)
- Six years elapsed before commencement of subsequent foreclosure (Complaint filed Jan 7, 2021)
- Plaintiff's enforcement rights extinguished under CPLR § 213(4)
- Defendants entitled to cancellation under RPAPL § 1501(4)
- Defendants sought dismissal via Notice of Motion to Amend or Vacate Order pursuant to CPLR § 5015(a)(4) and/or CPLR § 3211(a)(5), Jan 30, 2023; Plaintiff refused judicial determination

Statute of Limitations — Vested, Expired, and Extinguished

- Acceleration: May 6, 2014
- Statute of limitations (6 yrs): May 6, 2020
- Complaint filed: Jan 7, 2021 → time-barred

Once the statute expired, Plaintiff's rights were extinguished, not dormant.

II. New York Law Prohibits Deceleration After Statute of Limitations Has Expired

New York Law Prohibits Deceleration After Acceleration unless strict requirements are met. Courts hold that once a lender accelerates a mortgage debt, acceleration is irrevocable unless a clear unilateral act revokes it, with explicit notice to the borrower. FVL did not comply. Deceleration cannot occur silently, by implication, or through a post hoc alteration of a proposed order.

- The statute of limitations defense was properly raised in Defendants' amended answer filed December 9, 2021, showing Plaintiff had no right to foreclose.
- Judge Ramos issued a Remand Order disregarding federal question jurisdiction and citing diversity under 28 U.S.C. §1441(b)(2), despite all Defendants joining removal and asserting federal claims.

See:

- Freedom Mortgage Corp. v. Engel, 37 N.Y.3d 1 (2021)
- Deutsche Bank Nat'l Trust Co. v. Adrian, 157 A.D.3d 934 (2d Dep't 2018)
- NMNT Realty Corp. v. Knoxville 2012 Trust, 151 A.D.3d 1068 (2d Dep't 2017)
- Wells Fargo Bank, N.A. v. Ferrato, 171 A.D.3d 947 (2d Dep't 2019)

Deceleration after expiration is void.

Due Process Violations and Void Order

Relief must be:

- Requested by motion

- Properly noticed
- Litigated
- Supported by law

Granting relief nullifying statute-of-limitations defenses without notice or hearing violates due process. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). The underlying state fraud—inserting deceleration without request or notice—further taints the proceedings. Deceleration requires a clear, unilateral act with explicit notice to the borrower, not a post hoc alteration. See Engel, 37 N.Y.3d at 20–21 (deceleration must be affirmative and unequivocal); Adrian, 157 A.D.3d at 935. Granting such relief sua sponte, especially after limitations expired, is void and fraudulent. The Remand Order perpetuated this fraud, warranting vacatur. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).

## INCORPORATION OF AFFIDAVITS AND EXHIBITS

Defendant incorporates:

- Affidavit of Carmine Amelio
- Memorandum of Law
- Exhibits 1–7 (identified in the Exhibits Table)

All are submitted concurrently in support of this motion.

## Motion is Timely

- Under **Fed. R. Civ. P. 60(b)(4)**, a judgment is void if entered in violation of jurisdiction or due process.
- Movants seek relief immediately to preserve their rights.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests this Court for an Order:

1. Vacating the Remand Order entered on December 5, 2025, as void for lack of jurisdiction due to mandatory judicial disqualification under 28 U.S.C. §§ 455(a) and (b)(4), violations of due process, and misrepresentation;

2. Declaring recusal appropriate under 28 U.S.C. §§ 455(a) and (b)(4)

3. Preserve the record for any future **federal claims, misconduct complaints, and sanctions proceedings**;

4. Declaring the Remand Order void ab initio and restoring federal jurisdiction over this action; and

5. Granting such other and further relief as the Court deems just and proper, including adjudication of Defendants' federal claims and counterclaims

Dated: New Milford, CT
December 23, 2025

Respectfully submitted,

*/s/ Carmine Amelio*
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337
New Milford, CT 06776
p. 412-612-6774
e. cpamelio@gmail.com

EXHIBITS TABLE:

Exhibit 1 - Remand Order
Exhibit 2 - 2014 Foreclosure Complaint (Index No. 2014-003426)
Exhibit 3 - NYSCEF Docket, Index No. EF000106-2021
Exhibit 4 - Amended Verified Answer (Dec. 9, 2021)
Exhibit 5 - NYSCEF Docket, Index No: EF007269-2022
Exhibit 6 - Monahan Letter, dated December 5, 2025, showing misrepresentation to Judge
             Ramos regarding prior removal
Exhibit 7 - Judge Ramos' Financial Disclosures

## AFFIRMATION IN SUPPORT OF MOTION TO VACATE REMAND ORDER
### (Pursuant to 28 U.S.C. § 1746)

I, CARMINE AMELIO, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a defendant in the above-captioned action, appearing pro se on behalf of myself and with the consent and joinder of my co-defendants and brothers, Alfonso Amelio and Paul

Amelio. I am fully familiar with the facts and circumstances set forth herein based upon my personal knowledge, review of the court records, and the exhibits annexed hereto.

2. I submit this Declaration in support of my Motion to Vacate the Remand Order entered on December 5, 2025, pursuant to Fed. R. Civ. P. 60(b)(3) and 60(b)(4).

3. The statements contained in the accompanying Memorandum of Law are true and correct to the best of my knowledge and belief, and I incorporate them herein by reference as if fully set forth.

4. On May 6, 2014, a prior foreclosure action was commenced against us in New York Supreme Court, Orange County, under Index No. 2014-003426. That complaint explicitly accelerated the entire balance of the mortgage debt, triggering the six-year statute of limitations under CPLR § 213(4).

5. The statute of limitations expired on May 6, 2020. At that point, Plaintiff's right to enforce the note and mortgage was permanently extinguished.

6. Despite this, on January 7, 2021, Plaintiff commenced a new action (Index No. EF000106-2021) that was plainly time-barred.

7. On December 9, 2021, we filed an Amended Verified Answer in that action (Exhibit 4), specifically pleading the statute of limitations defense, fraud upon the court, and a counterclaim for cancellation and discharge of the mortgage pursuant to RPAPL § 1501(4).

8. On June 1, 2022, Plaintiff moved to discontinue the 2021 action. The motion papers (Notice of Motion, Affirmation, and Proposed Order – Exhibit 3, Docs. #76–79) contained no request whatsoever for deceleration, reinstatement, or revocation of the 2014 acceleration.

9. Nevertheless, the order signed on August 29, 2022 (Exhibit 3, Doc. #80) contained language purporting to decelerate the loan – relief that was never requested, never noticed to us, and never litigated. This insertion was fraudulent and constituted an ultra vires act by the state court.

10. Relying on this fraudulent order, Plaintiff commenced yet another foreclosure action on December 19, 2022 (Index No. EF007269-2022).

11. On January 30, 2023, we filed motions in both actions seeking to vacate the improper deceleration language and to dismiss on statute of limitations grounds (Exhibit 3: Doc.

#84). Plaintiff's counsel rejected both motions without submitting them to the court for determination.

12. All Defendants – Alfonso Amelio, Paul Amelio, and I – jointly removed this action on December 2, 2025, as expressly stated in the Notice of Removal. We asserted federal question jurisdiction, including violations of due process, the Americans with Disabilities Act, and other federal rights arising from the enforcement of a time-barred claim and the fraudulent state court proceedings.

13. On December 5, 2025 – the very day the case was reassigned to Judge Edgardo Ramos – Plaintiff's counsel submitted a letter (Exhibit 6) requesting remand. That letter omitted all reference to the time-barred nature of the claim, the fraudulent deceleration, our statute of limitations defense and counterclaim, and our rejected motions. It created a materially misleading impression of the record.

14. On the same day, without any notice to us, without any opportunity to respond, and without addressing our federal claims or the procedural history, Judge Ramos issued the Remand Order. The Order incorrectly stated that "Carmine Amelio removed the above-captioned action," mischaracterizing our joint removal as unilateral, and relied on this misstatement in its analysis.

15. The Remand Order also improperly invoked a prior remand order from a different removal without conducting an independent jurisdictional analysis of the current Notice of Removal, and remanded based on curable procedural defects (such as omission of the state complaint) without allowing us to cure them.

16. I have reviewed publicly available financial disclosure reports concerning Judge Ramos. Those disclosures reflect holdings in Vanguard funds (including Vanguard Information Technology ETF valued between $15,001 and $50,000, Vanguard Communication Services ETF between $1,001 and $15,000, and Vanguard Intermediate-Term Bond ETF between $15,001 and $50,000), BlackRock funds, and Mitsubishi UFJ Financial Group securities.

17. Vanguard and BlackRock are among the largest institutional shareholders of U.S. Bancorp, the parent entity of Plaintiff U.S. Bank Trust National Association. Mitsubishi UFJ Financial Group previously owned Union Bank, which was acquired by U.S. Bancorp in 2022. These holdings create, at minimum, a financial interest that could be

substantially affected by the outcome of this foreclosure proceeding, triggering mandatory recusal under 28 U.S.C. § 455(b)(4).

18. Judge Ramos did not disclose these interests and proceeded to issue the Remand Order on the day of reassignment.

19. The extraordinary speed of the remand – same-day issuance upon reassignment and receipt of Plaintiff's ex parte letter – combined with the judge's history of nondisclosure in conflicted cases (including the 2021 ExxonMobil matter and the 2022 SSA Bonds antitrust litigation), creates a reasonable appearance of partiality under 28 U.S.C. § 455(a).

20. As a direct result of the Remand Order and the underlying irregularities, my brothers and I have suffered severe emotional distress, financial hardship, loss of our family home through an unlawful sale, and ongoing obstruction of our ability to assert meritorious defenses and federal claims.

21. No prior application for the relief requested herein has been made to this or any other court.

22. I respectfully request that this Court vacate the December 5, 2025 Remand Order, order the recusal of Judge Ramos, reassign this matter to a different judge, and restore federal jurisdiction so that our federal claims and defenses may finally be heard.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of December, 2025.

Dated: New Milford, CT                    Respectfully submitted,

                                          */s/ Carmine Amelio*
                                          Carmine P. Amelio, *Defendant Pro Se*
                                          37 Main Street, #337
                                          New Milford, CT 06776
                                          p. 412-612-6774
                                          e. cpamelio@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>            Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>            Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>**JURY TRIAL DEMANDED** |

### [PROPOSED] ORDER GRANTING MOTION TO VACATE REMAND ORDER

Upon the Motion of Defendant Carmine Amelio, pro se (with joinder of co-defendants Alfonso Amelio and Paul Amelio), dated December 23, 2025, seeking to vacate the Remand Order entered on December 5, 2025, pursuant to Fed. R. Civ. P. 60(b)(3) and 60(b)(4); upon the accompanying Memorandum of Law; upon the Declaration of Carmine Amelio in Support and all exhibits annexed thereto; upon all prior papers and proceedings herein; and after due deliberation, the Court finds that:

1. The underlying foreclosure claim is time-barred under New York law (CPLR § 213(4) and RPAPL § 1501(4)), as the mortgage debt was accelerated on May 6, 2014, and the statute of limitations expired on May 6, 2020, extinguishing Plaintiff's enforcement rights;

2. The purported deceleration in the state court's August 29, 2022 order was unrequested, unlitigated, and legally unavailable after expiration of the statute of limitations, rendering subsequent proceedings void ab initio;

3. The Remand Order was entered without notice, briefing, or opportunity to be heard, in violation of Defendants' due process rights under the Fourteenth Amendment;

4. The Remand Order relied upon material misrepresentations and omissions in Plaintiff's counsel's December 5, 2025 letter, warranting relief under Rule 60(b)(3);

5. The Remand Order rests on factual mischaracterizations (including describing the removal as unilateral despite the Notice of Removal's clear statement of joint removal) and legal errors (including improper reliance on a prior remand without independent analysis, remand based on curable procedural defects without leave to cure, and misapplication of consent and diversity rules inapplicable to federal-question removal);

6. Judge Edgardo Ramos possesses undisclosed financial interests in entities (including Vanguard, BlackRock, and Mitsubishi UFJ Financial Group) with substantial ties to Plaintiff U.S. Bank Trust National Association, creating at minimum an interest that could be substantially affected by the outcome and mandating recusal under 28 U.S.C. § 455(b)(4);

7. The circumstances surrounding the issuance of the Remand Order—including its same-day entry upon reassignment and receipt of Plaintiff's ex parte letter, combined with the presiding judge's documented history of nondisclosure in conflicted matters—create a reasonable appearance that the judge's impartiality might reasonably be questioned under 28 U.S.C. § 455(a);

8. Each of the foregoing grounds independently renders the December 5, 2025 Remand Order void and subject to vacatur under Rule 60(b)(4), notwithstanding 28 U.S.C. § 1447(d);

9. Good cause exists to vacate the Remand Order, restore federal jurisdiction, and reassign this matter to ensure the appearance and reality of impartial justice.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Defendant's Motion to Vacate is GRANTED in its entirety;

2. The Remand Order entered on December 5, 2025 is VACATED as void ab initio;

3. The Honorable Edgardo Ramos is RECUSED from further proceedings in this matter pursuant to 28 U.S.C. §§ 455(a) and (b)(4);

4. This case is REASSIGNED to a different judge to be selected at random by the Clerk of the Court;

5. Preserve the record for any future federal claims, misconduct complaints, and sanctions proceedings;

6. Federal jurisdiction over this removed action is RESTORED, and the case shall proceed in this Court on Defendants' federal claims, counterclaims, and defenses;

7. The Clerk of the Court is directed to notify the New York Supreme Court, Orange County, that removal jurisdiction has been restored and that the state court shall proceed no further unless and until a subsequent valid remand order is entered; and

8. No costs or fees are awarded at this time.

SO ORDERED.

Dated: New York, New York _____, **2025**


United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>　　　Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>　　　Defendants. | CASE NO.: 24-CV-5615<br><br><br>**JURY TRIAL DEMANDED** |

CERTIFICATE OF SERVICE

I hereby certify that a copy of, MOTION TO VACATE REMAND ORDER, AFFIRMATION IN SUPPORT, PROPOSED ORDER and EXHIBITS, has been served upon the following parties or counsel via electronic and/or US Mail on December 23, 2025:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

Alfonso Amelio,
37 Main Street #337
New Milford, CT 06776

Paul Amelio
37 Main Street #337
New Milford, CT 06776

Dated: New Milford, CT
　　　December 23, 2025

　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　*/s/ Carmine P. Amelio*
　　　　　　　　　　　　Carmine P. Amelio, *Defendant Pro Se*
　　　　　　　　　　　　37 Main Street, #337
　　　　　　　　　　　　New Milford, CT 06776
　　　　　　　　　　　　p. 412-612-6774 e. cpamelio@gmail.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE OF TIKI
SERIES V TRUST,

                              Plaintiff,

            – against –

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED
STATES BANKRUPTCY COURT;
ROBERTA PERRY S/H/A JANE DOE #1,
                              Defendants.

**ORDER**

25-cv-10022 (ER)

Ramos, D.J.:

Carmine Amelio removed the above-captioned action from New York Supreme Court,

County of Orange, to this court on December 2, 2025.  Doc. 1.  Amelio had attempted to remove

a substantially similar action on July 22, 2024, in *Bank Trust National Association, as Trustee of*

*Tiki Series V Trust v. Amelio et al*,  24-cv-05615 (CS).  In that case, Judge Seibel issued an order

remanding the case to the Supreme Court of the State of New York, County of Orange, noting

that removal was improper because Amelio failed to provide written consent to removal from the

other defendants.  Here, the issue persists:  there is no indication in the notice of removal that

defendants Deborah J. Piazza or Roberta Perry consented to removal.  *See* Doc. 1.  Moreover,

although the notice of removal purports to be on behalf of Carmine Amelio, Alfonso Amelio, and

Paul Amelio, only Carmine Amelio signed the notice.

          In addition, Defendants failed to attach the underlying state court complaint (Index No.

EF007269-2022).  Accordingly, the Court is unable to determine whether federal question

jurisdiction exists.  *Empire State Bus Corp. v. Local 854 Health & Welfare Fund*, No. 21-cv-

10471 (LJL), 2023 WL 1966210, at *10 (S.D.N.Y. Feb. 13, 2023) ("[I]t is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction") (quoting *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952)).

Moreover, it appears that this court lacks diversity jurisdiction.  28 U.S.C. § 1441(b)(2) (noting that an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").  Here, the notice of removal expressly states that Carmine Amelio, Alfonso Amelio, Paul Amelio, and Deborah J. Piazza are citizens of New York.  Doc. 1 at 6.

Accordingly, it is hereby ORDERED that this action be REMANDED to the Supreme Court of the State of New York, County of Orange.

SO ORDERED.

Dated:   December 5, 2025
        New York, New York

_____
Edgardo Ramos, U.S.D.J.

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK:
COUNTY OF ORANGE

----------------------------------------------------------------X
THE BANK OF NEW YORK MELLON F/K/A THE BANK OF
NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE
CERTIFICATES, FIRST HORIZON MORTGAGE PASS-
THROUGH CERTIFICATES SERIES FHAMS 2005-AA9, BY
FIRST HORIZON HOME LOANS, A DIVISION OF FIRST
TENNESSEE BANK NATIONAL ASSOCIATION, MASTER
SERVICER, IN ITS CAPACITY AS AGENT FOR THE
TRUSTEE UNDER THE POOLING AND SERVICING
AGREEMENT

Index No. 2014-003426
Date Filed: 5/06/2014

SUMMONS

Plaintiff
designates
Orange
County
as the place of
trial based on
the location of
the mortgaged
premises in this
action.

                    Plaintiff,

                -against-

ALFONSO AMELIO
CARMINE AMELIO
PAUL AMELIO
RALPH J. PELOSI, III
"JOHN DOE #1" to "JOHN DOE #10," the last 10 names being
fictitious and unknown to plaintiff, the persons or parties intended
being the persons or parties, if any, having or claiming an interest
in or lien upon the mortgaged premises described in the verified
complaint,

                    Defendants.

Plaintiff's
principal place
of business is
350 Highland Drive,
Lewisville, Texas
75067.

----------------------------------------------------------------X

To the above-named defendants:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons,

exclusive of the day of service (or within thirty (30) days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

## NOTICE
### YOU ARE IN DANGER OF LOSING YOUR HOME

IF YOU DO NOT RESPOND TO THIS SUMMONS AND COMPLAINT BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE MORTGAGE COMPANY WHO FILED THIS FORECLOSURE PROCEEDING AGAINST YOU AND FILING THE ANSWER WITH THE COURT, A DEFAULT JUDGMENT MAY BE ENTERED AND YOU CAN LOSE YOUR HOME.

SPEAK TO AN ATTORNEY OR GO TO THE COURT WHERE YOUR CASE IS PENDING FOR FURTHER INFORMATION ON HOW TO ANSWER THE SUMMONS AND PROTECT YOUR PROPERTY.

SENDING A PAYMENT TO YOUR MORTGAGE COMPANY WILL NOT STOP THIS FORECLOSURE ACTION.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

Dated: New Rochelle, New York
      March 5, 2014

McCABE, WEISBERG & CONWAY, P.C.

By: _____
      NATALIE GIRALDO, ESQ.
      Attorneys for Plaintiff
      145 Huguenot Street, Suite 210
      New Rochelle, New York 10801
      (914) 636-8900
      File # 125-0057

TO:

Alfonso Amelio
17 Grant Street
Middletown, New York 10940

Alfonso Amelio
60 West 23rd Street, Apt. 830
New York, New York 10010

Carmine Amelio
60 West 23rd Street, Apt. 830
New York, New York 10010

Carmine Amelio
17 Grant Street
Middletown, New York 10940

Paul Amelio
60 West 23rd Street, Apt. 830
New York, New York 10010

Paul Amelio
17 Grant Street
Middletown, New York 10940

Ralph J. Pelosi, III
50 Rinaldi Boulevard Apartment IJ, Building 1
Poughkeepsie, New York 12601

"JOHN DOE NO. 1" through "JOHN DOE NO. 10"
17 Grant Street
Middletown, New York 10940

SUPREME COURT OF THE STATE OF NEW YORK:
COUNTY OF ORANGE
-----------------------------------------------------------------X
THE BANK OF NEW YORK MELLON F/K/A THE
BANK OF NEW YORK, AS TRUSTEE FOR THE
HOLDERS OF THE CERTIFICATES, FIRST
HORIZON MORTGAGE PASS-THROUGH
CERTIFICATES SERIES FHAMS 2005-AA9, BY
FIRST HORIZON HOME LOANS, A DIVISION OF
FIRST TENNESSEE BANK NATIONAL
ASSOCIATION, MASTER SERVICER, IN ITS
CAPACITY AS AGENT FOR THE TRUSTEE
UNDER THE POOLING AND SERVICING
AGREEMENT

Index No. 2014-003426
Date Filed: 5/06/2014

COMPLAINT

Plaintiff

-against-

ALFONSO AMELIO
CARMINE AMELIO
PAUL AMELIO
RALPH J. PELOSI, III
"JOHN DOE #1" to "JOHN DOE #10," the last 10
names being fictitious and unknown to plaintiff, the
persons or parties intended being the persons or
parties, if any, having or claiming an interest in or lien
upon the mortgaged premises described in the verified
complaint,

Defendants.
-----------------------------------------------------------------X

Plaintiff, by its attorneys, McCabe, Weisberg & Conway, P.C., complains and alleges,

upon information and belief, as follows:

FIRST. Plaintiff is, and at all times relevant herein is a National Trust organized

under the laws of the United States of America with its principal place of business at c/o

Nationstar Mortgage LLC, 350 Highland Drive, Lewisville, Texas 75067.

SECOND. On or about the following date, the following named obligor, for the purpose of evidencing an indebtedness in the following amount and interest, duly executed, acknowledged and delivered to the following named obligee the following instrument, a copy of which is hereto annexed and marked Exhibit ``A'' with the same force and effect as if set forth at length herein:

INSTRUMENT: Note

DATE: August 8, 2005

OBLIGOR: Alfonso Amelio

OBLIGEE: First Horizon Home Loan Corporation

AMOUNT: $122,500.00

THIRD.  For the purpose of securing payment for the said indebtedness, as more fully set forth in said instrument, the said obligor, and Paul Amelio and Carmine Amelio as mortgagor, on or about said date executed, acknowledged and delivered to said obligee, as mortgagee, a certain mortgage, a copy of which is hereto annexed and marked Exhibit ``B'' with the same force and effect as if set forth at length herein, wherein and whereby said obligor, Paul Amelio and Carmine Amelio as mortgagor, mortgaged to said obligee, as mortgagee, certain real property, which mortgaged premises are more particularly described in said mortgage.

FOURTH. Said mortgage was duly recorded as follows in the office for the recording of mortgages in the county in which said mortgaged premises were then and are now situated, and the recording data (and section, block and lot indexing) is as follows:

RECORDED IN OFFICE OF: County Clerk of Orange

DATE OF RECORDING: October 4, 2005

LIBER 11958 PAGE NUMBER 955

SECTION BLOCK LOT IN WHICH INDEXED: SECTION 35 BLOCK 15 LOT 18

FIFTH. The mortgaged premises are commonly known as 17 Grant Street, Middletown, New York 10940, County of Orange and State of New York (the "Premises"), and is more fully described in Schedule A attached hereto.

SIXTH. Any applicable recording tax was duly paid at the time of recording said last mentioned mortgage.

SEVENTH. Nationstar Mortgage LLC located at 350 Highland Drive, Lewisville, Texas 75067 services the home loan on said premises. Alfonso Amelio executed a promissory note secured by a mortgage or deed of trust ("The Note"). Nationstar Mortgage LLC intends to cause a foreclosure action to be commenced on the mortgaged property. The foreclosure will be conducted in the name of: The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA9, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement ("Note Holder"). Plaintiff is the holder of the note. Said Note was indorsed by blank indorsement and delivered to Plaintiff prior to commencement of this action. Said mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2005-AA9, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement, Plaintiff, by Assignment of Mortgage dated

June 13, 2012 recorded on December 3, 2012 in Document number 20120110971 in the Office of the County Clerk of Orange County, See Exhibit B.

      EIGHTH. The defendant(s) have failed to comply with the terms and provisions of said mortgage and said instrument secured by the mortgage, by failing to pay principal and interest and/or taxes, insurance premiums, escrows and/or other charges commencing with the January 1, 2009 payment, as more fully set forth below.

      NINTH. More than fifteen (15) days have elapsed since the first of said defaults occurred, and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal, together with monies advanced for taxes, insurance, property maintenance, as well as the costs, allowances and reasonable attorney fees to the extent permitted by the mortgage.

      TENTH. The following amounts are now due and owing on said mortgage and the said instrument secured by the mortgage, no part of which has been paid although duly demanded:

ENTIRE PRINCIPAL BALANCE: $122,354.20

INTEREST THEREON FROM: December 1, 2008

AT THE RATE AS SET FORTH IN THE INSTRUMENT SECURED BY THE MORTGAGE

      ELEVENTH. In order to protect its security interest, Plaintiff, or its agents, has paid or may be compelled to pay during the pendency of this action, taxes, assessments, water rates, insurance premiums, and other charges affecting the Premises. Plaintiff requests that any sums it or its agent has paid, together with interest, be included in the sum due as provided for and secured by the mortgage being foreclosed herein.

TWELFTH. Each of the above-named defendants has or claims to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said mortgage.

Pursuant to the provisions of CPLR 5203(a)(2) and/or RPAPL 1311, said judgment is subject and subordinate to plaintiff's mortgage. Ralph J. Pelosi, III, is made a party to this action solely for purposes indicated above and for no other reason, Defendants lien or interest is described with specificity in Exhibit C herein.

THIRTEENTH. Plaintiff has complied with all of the provisions of Banking Law, Section 595-a [NYCLS], Section 6-l, Section 6-m, RPAPL§ 1304, RPAPL§ 1306, UCC §9-611. Exhibit D.

FOURTEENTH. John Doe No. 1 to John Doe No. 10 are fictitious and unknown to Plaintiff. They are named as defendants to designate any and all persons or parties, if any, having or claiming an interest in or lien upon the mortgaged Premises. They may be judgment creditors or may have, or claim to have a subordinate mortgage, all of which are subordinate to the interest of the Plaintiff herein.

FIFTEENTH. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said mortgage or for the recovery of the said sum secured by said note and mortgage or any part thereof.

SIXTEENTH. Plaintiff requests that in the event that this action proceed to judgment of foreclosure and sale, said premises shall be sold subject to the following:

1. Any state of facts that an inspection of the premises would disclose;

2. Any state of facts that an accurate survey of the premises would show;

3. Covenants, restrictions, easements and public utility agreements, if any,

4. Building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same;

5. Any rights of tenants in possession of the subject premises;

6. Any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale;

7. Prior mortgage liens of record, and any advances and arrears thereunder;

8. Prior lien(s) of record, if any.

SEVENTEENTH. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

a. That each and all of the defendants in this action, and any and all persons claiming by, through and under any of them, subsequent to the commencement of this action and the filing of the notice of pendency thereof in the Office of the County Clerk of Orange County in the State of New York, which is the county in which the Premises are located, may be forever barred and foreclosed of any and all right, title and interest, claim, lien and equity of redemption in the Premises;

b. That a receiver of rents may be appointed without notice as provided in the Mortgage;

c. That the Court direct that the Premises can be sold according to law, in one parcel or otherwise as equity may require;

d. That the monies arising from the sale of the Premises may be brought into Court;

e. That the monies due to Plaintiff on the Note and Mortgage may be adjudged and computed;

f. That Plaintiff may be paid the amount adjudged to be due on the Note and the Mortgage with interest at the time of such payment, together with any monies advanced and paid pursuant to any term or provision of the Note and Mortgage so as to protect the lien of the Mortgage, and together with taxes, insurance premiums and all other charges and liens paid thereon with interest upon said amount from the date of the respective payments and advances, together with all amounts due by virtue of statutory costs, allowances and attorney's fees, together with any reasonable attorney's fees over and above the amounts covered by the statutory attorney's fees, together with the expenses of the sale insofar as the amount of such monies properly applicable thereto will pay the same;

g.  That if the proceeds of the sale of the Premises are insufficient to pay the amount found due to Plaintiff as set forth in the immediately preceding paragraph, the officer making the sale be required by the judgment of sale herein to specify the amount of such deficiency in the report of sale so that application may be made by Plaintiff to the Court pursuant to Section 1371 of the Real Property Actions and Proceedings Law for a deficiency judgment against the Defendant Obligors Alfonso Amelio, which will include the amount of any such deficiency, unless (1) said debt has been listed and discharged in a bankruptcy petition or (2) Plaintiff is unable to produce a copy of the note;

h.  If the Court, upon such application shall so direct, Plaintiff should have judgment against the Defendants Alfonso Amelio for the amount of such deficiency;

    i.   That Plaintiff be awarded reasonable attorney's fees as

provided in the Note and Mortgage, as well as the costs and

disbursements of this action.


DATED:    New Rochelle, New York
                March 5, 2014

                                           McCABE, WEISBERG & CONWAY, P.C.

                                      By: _____
                                            NATALIE GIRALDO, ESQ.
                                            Attorneys for Plaintiff
                                            145 Huguenot St., Suite 210
                                            New Rochelle, New York 10801
                                            914-636-8900
                                            914-636-8901 facsimile

# EXHIBIT 3

Case Caption:    **REAL ESTATE GROWTH FUND LLC v. ALFONSO AMELIO AKA ALPHONSO AMELIO et al**

Judge Name:    **Maria S. VazquezDoles**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 1 | SUMMONS WITH NOTICE | Processed | 01/07/2021 | Wynn, A. |
| 2 | CONSENT TO EFILING | Processed | 01/07/2021 | Wynn, A. |
| 3 | CERTIFICATE OF MERIT | Processed | 01/07/2021 | Wynn, A. |
| 4 | NOTICE OF PENDENCY | Processed | 01/07/2021 | Wynn, A. |
| 5 | COMPLAINT | Processed | 01/07/2021 | Wynn, A. |
| 6 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Affidavit of Service-DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF CARMINE P. AMELIO-47399794 | Processed | 05/06/2021 | Wynn, A. - filed by Moran, W. |
| 7 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING<br>AUTHORIZATION FORM - PVEF | Processed | 05/06/2021 | Wynn, A. - filed by Moran, W. |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Tenant Mailing Affidavit-ROBERTA PERRY AS JOHN DOE #1-47380000 | Processed | 05/06/2021 | Wynn, A. - filed by Moran, W. |
| 9 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Affidavit of Service-ROBERTA PERRY AS JOHN DOE #1-47380608 | Processed | 05/06/2021 | Wynn, A. - filed by Moran, W. |
| 10 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Tenant Mailing Affidavit-DAKOTA YOUNG AS JOHN DOE #2-47380001 | Processed | 05/06/2021 | Wynn, A. - filed by Moran, W. |
| 11 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Affidavit of Service-DAKOTA YOUNG AS JOHN DOE #2-47380613 | Processed | 05/06/2021 | Wynn, A. - filed by Moran, W. |
| 12 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Tenant Mailing Affidavit-VIRGINIA SULLIVAN AS JOHN DOE #3-47380002 | Processed | 05/06/2021 | Wynn, A. - filed by Moran, W. |
| 13 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Affidavit of Service-VIRGINIA SULLIVAN AS JOHN DOE #3-47380614 | Processed | 05/06/2021 | Wynn, A. - filed by Moran, W. |
| 14 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Tenant Mailing Affidavit-ANY AND ALL OCCUPANTS-47380003 | Processed | 05/06/2021 | Wynn, A. - filed by Moran, W. |
| 15 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Affidavit of Service-CARMINE AMELIO AKA CARMINE PAUL AMELIO-47530737 | Processed | 05/18/2021 | Wynn, A. - filed by Moran, W. |
| 16 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled 3215 Mailing Affidavit-CARMINE AMELIO AKA CARMINE PAUL AMELIO-47572799 | Processed | 05/20/2021 | Wynn, A. - filed by Moran, W. |
| 17 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Affidavit of Service-RALPH J. PELOSI, III-47691122 | Processed | 06/03/2021 | Wynn, A. - filed by Moran, W. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 18 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Unfiled Supplemental Affidavit-CARMINE AMELIO AKA CARMINE PAUL AMELIO-47884405 | Processed | 07/01/2021 | Wynn, A. - filed by Moran, W. |
| 19 | EXPARTE ORDER  (PROPOSED) (Motion #1)<br>exparte order granting service by publication and appointment of guardian ad litem | Processed | 07/16/2021 | Wynn, A. |
| 20 | AFFIDAVIT OR AFFIRMATION IN SUPPORT (Motion #1) | Processed | 07/16/2021 | Wynn, A. |
| 21 | EXHIBIT(S) - A (Motion #1)<br>Exhibit A - note | Processed | 07/16/2021 | Wynn, A. |
| 22 | EXHIBIT(S) - B (Motion #1)<br>Exhibit B - mortgage | Processed | 07/16/2021 | Wynn, A. |
| 23 | EXHIBIT(S) - C (Motion #1)<br>Exhibit C - Assignment of Mortgage | Processed | 07/16/2021 | Wynn, A. |
| 24 | EXHIBIT(S) - D (Motion #1)<br>Exhibit D - summons and complaint | Processed | 07/16/2021 | Wynn, A. |
| 25 | EXHIBIT(S) - E (Motion #1)<br>Exhibit E- Affidavits of Service | Processed | 07/16/2021 | Wynn, A. |
| 26 | EXHIBIT(S) - F (Motion #1)<br>Exhibit F - Ashley Bernard affidavit 1 | Processed | 07/16/2021 | Wynn, A. |
| 27 | EXHIBIT(S) - G (Motion #1)<br>Exhibit G - Ashley Bernard Affidavit 2 | Processed | 07/16/2021 | Wynn, A. |
| 28 | EXHIBIT(S) - H (Motion #1)<br>Exhibit H- supplemental Summons | Processed | 07/16/2021 | Wynn, A. |
| 29 | EXHIBIT(S) - I (Motion #1)<br>Exhibit I - copy of order abandoning bankrupcty | Processed | 07/16/2021 | Wynn, A. |
| 30 | EXHIBIT(S) - 01 (Motion #1)<br>legal back | Processed | 07/16/2021 | Wynn, A. |
| 31 | RJI -RE: OTHER EX PARTE APPLICATION (Motion #1) | Processed | 07/16/2021 | Wynn, A. |
| 32 | ADDENDUM - FORECLOSURE (840F) (Motion #1) | Processed | 07/16/2021 | Wynn, A. |
| 33 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 07/16/2021 | Wynn, A. |
| 34 | STIPULATION - PARTIAL DISCONTINUANCE (POST RJI)<br>Stipulation to Discontinue Solely as Against Deborah J. Piazza, as Chapter 7 Trustee | Processed | 09/14/2021 | Greenberg, S. |
| 35 | ORDER - SERVICE BY PUBLICATION (Motion #1) | Processed | 10/22/2021 | Court User |
| 36 | NOTICE OF ENTRY<br>notice of entry for order granting service by publication and appointment of guardian ad litem | Processed | 10/26/2021 | Greenberg, S. |
| 37 | SUMMONS-SUPPLEMENTAL (POST RJI)<br>supplemental summons & notice with hardship Declaration | Processed | 10/26/2021 | Greenberg, S. |

NYSCEF

Orange County Supreme Court

**Document List**

**Index #   EF000106-2021**                    Created on:12/23/2025 09:47 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 38 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE - NOTICE OF ENTRY | Processed | 10/26/2021 | Greenberg, S. |
| 39 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE/JOHNE E. BACH, JR., ESQ.,<br>COURT APPOINTED GUARDIAN AD LITEM FOR<br>ALFONSO AMELIO | Processed | 11/22/2021 | Bhatia, R. - filed by<br>Provest LLC |
| 40 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF COMPLIANCE-3215/JOHNE E. BACH,<br>JR., ESQ., COURT APPOINTED GUARDIAN AD LITEM<br>FOR ALFONSO | Processed | 11/22/2021 | Bhatia, R. - filed by<br>Provest LLC |
| 41 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE/ ROBERTA PERY AS JOHN<br>DOE #1 | Processed | 11/22/2021 | Bhatia, R. - filed by<br>Provest LLC |
| 42 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE/ DAKOTA YOUNG AS JOHN<br>DOE #2 | Processed | 11/22/2021 | Bhatia, R. - filed by<br>Provest LLC |
| 43 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE/ VIRGINIA SULLIVAN AS<br>JOHN DOE #3 | Processed | 11/22/2021 | Bhatia, R. - filed by<br>Provest LLC |
| 44 | STATEMENT OF AUTHORIZATION FOR<br>ELECTRONIC FILING<br>AUTH FORM | Processed | 11/22/2021 | Bhatia, R. - filed by<br>Provest LLC |
| 45 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF<br>CARMINE P. AMELIO - AOS | Processed | 11/24/2021 | Bhatia, R. - filed by<br>Provest LLC |
| 46 | STATEMENT OF AUTHORIZATION FOR<br>ELECTRONIC FILING | Processed | 11/24/2021 | Bhatia, R. - filed by<br>Provest LLC |
| 47 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF COMPLIANCE-3215/DEBORAH J.<br>PIAZZA, AS CHAPTER 7 TRUSTEE OF CARMINE P.<br>AMELIO | Processed | 11/29/2021 | Bhatia, R. - filed by<br>Provest LLC |
| 48 | LETTER / CORRESPONDENCE TO JUDGE | Processed | 12/06/2021 | Bach, J. |
| 49 | AFFIDAVIT OF PUBLICATION<br>Affidavit of Publication - TIMES HERALD-RECORD | Processed | 12/06/2021 | Greenberg, S. |
| 50 | AFFIDAVIT OF PUBLICATION<br>Affidavit of Publication - The Hudson Valley Press | Processed | 12/06/2021 | Greenberg, S. |
| 51 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE/ RALPH J. PELOSI, III | Processed | 12/07/2021 | Bhatia, R. - filed by<br>Provest LLC |
| 52 | ANSWER<br>Answer to Complaint | Processed | 12/07/2021 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 53 | ANSWER (AMENDED)<br>Amended Answer to Complaint | Processed | 12/09/2021 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 54 | LETTER/CORRESPONDENCE FROM COURT<br>Appearance Notices mailed 12/14/21, along with<br>Information Sheet and Bill of Rights | Processed | 12/14/2021 | Court User |
| 55 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF COMPLIANCE-3215/ RALPH J.<br>PELOSI, III | Processed | 12/15/2021 | Bhatia, R. - filed by<br>Provest LLC |

NYSCEF
Orange County Supreme Court

Case 1:25-cv-10022-ER    Document 7    Filed 12/23/25    Page 42 of 94
Document List
Index #   EF000106-2021                Created on:12/23/2025 09:47 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 56 | REPLY TO COUNTERCLAIM(S)<br>VERIFIED REPLY TO COUNTERCLAIMS | Processed | 12/23/2021 | Greenberg, S. |
| 57 | EXHIBIT(S) - A<br>ORDER GRANTING IN REM RELIEF FROM THE<br>AUTOMATIC STAY | Processed | 12/23/2021 | Greenberg, S. |
| 58 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE | Processed | 12/23/2021 | Greenberg, S. |
| 59 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE-PAUL AMELIO | Processed | 12/28/2021 | Bhatia, R. - filed by<br>ProVest,LLC by<br>Mercedes Ramirez |
| 60 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE-ALFONSO AMELIO AKA<br>ALPHONSO AMELIO | Processed | 12/28/2021 | Bhatia, R. - filed by<br>ProVest,LLC by<br>Mercedes Ramirez |
| 61 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE-CARMINE AMELIO AKA<br>CARMINE PAUL AMELIO | Processed | 12/28/2021 | Bhatia, R. - filed by<br>ProVest,LLC by<br>Mercedes Ramirez |
| 62 | STATEMENT OF AUTHORIZATION FOR<br>ELECTRONIC FILING<br>AUTHORIZATION FORM | Processed | 12/28/2021 | Bhatia, R. - filed by<br>ProVest,LLC by<br>Mercedes Ramirez |
| 63 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>RALPH J. PELOSI, III - AOS | Processed | 01/03/2022 | Bhatia, R. - filed by<br>Provest LLC |
| 64 | COURT NOTICE | Processed | 01/12/2022 | Court User |
| 65 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Mailing 3215- RALPH J. PELOSI, III | Processed | 01/12/2022 | Bhatia, R. - filed by<br>ProVest,LLC by<br>Mercedes Ramirez |
| 66 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Non Service-CARMINE AMELIO AKA<br>CARMINE PAUL AMELIO | Processed | 01/19/2022 | Bhatia, R. - filed by<br>ProVest,LLC by<br>Mercedes Ramirez |
| 67 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service-PAUL AMELIO | Processed | 02/07/2022 | Bhatia, R. - filed by<br>ProVest,LLC by<br>Mercedes Ramirez |
| 68 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Compliance 3215-PAUL AMELIO | Processed | 02/09/2022 | Bhatia, R. - filed by<br>ProVest,LLC by<br>Mercedes Ramirez |
| 69 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Mailing-PAUL AMELIO | Processed | 02/09/2022 | Bhatia, R. - filed by<br>ProVest,LLC by<br>Mercedes Ramirez |
| 70 | COURT NOTICE | Processed | 02/15/2022 | Court User |
| 71 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Mailing 3215-ALFONSO AMELIO AKA<br>ALPHONSO AMELIO | Processed | 02/17/2022 | Bhatia, R. - filed by<br>ProVest,LLC by<br>Mercedes Ramirez |
| 72 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AFFIDAVIT OF SERVICE- DEBORAH J. PIAZZA, AS<br>CHAPTER 7 TRUSTEE OF CARMINE P. AMELIO | Processed | 03/18/2022 | Bhatia, R. - filed by<br>Broggy, S. |
| 73 | STATEMENT OF AUTHORIZATION FOR<br>ELECTRONIC FILING<br>AUTH FORM | Processed | 03/18/2022 | Bhatia, R. - filed by<br>Broggy, S. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 74 | CONSENT TO CHANGE ATTORNEY (POST RJI) <br> Consent to Change Attorney | Processed | 04/20/2022 | Thibaut, J. |
| 75 | AFFIDAVIT <br> Affidavit of Mailing (Consent to Change Attorney) | Processed | 04/20/2022 | Thibaut, J. |
| 76 | NOTICE OF MOTION TO DISCONTINUE (Motion #2) <br> Notice of motion to discontinue action and cancel lis pendens | Processed | 06/01/2022 | Thibaut, J. |
| 77 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion #2) <br> Affirmation in support of motion to discontinue action and cancel lis pendens | Processed | 06/01/2022 | Thibaut, J. |
| 78 | EXHIBIT(S) - A (Motion #2) <br> Consent to change attorney | Processed | 06/01/2022 | Thibaut, J. |
| 79 | ORDER ( PROPOSED ) (Motion #2) <br> Order discontinuing action and canceling lis pendens | Processed | 06/01/2022 | Thibaut, J. |
| 80 | AFFIDAVIT (Motion #2) <br> Affidavit of mailing motion to discontinue and cancel lis pendens | Processed | 06/01/2022 | Thibaut, J. |
| 81 | ORDER - DISCONTINUING ACTION AND CANCELING NOTICE OF PENDENCY (Motion #2) | Processed | 08/29/2022 | Court User |
| 82 | NOTICE OF ENTRY <br> NOE Discontinuance | Processed | 09/08/2022 | Buonincontri, A. |
| 83 | AFFIRMATION/AFFIDAVIT OF SERVICE <br> Affidavit of Mailing | Processed | 09/08/2022 | Buonincontri, A. |
| 84 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion #2) <br> Notice of Motion | Processed | 01/30/2023 | Amelio, C. (Pro Hac / Pro Se) |
| 85 | NOTICE OF REJECTION (Motion #2) <br> Notice of Return and Rejection | Processed | 02/15/2023 | Gold, Z. |
| 86 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #2) <br> Affirmation of Service by NYSCEF | Processed | 02/15/2023 | Gold, Z. |

# EXHIBIT 4

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
-----------------------------------------------------------------X

REAL ESTATE GROWTH FUND, LLC                    **Index No: EF000106-2021**

      Plaintiff,

-against-                                                        **AMENDED VERIFIED**
                                                                **ANSWER TO FORECLOSURE**
                                                                **COMPLAINT**

ALFONSO AMELIO AKA ALPHONSO
AMELIO; CARMINE AMELIO AKA CARMINE
PAUL AMELIO; PAUL AMELIO; RALPH J.
PELOSI, III; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF CARMINE P.
AMELIO; JOHN DOE #1 THROUGH "JOHN
DOE #10," said names being fictitious and
unknown to plaintiff, intended to be possible
tenants or occupants of the premises, or
corporations, persons, or other entities having or
claiming a lien upon the mortgaged premises,

      Defendants.

-----------------------------------------------------------------X

     Defendants Alfonso Amelio, Carmine Amelio, and Paul Amelio, each appearing

pro so, answers by setting forth general admissions, denials, and defenses as follows:

### <u>GENERAL ADMISSIONS, DENIALS, AND/OR OBJECTIONS</u>

    1.    As it pertains to Plaintiff's averments at paragraph one of the subject

complaint, Defendants are without sufficient information to either admit or deny.

    2.    As it pertains to Plaintiff's averments at paragraph two of the subject

complaint, Defendants admit and deny in part, by stating as follows:

         i.    Defendants admit that Carmine Amelio executed a note on August

             8, 2005 in favor of First Horizon Loan Corporation ("First

             Horizon") as power of attorney for Alfonso Amelio.;

1

    ii.     Defendants deny that: (a) Plaintiff is in possession of the original note; and (b) the instrument attached to the complaint as "Exhibit A" consist of a true and correct copy of the original.;

    iii.    Defendants deny that the instrument attached to the complaint as "Exhibit A" is properly indorsed in accordance with NY UCC.; and

    iv.    Defendants deny that the original note instrument in dispute is a negotiable instrument pursuant to NY UCC § 3-104 and, instead, Defendants aver that said instrument is non-negotiable and enforcement thereof is governed by NY UCC § 9-203.

3.    As it pertains to Plaintiff's averments at paragraph three of the subject complaint, Defendants admit and deny in part, by stating as follows:

    i.     Defendants admit that they each executed the mortgage instrument in dispute that was recorded in the Office of the Orange County Clerk on October 4, 2005, at Book 11958, Page 955.;

    ii.    Defendants deny that Mortgage Electronic Registration Systems, Inc. ("MERS") was an agent for First Horizon as of the date set forth in the foregoing mortgage instrument because, in part, no such power of attorney was ever presented to Defendants; no such power of attorney was annexed to the instrument upon its recording in the Office of the Orange County Clerk on October 4, 2005, at Book 11958, Page 955; no such power of attorney has been recorded in the Office of the Orange County Clerk to present date; and no such power of attorney is annexed to Plaintiff's complaint.

iii.    Defendants deny that they delivered a mortgage to MERS because the latter has never been a document custodian with physical possession of any such instruments; and Plaintiff has no evidence to substantiate its claim.

4.    As it pertains to Plaintiff's averments at paragraph four of the subject complaint, Defendants are without sufficient information to either admit or deny.

5.    As it pertains to Plaintiff's averments at paragraph five of the subject complaint, Defendants are without sufficient information to either admit or deny.

6.    As it pertains to Plaintiff's averments at paragraph six of the subject complaint, Defendants deny by stating:

i.    Plaintiff's claims pertaining to MERS are materially false and deceptive, along with the instrument recorded by the Office of the Orange County Clerk on December 3, 2012, at Book 13457, Page 75 which is void as a matter fact because MERS as the alleged nominee for First Horizon: (a) never possessed the subject note and mortgage; (b) was without authority to assign the subject note and mortgage; and (c) never assigned the subject note and mortgage. See *Bank of N.Y. v. Silverberg*, 86 A.D.3d 274, 275 (N.Y. App. Div. 2011) ("The issue presented on this appeal is whether a party has standing to commence a foreclosure action when that party's assignor — in this case, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) — was listed in the underlying mortgage instruments as a nominee and mortgagee for the purpose of

3

recording, but was never the actual holder or assignee of the underlying notes. We answer this question in the negative."); and

    ii.    because the foregoing instrument recorded by the Office of the Orange County Clerk on December 3, 2012, at Book 13457, Page 75 is void (as a matter of fact), the subsequent instruments recorded by the Office of the Orange County Clerk on August 24, 2015, at Book 13936, Page 743 and July 15, 2020, at Book 14772, Page 289.

7.    As it pertains to Plaintiff's averments at paragraph seven of the subject complaint, Defendants deny by reciting to the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

8.    As it pertains to Plaintiff's averments at paragraph eight of the subject complaint, Defendants deny by declaring that no payments were made towards the subject note and mortgage by Defendants since the last payment that Defendants made in the year 2008 as set forth within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426 which involved the same note and mortgage in dispute.

9.    As it pertains to Plaintiff's averments at paragraph nine of the subject complaint, Defendants deny by declaring that no payments were made towards the subject note and mortgage by Defendants since the last payment that Defendants made in the year 2008 as set forth within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426 which involved the same note and mortgage in dispute.

10.    As it pertains to Plaintiff's averments at paragraph ten of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of

the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

11.    As it pertains to Plaintiff's averments at paragraph eleven of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

12.    As it pertains to Plaintiff's averments at paragraph twelve of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

13.    As it pertains to Plaintiff's averments at paragraph thirteen of the subject complaint, Defendants reply by declaring Plaintiff's averment(s) is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

14.    As it pertains to Plaintiff's averments at paragraph fourteen of the subject complaint, Defendants reply by declaring Plaintiff's averment is moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

15.    As it pertains to Plaintiff's averments at paragraph fifteen of the subject complaint, Defendants reply by declaring Plaintiff's averments is/are moot because of the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

16.     As it pertains to Plaintiff's averments at paragraph sixteen of the subject complaint, Defendants are without sufficient information to either admit or deny.

17.     As it pertains to Plaintiff's averments at paragraph seventeen of the subject complaint, Defendants are without sufficient information to either admit or deny.

18.     As it pertains to Plaintiff's averments at paragraph eighteen of the subject complaint, Defendants are without sufficient information to either admit or deny.

19.     As it pertains to Plaintiff's averments at paragraph nineteen of the subject complaint, Defendants are without sufficient information to either admit or deny.

20.     As it pertains to Plaintiff's averments at paragraph twenty of the subject complaint, Defendants are without sufficient information to either admit or deny.

21.     As it pertains to Plaintiff's averments at paragraph twenty-one of the subject complaint, Defendants objects by reciting to the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

22.     As it pertains to Plaintiff's averments at paragraph twenty-two of the subject complaint, Defendants objects by reciting to the foregoing statements set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

## DEFENSES AND COUNTERCLAIMS

23.     **Lack of Standing**:  Plaintiff is without standing to commence and maintain the instant action for the foregoing reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

24.     **Lack of Jurisdiction of the Subject Matter Pursuant to CPLR 3211(a)(2)**:  The Court is without jurisdiction over the subject matter for the foregoing

6

reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); and 6 as though fully incorporated herein by reference.

25.    **Statute of Limitations**:  Plaintiff's attempt to enforce and foreclose upon the subject note and mortgage is barred by CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

26.    **Fraud Upon the Court**: Plaintiff's alleged counsel have presented false statements and misrepresentations within the underlying complaint, and they are omitting material facts for the foregoing reasons set forth above in paragraphs 2(ii)(iii)(iv); 3(ii)(iii); 6; 8; and 9 as though fully incorporated herein by reference.

27.    **Counterclaim 1 - Time Barred**:  Defendant request that the mortgage be cancelled and discharged pursuant to NY Real Property Actions and Proceedings Law § 1501(4) because the subject note and mortgage is time barred by the statue of limitations pursuant to CPLR § 213(4) because the instant action was commenced more than six years after acceleration declared in within the complaint filed in this Court on May 6, 2014 in Index No. 2014-003426.

**Counterclaim 2 – Violation of Bankruptcy Automatic Stay**:  **THE SUBJECT COMPLAINT, FILED BY PLAINTIFF DURING THE PENDENCY OF BANKRUPTCY AND AUTOMATIC STAY, MUST BE DISMISSED, WITH PREJUDICE.**

Defendant Alfonso Amelio filed his Bankruptcy petition, Case No.: 20-23552, on December 31, 2020 and his case was dismissed on June 18, 2021. Plaintiff filed subject Complaint January 7, 2021, during the pendency of automatic stay. Because the

plaintiff filed this action and commenced while the automatic stay was in effect, it is void *ab initio* and must be dismissed. 11 U.S.C. § 362(a)(1) ("a [bankruptcy] petition filed… operates as a stay, applicable to all entities, of the commencement… of a judicial… action or proceeding against a debtor…"); *Levant v. Nal'l Car Rental , Inc.,* 33 A.D.3d 367, 368 (1st Dep't 2006) and the petition filed by the Petitioner is void, (holding that an action commenced against a debtor while an automatic bankruptcy stay was in effect was "*void ab initio.* ")

Wherefore, Defendants request that the Complaint be dismissed; that the relief requested by Plaintiff be denied in its entirety; that Defendants be granted costs and attorneys' fees if they retain counsel; and any other relief allowed by law, deemed just and proper by this Court in the exercise of its equity jurisdiction in this foreclosure action.

Respectfully Submitted,

Date: December 9, 2021

Carmine P. Amelio, Pro Se
32 Main Street
New Milford, CT 06776
p. (845) 343-4959

Date: December 9, 2021

Alfonso Amelio, Pro Se
160 East 89th Street, Apt 4F
New York, NY 10128
p. (412) 612-6774

Date: December 9, 2021

Paul Amelio, Pro Se
37 Main Street #337
New Milford, CT 06776
p. (718) 650-0086

8

## **VERIFICATION**

I, _____Paul Amelio_____, being duly sworn, state that the

within Amended Answer is true to the best of my knowledge, except as to those matters

alleged upon information and belief, which I believe to be true.

_____Paul Amelio_____

(Defendant's Name)

_____

(Defendant's Signature)

Sworn to and subscribed before me this

_____9_____ day of _December__, 2021

_____

Notary Public

JENNIFER BIRDSEYE
NOTARY PUBLIC
STATE OF CONNECTICUT
MY COMM. EXP. 12/31/21

10

## **VERIFICATION**

I, _Alfonso Amelio_ , being duly sworn, state that the

within Amended Answer is true to the best of my knowledge, except as to those matters

alleged upon information and belief, which I believe to be true.


_Alfonso Amelio_
(Defendant's Name)


(Defendant's Signature)


Sworn to and subscribed before me this

_____ day of _December_, 2021


Notary Public

ANN MARIE CLARK
Notary Public - State of New York
NO. 01CL5070771
Qualified in Orange County
My Commission Expires Dec. 13, 2022

11

## **VERIFICATION**

I, _CARMINE Amelio_____, being duly sworn, state that the

within Amended Answer is true to the best of my knowledge, except as to those matters

alleged upon information and belief, which I believe to be true.

_CARMINE Amelio_____
(Defendant's Name)

_Carmine Amelio_____
(Defendant's Signature)

Sworn to and subscribed before me this

__9__ day of _December_, 2021

_____
Notary Public

JENNIFER BIRDSEYE
NOTARY PUBLIC
STATE OF CONNECTICUT
MY COMM. EXP. 12/31/21

12

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
------------------------------------------------------------------X

REAL ESTATE GROWTH FUND, LLC                    **Index No: EF000106-2021**

      Plaintiff,

                                        **AFFIDAVIT OF SERVICE**

-against-

ALFONSO AMELIO AKA ALPHONSO
AMELIO; CARMINE AMELIO AKA CARMINE
PAUL AMELIO; PAUL AMELIO; RALPH J.
PELOSI, III; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF CARMINE P.
AMELIO; JOHN DOE #1 THROUGH "JOHN
DOE #10," said names being fictitious and
unknown to plaintiff, intended to be possible
tenants or occupants of the premises, or
corporations, persons, or other entities having or
claiming a lien upon the mortgaged premises,

      Defendants.

------------------------------------------------------------------X

STATE OF NEW YORK    )

COUNTY OF NEW YORK  )  ss:

      I, Giovanna Citriniti, being duly sworn, depose and say:
I am over eighteen (18) years of age, am not a party to this action, and reside at: 25 Edinburgh
Road, Middletown, NY 10941.

I hereby certify that on this 9th day of December, 2021, that a true and correct copy of the
AMENDED VERIFIED ANSWER TO FORECLOSURE COMPLAINT, was electronic and/or
mailed via the United States Postal Service, Priority mail, postage prepaid, and addressed to:

Greenspoon Marder LLP
Trade Centre South
100 W. Cypress Creek Road, Suite 700
Fort Lauderdale, FL 33309



Giovanna Citriiniti

Sworn to Subscribed before me by Giovanna Citriniti on this 9th day of December, 2021

Notary Public in and for
the State of New York

ANN MARIE CLARK
Notary Public - State of New York
NO. 01CL5070771
Qualified in Orange County
My Commission Expires 12.23.2022

# EXHIBIT 5

NYSCEF

Orange County Supreme Court

**Document List**

**Index #  EF007269-2022**

Created on:12/23/2025 09:48 PM

Case Caption:  **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST v. ALFONSO AMELIO et al**

Judge Name:  **Brett Broge**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 12/19/2022 | Thibaut, J. |
| 2 | EXHIBIT(S) - A<br>Note | Processed | 12/19/2022 | Thibaut, J. |
| 3 | EXHIBIT(S) - B<br>Mortgage | Processed | 12/19/2022 | Thibaut, J. |
| 4 | EXHIBIT(S) - C<br>Assignment of mortgage | Processed | 12/19/2022 | Thibaut, J. |
| 5 | EXHIBIT(S) - D<br>90 day notice | Processed | 12/19/2022 | Thibaut, J. |
| 6 | EXHIBIT(S) - E<br>1306 proof of filing | Processed | 12/19/2022 | Thibaut, J. |
| 7 | EXHIBIT(S) - F<br>Demand letter | Processed | 12/19/2022 | Thibaut, J. |
| 8 | NOTICE OF PENDENCY | Processed | 12/19/2022 | Thibaut, J. |
| 9 | CERTIFICATE OF MERIT | Processed | 12/19/2022 | Thibaut, J. |
| 10 | CONSENT TO EFILING<br>notice regarding e-filing | Processed | 12/19/2022 | Thibaut, J. |
| 11 | NOTICE TO DEFENDANT (PER AO-131-20) | Processed | 12/19/2022 | Thibaut, J. |
| 12 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Roberta Perry | Processed | 01/06/2023 | Vartolo, R. |
| 13 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOD Roberta Perry | Processed | 01/06/2023 | Vartolo, R. |
| 14 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Roberta Perry 3215 | Processed | 01/06/2023 | Vartolo, R. |
| 15 | ANSWER<br>Notice of Motion | Processed | 01/30/2023 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 16 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Alfonzo Amelio | Processed | 02/10/2023 | Grapensteter, V. |
| 17 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Occupant | Processed | 02/10/2023 | Grapensteter, V. |
| 18 | NOTICE OF REJECTION<br>Notice of Return and Rejection | Processed | 02/15/2023 | Gold, Z. |
| 19 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service by NYSCEF | Processed | 02/15/2023 | Gold, Z. |
| 20 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Carmine Amelio | Processed | 03/03/2023 | Vartolo, R. |
| 21 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>3215 Alfonso Amelio | Processed | 03/03/2023 | Vartolo, R. |
| 22 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS Paul Amelio | Processed | 03/28/2023 | Vartolo, R. |
| 23 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>aos deborah piazza | Processed | 04/19/2023 | Vartolo, R. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 24 | NOTICE OF PENDENCY<br>Successive Notice of Pendency | Processed | 04/21/2023 | Caulfield, G. |
| 25 | AFFIRMATION<br>Affirmation of Mailing - Successive Notice of Pendency | Processed | 04/21/2023 | Caulfield, G. |
| 26 | NOTICE OF BANKRUPTCY (PRE RJI) | Processed | 04/21/2023 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 27 | NOTICE OF MOTION (Motion #1)<br>NOTICE OF MOTION FOR A DEFAULT JUDGMENT<br>AND ORDER OF REFERENCE | Processed | 09/26/2023 | Thibaut, J. |
| 28 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF<br>MOTION (Motion #1)<br>ATTORNEY AFFIRMATION IN SUPPORT OF<br>PLAINITFF'S MOTION FOR A DEFAULT JUDGMENT<br>AND ORDER OF REFERENCE | Processed | 09/26/2023 | Thibaut, J. |
| 29 | EXHIBIT(S) - A (Motion #1)<br>Certificate of Merit | Processed | 09/26/2023 | Thibaut, J. |
| 30 | EXHIBIT(S) - B (Motion #1)<br>Note | Processed | 09/26/2023 | Thibaut, J. |
| 31 | EXHIBIT(S) - C (Motion #1)<br>Mortgage | Processed | 09/26/2023 | Thibaut, J. |
| 32 | EXHIBIT(S) - D (Motion #1)<br>Assignments of Mortgage | Processed | 09/26/2023 | Thibaut, J. |
| 33 | EXHIBIT(S) - E (Motion #1)<br>Notice of Default | Processed | 09/26/2023 | Thibaut, J. |
| 34 | EXHIBIT(S) - F (Motion #1)<br>RPAPL 1304 90-Day Pre-Foreclosure Notice | Processed | 09/26/2023 | Thibaut, J. |
| 35 | EXHIBIT(S) - G (Motion #1)<br>RPAPL 1306 Proof of Filing | Processed | 09/26/2023 | Thibaut, J. |
| 36 | EXHIBIT(S) - H (Motion #1)<br>Department of Defense Search results | Processed | 09/26/2023 | Thibaut, J. |
| 37 | EXHIBIT(S) - I (Motion #1)<br>Summons and Complaint | Processed | 09/26/2023 | Thibaut, J. |
| 38 | EXHIBIT(S) - J (Motion #1)<br>Notices of Pendency | Processed | 09/26/2023 | Thibaut, J. |
| 39 | EXHIBIT(S) - K (Motion #1)<br>Affidavits of Service | Processed | 09/26/2023 | Thibaut, J. |
| 40 | EXHIBIT(S) - L (Motion #1)<br>Affidavit of Service by Mail pursuant to CPLR 3215(g)(3) | Processed | 09/26/2023 | Thibaut, J. |
| 41 | EXHIBIT(S) - M (Motion #1)<br>Affidavit in Support | Processed | 09/26/2023 | Thibaut, J. |
| 42 | EXHIBIT(S) - N (Motion #1)<br>Attorney's Affirmation of Settlement Conference<br>Compliance | Processed | 09/26/2023 | Thibaut, J. |
| 43 | ORDER ( PROPOSED ) (Motion #1)<br>PROPOSED ORDER OF REFERENCE AND DEFAULT<br>JUDGMENT | Processed | 09/26/2023 | Thibaut, J. |

NYSCEF
Orange County Supreme Court

**Document List**
**Index #  EF007269-2022**                     Created on:12/23/2025 09:48 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 44 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #1) AFFIRMATION OF MIALING: NOTICE OF MOTION FOR ORDER OF REFERENCE, PROPOSED ORDER, AND REQUEST FOR JUD | Processed | 09/26/2023 | Thibaut, J. |
| 45 | RJI -RE: NOTICE OF MOTION (Motion #1) | Processed | 09/26/2023 | Thibaut, J. |
| 46 | ADDENDUM - FORECLOSURE (840F) (Motion #1) | Processed | 09/26/2023 | Thibaut, J. |
| 47 | ORDER - REFERENCE (Motion #1) | Processed | 12/18/2023 | Court User |
| 48 | NOTICE OF ENTRY ORDER OF REFERENCE AND DEFAULT JUDGMENT | Processed | 12/19/2023 | Thibaut, J. |
| 49 | AFFIDAVIT Affidavit of Mailing, Notice of Entry | Processed | 12/19/2023 | Thibaut, J. |
| 50 | OATH Referee's Oath | Processed | 02/26/2024 | Caulfield, G. |
| 51 | REFEREE REPORT OF AMOUNT DUE Referee's Report of Amount Due | Processed | 02/26/2024 | Caulfield, G. |
| 52 | EXHIBIT(S) - 1 Exhibit 1 (Order Appoint Referee to Compute) | Processed | 02/26/2024 | Caulfield, G. |
| 53 | EXHIBIT(S) - 2 Exhibit 2 (Affidavit of Merit and Amounts Due & POA) | Processed | 02/26/2024 | Caulfield, G. |
| 54 | EXHIBIT(S) - A Exhibit A (Note) | Processed | 02/26/2024 | Caulfield, G. |
| 55 | EXHIBIT(S) - B Exhibit B (Recorded Mortgage) | Processed | 02/26/2024 | Caulfield, G. |
| 56 | EXHIBIT(S) - C Exhibit C (Assignments of Mortgage) | Processed | 02/26/2024 | Caulfield, G. |
| 57 | EXHIBIT(S) - D Exhibit D (Business Records and Loan History) | Processed | 02/26/2024 | Caulfield, G. |
| 58 | NOTICE OF MOTION (Motion #2) Notice of Motion for Judgment of Foreclosure and Sale | Processed | 03/06/2024 | Thibaut, J. |
| 59 | AFFIRMATION / AFFIDAVIT OF REGULARITY (Motion #2) Affirmation of Regularity | Processed | 03/06/2024 | Thibaut, J. |
| 60 | EXHIBIT(S) - A (Motion #2) Mortgage | Processed | 03/06/2024 | Thibaut, J. |
| 61 | EXHIBIT(S) - B (Motion #2) Assignments of Mortgage | Processed | 03/06/2024 | Thibaut, J. |
| 62 | EXHIBIT(S) - C (Motion #2) Notice of Entry - Order of Reference | Processed | 03/06/2024 | Thibaut, J. |
| 63 | EXHIBIT(S) - D (Motion #2) Oath & Report | Processed | 03/06/2024 | Thibaut, J. |
| 64 | EXHIBIT(S) - E (Motion #2) SCRA | Processed | 03/06/2024 | Thibaut, J. |

NYSCEF

Orange County Supreme Court

**Document List**

**Index #   EF007269-2022**        Created on:12/23/2025 09:48 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 65 | EXHIBIT(S) - F (Motion #2)<br>Certificate of Merit | Processed | 03/06/2024 | Thibaut, J. |
| 66 | EXHIBIT(S) - G (Motion #2)<br>Successive Notice of Pendency | Processed | 03/06/2024 | Thibaut, J. |
| 67 | EXHIBIT(S) - H (Motion #2)<br>AOS & NOA | Processed | 03/06/2024 | Thibaut, J. |
| 68 | BILL OF COSTS (Motion #2)<br>Costs of Plaintiff | Processed | 03/06/2024 | Thibaut, J. |
| 69 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #2)<br>Affirmation of Services Rendered | Processed | 03/06/2024 | Thibaut, J. |
| 70 | AFFIRMATION (Motion #2)<br>Affirmation of Settlement Conference Compliance | Processed | 03/06/2024 | Thibaut, J. |
| 71 | ORDER ( PROPOSED ) (Motion #2)<br>Judgment of Foreclosure and Sale | Processed | 03/06/2024 | Thibaut, J. |
| 72 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #2)<br>Affidavit of Mailing Notice of Motion for a Judgment of Foreclosure and Sale | Processed | 03/06/2024 | Thibaut, J. |
| 73 | JUDGMENT - SIGNED BY COURT TO COUNTY CLERK (Motion #2) | Processed | 05/06/2024 | Court User |
| 74 | JUDGMENT OF FORECLOSURE AND SALE | Processed | 05/07/2024 | Court User |
| 75 | NOTICE OF ENTRY<br>JUDGMENT OF FORECLOSURE AND SALE | Processed | 05/15/2024 | Khurana, J. |
| 76 | AFFIRMATION<br>Affirmation of Mailing, Notice of Entry | Processed | 05/15/2024 | Khurana, J. |
| 77 | NOTICE OF SALE<br>With Covid Policy | Processed | 06/06/2024 | Nardolillo, M. |
| 78 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Mailing-Notice of Sale | Processed | 06/06/2024 | Nardolillo, M. |
| 79 | NOTICE OF MOTION (Motion #3)  *Corrected*<br>Notice of motion to vacate and dismiss | Processed | 07/08/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 80 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) (Motion #3) *Corrected*<br>Fee Waiver | Processed | 07/08/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 81 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION)<br>Refile - Doc #80 had incorrect attachment | Processed | 07/08/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 82 | NOTICE OF REJECTION (Motion #3)<br>Notice of Return and Rejection of Pro Se Defendant's Improper Notice of Motion | Processed | 07/11/2024 | Monahan, S. |
| 83 | LETTER / CORRESPONDENCE TO JUDGE<br>Request for adjournment of motion and foreclosure sale | Processed | 07/11/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 84 | COURT NOTICE | Processed | 07/12/2024 | Court User |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 85 | LETTER / CORRESPONDENCE TO JUDGE (Motion #3) <br> Letter to Court Opposing Defendants' Request for Adjournment | Processed | 07/12/2024 | Monahan, S. |
| 86 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION (Motion #3) <br> Affirmation In Opposition To Defendants Motion To Dismiss | Processed | 07/12/2024 | Monahan, S. |
| 87 | EXHIBIT(S) - A (Motion #3) <br> A copy of the Order dismissing the Bankruptcy. | Processed | 07/12/2024 | Monahan, S. |
| 88 | NOTICE OF MOTION (Motion #4)  *Corrected* <br> Notice of motion to vacate and dismiss | Processed | 07/15/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 89 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) (Motion #4) <br> Fee Waiver | Processed | 07/12/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 90 | LETTER / CORRESPONDENCE TO JUDGE JUDICIAL NOTICE OR LACK OF JURISDICATION OF THE COURT | Processed | 07/18/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 91 | NOTICE OF REJECTION (Motion #4) <br> Notice of Return and Rejection of Improper Judicial Notice | Processed | 07/19/2024 | Monahan, S. |
| 92 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #4) <br> Affirmation of Mailing of Notice of Rejection and Return of Improper Judicial Notice | Processed | 07/19/2024 | Monahan, S. |
| 93 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION (Motion #4) <br> Affirmation in Opposition to Defendants' Motion to Dismiss | Processed | 07/19/2024 | Monahan, S. |
| 94 | EXHIBIT(S) - A (Motion #4) <br> Order Dismissing Bankruptcy | Processed | 07/19/2024 | Monahan, S. |
| 95 | EXHIBIT(S) - B (Motion #4) <br> NOM to Discontinue (June 1, 2022) | Processed | 07/19/2024 | Monahan, S. |
| 96 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #4) <br> Affirmation of Mailing of Affirmation in Opposition to Defendant's Motion, with Exhibits | Processed | 07/19/2024 | Monahan, S. |
| 97 | NOTICE OF REMOVAL / REMAND (POST RJI) *Corrected* <br> Notice of Removal to Federal Court | Processed | 07/22/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 98 | NOTICE OF REMOVAL / REMAND (POST RJI) <br> Notice of Removal to Federal Court | Processed | 07/22/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 99 | NOTICE OF BANKRUPTCY (POST RJI) <br> Notice of Bankruptcy | Processed | 07/22/2024 | Amelio, C. (Pro Hac / Pro Se) |
| 100 | COURT NOTICE | Processed | 07/23/2024 | Court User |
| 100-1 | ATTACHMENT TO COURT NOTICE | Processed | 07/23/2024 | Court User |
| 101 | LETTER / CORRESPONDENCE TO JUDGE <br> Letter Regarding Court Notice date July 23, 2024 | Processed | 07/23/2024 | Amelio, C. (Pro Hac / Pro Se) |

NYSCEF

Orange County Supreme Court

**Document List**

**Index #  EF007269-2022**          Created on:12/23/2025 09:48 PM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 102 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter to Court Regarding Bankruptcy | Processed | 07/24/2024 | Monahan, S. |
| 103 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service for Letter to Court | Processed | 07/24/2024 | Monahan, S. |
| 104 | NOTICE OF REJECTION<br>Notice of Rejection of Frivolous Notice of Removal | Processed | 07/29/2024 | Monahan, S. |
| 105 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 07/29/2024 | Monahan, S. |
| 106 | NOTICE OF REMOVAL / REMAND (POST RJI)<br>Notice of Remand - U.S. District Court, Southern District<br>of NY remanding action back to the Supreme | Processed | 08/28/2024 | Monahan, S. |
| 107 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Mailing - Notice of Remand | Processed | 08/28/2024 | Monahan, S. |
| 108 | OTHER COURT FILED DOCUMENT<br>Federal Court Docket | Processed | 08/28/2024 | Court User |
| 109 | NOTICE OF BANKRUPTCY (POST RJI)<br>Notice of Bankruptcy and Automatic Stay | Processed | 08/30/2024 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 110 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service | Processed | 08/30/2024 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 111 | DECISION + ORDER ON MOTION (Motion #3) | Processed | 11/06/2024 | Court User |
| 112 | DECISION + ORDER ON MOTION (Motion #4) | Processed | 11/06/2024 | Court User |
| 113 | LETTER / CORRESPONDENCE TO JUDGE<br>Bankruptcy Stay Lifted Letter | Processed | 11/13/2024 | Nardolillo, M. |
| 114 | NOTICE OF ENTRY<br>Decision and Order | Processed | 11/26/2024 | Famulari, J. |
| 115 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Mailing - Notice of Entry | Processed | 11/26/2024 | Famulari, J. |
| 116 | NOTICE OF APPEAL/INFORMATIONAL<br>STATEMENT/COPY OF ORDER/PROOF OF SERVICE<br>Notice of Appeal, Copy of Order, Informational<br>Statement, Affirmaiton of Service | Processed | 12/26/2024 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 117 | NO FEE AUTHORIZATION<br>(LETTER/ORDER/AFFIRMATION) | Processed | 12/26/2024 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 118 | REFEREE REPORT OF SALE | Processed | 12/02/2025 | Nardolillo, M. |
| 119 | FORECLOSURE ACTION SURPLUS MONIES FORM | Processed | 12/02/2025 | Nardolillo, M. |
| 120 | NOTICE OF REMOVAL / REMAND (POST RJI)<br>Notice to State Court and Adverse Parties of Removal of<br>Action to Federal Court and STAY | Pending | 12/02/2025 | Amelio, C. (Pro Hac /<br>Pro Se) |
| 121 | DEMAND FOR:<br>Demand for Judicial Notice of Plaintiff, Parties and<br>Counsel Proceeding Unlawfully Without Jurisdict | Processed | 12/02/2025 | Amelio, C. (Pro Hac /<br>Pro Se) |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 122 | NOTICE OF REJECTION<br>Notice of Rejection of Defendants' Second Frivolous Notice of Removal | Processed | 12/04/2025 | Monahan, S. |
| 123 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service of Notice of Rejection | Processed | 12/04/2025 | Monahan, S. |
| 124 | LETTER / CORRESPONDENCE TO JUDGE<br>SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE | Pending | 12/05/2025 | Amelio, C. (Pro Hac / Pro Se) |
| 125 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service | Processed | 12/05/2025 | Amelio, C. (Pro Hac / Pro Se) |
| 126 | NOTICE OF REJECTION<br>Notice of Return and Rejection of Supplemental Request for Judicial Notice | Processed | 12/09/2025 | Monahan, S. |
| 127 | NOTICE OF REMOVAL / REMAND (POST RJI)<br>Notice of Remand | Pending | 12/15/2025 | Monahan, S. |
| 128 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service of Notice of Remand | Processed | 12/15/2025 | Monahan, S. |

# EXHIBIT 6



A Limited Liability Partnership formed in the State of New York

85 Broad Street, Suite 501, New York, NY 10004
Telephone: (212) 471-5100 | Facsimile: (212) 471-5150

December 5, 2025

*Via ECF*
Hon. Edgardo Ramos
United States District Court, Southern District of New York

      **RE:**   **U.S. Bank Trust National Association, as trustee of Tiki Series V Trust v. Alfonso Amelio, Carmine Amelio, Paul Amelio,** *et al*.
             **Case No.:**     **1:25-cv-10022-ER**
             **File No.:**      **220710**

Dear Hon. Ramos,

      We represent Plaintiff U.S. Bank Trust National Association, as trustee of Tiki Series V Trust. We write to request that the Court remand this action back to the New York Supreme Court, Orange County as the notice of removal was untimely, the District Court lacks subject matter jurisdiction, the case was remanded when Defendants previously attempted to remove it, and the State Court Action is no longer pending. In the alternative, we request that the Court schedule a pre-motion conference for a motion to remand this action back to the New York Supreme Court, Orange County, and for sanctions against Defendants for their frivolous notice of removal.

      **A.  Background**

      On December 19, 2022, Plaintiff commenced this foreclosure action in New York Supreme Court, Orange County, to foreclose on a Note executed by Carmine Amelio as attorney in fact for Alfonso Amelio (hereinafter "Borrower") and Mortgage executed by Carmine Amelio as attorney in fact for Alfonso Amelio, Carmine Amelio and Paul Amelio secured by the property known as 17 Grant Street, Middletown, NY 10940 (hereinafter "Mortgaged Premises"). *See* Docket No. 1, pp 20-170.  The Defendants defaulted on the Note and Mortgage by failing to make the monthly installment payment due May 1, 2015.

      Defendants failed to timely appear and on September 26, 2023, Plaintiff filed a motion for a default judgment and order of reference. Defendants did not oppose Plaintiff's motion. On December 18, 2023, the Court granted Plaintiff's motion and entered a default judgment and order of reference. On March 6, 2024, Plaintiff filed a motion for a judgment of foreclosure and sale. Defendants did not oppose Plaintiff's motion. On May 7, 2024, the Court granted Plaintiff's motion and entered a judgment of foreclosure and sale. *See* Docket No. 1, pp. 204-216.

Plaintiff scheduled a foreclosure sale for July 22, 2024. On July 5, 2024, Defendants filed a motion to dismiss that failed to give Plaintiff timely notice of the motion. On July 12, 2024, Defendants requested an adjournment of their motion to dismiss. In response, the Supreme Court advised that the judge was not available and would not see the request until after July 22, 2024. On July 15, 2024, Defendants re-filed their motion to dismiss with a proper return date. On July 20, 2024, Plaintiff filed an opposition. On November 24, 2024, the Supreme Court denied Defendants' motion to dismiss.

On July 22, 2024, the Mortgaged Premises sold at the foreclosure sale to a third party.

On July 22, 2024, the same day as the foreclosure sale, Defendants filed a notice of removal in New York Supreme Court, Orange County. The Federal Action was assigned Case No,. 7:24-cv-05615-CS. On August 2, 2024, Plaintiff filed a letter requesting a pre-motion conference for a motion to remand. On August 5, 2025, the Court issued an order to show cause to Defendants ordering Defendants to show cause in writing why the action should not be remanded for being untimely, for failing to have consent from all defendants for removal, and for lack of jurisdiction. On August 22, 2024, the action was remanded back to New York Supreme Court, Orange County.

On December 2, 2025, 16 months after the Mortgaged Premises was sold to a third party at the foreclosure sale, Defendants filed a second notice of removal in New York Supreme Court, Orange County.

### B. This Action Should be Remanded back to State Court as the Foreclosure Action is Final

This action should be remanded back to state court as the foreclosure action is final. A foreclosure action becomes final after the entry of a judgment of foreclosure and the valid sale of the property at auction. *Sakala v Bank of New York Mellon*, 172 AD3d 640 (1st Dept 2019). Here, a judgment of foreclosure and sale was entered May 7, 2024, and the Mortgaged Premises was sold at a foreclosure sale on July 22, 2024. Accordingly, the foreclosure action is final.

### C. This Action Should be Remanded back to State Court as the Notice of Removal was Untimely and the District Court Lacks Subject Matter Jurisdiction

Notwithstanding that the action is final, this action should be remanded back to state court as Defendants' notice of removal was untimely, not all defendants have joined or consented to removal, and the District Court lacks subject matter jurisdiction.

Pursuant to 28 USC § 1446(b), a notice of removal shall be filed within 30 days after receipt by the defendant of a copy of the initial pleading. The 30-day time period begins to run when the last defendant is served. *Pietrangelo v Alvas Corp.*, 686 F3d 62 (2d Cir 2012). The 30-day time period is mandatory, and an untimely notice of removal requires the case be remanded. *Burr ex rel. Burr v Toyota Motor Credit Co.*, 478 F Supp 3d 432 (SDNY 2006). Here, the last defendant was served on April 14, 2023. Defendants did not file their notice of removal until December 2, 2025, over 31 months after the last defendant was served. Accordingly, Defendants' notice of

removal is untimely and this case must be remanded back to the New York State Supreme Court, Orange County.

All defendants properly joined and served must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Here, the notice of removal was purportedly filed by defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio. However, it is only signed by Carmine Amelio. There is no indication that Alfonso Amelio and Paul Amelio have given their consent to removal, and as a non-attorney Carmine Amelio is not permitted to represent them in federal court. *KLA v. Windham Se. Supervisory Union*, 348 F. App'x 604, 605-06 (2d Cir. 2009). Defendants Deborah Piazza and Roberta Perry are not mentioned at all in the notice of removal, and their consent is required for removal. Accordingly, this case must be remanded back to the New York State Supreme Court, Orange County.

The District Court also lacks subject matter jurisdiction. When the district court lacks subject matter jurisdiction, the case shall be remanded. 28 USC § 1447(c).

Defendants' notice of removal seeks removal pursuant to both 28 USC § 1441(a) and 28 USC § 1441(b). 28 USC § 1441(a) provides for removal where the district court has original jurisdiction. 28 USC § 1441(b) provides for removal on the basis of diversity jurisdiction.

For the District Court to have original jurisdiction, the action must arise under the Constitution, laws, or treaties of the United States. 28 USC § 1331. A defendant may not remove a case to federal court under 28 USC § 1331 unless the plaintiff's complaint establishes that the case arises under federal law. *Franchise Tax Bd. of State of Cal. v Constr. Laborers Vacation Tr. for S. California*, 463 US 1, 103 S Ct 2841, 77 L Ed 2d 420 (1983). A foreclosure action is a state law claim and does not present a federal question. *MB Fin. Bank, N.A. v 56 Walker, LLC*, 11 CIV. 5538 JGK, 2011 WL 6338808 (SDNY Dec. 19, 2011). An action may not be removed to federal court based on an alleged defense or counterclaim. *Caterpillar Inc. v Williams*, 482 US 386, 107 S Ct 2425, 96 L Ed 2d 318 (1987); *Town of Southold v Go Green Sanitation, Inc.*, 949 F Supp 2d 365 (EDNY 2013). Furthermore, when an action is removable solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 USC 1446(b)(2)(A); *56 Walker,* 2011 WL 6338808.

Here, Plaintiff commenced this foreclosure action pursuant to state law and Plaintiff's foreclosure action does not arise under federal law. Defendants base their section 1441(a) removal on their alleged defenses and counterclaims, and alleged delays by the Appellate Division, Second Department that Defendants claim violate the First and Fourteenth Amendments, and the American with Disabilities Act. Defendants' alleged defenses and counterclaims cannot be the basis for removal. The timeline of extension requests provided by Defendants demonstrates that the purported delays in the Appellate Division, Second Department are not due to the deprivation of any of Defendant's rights, but due to Defendant's inability to follow the same timelines and procedures that all parties must follow. Defendants claim impropriety because they requested a 90 day extension of time to perfect but were only given 60 days, requested a 60 day extension and were only given 30, and when they requested a third 60 day extension they were directed to file a motion. Pursuant to rule 1250.9 (b) of the Practice Rules of the Appellate Division, an appellant may apply by letter to extend the time to perfect an appeal up to 60 days. They can request a second

extension for up to an additional 30 days. Any further extension shall be made by motion. Accordingly, the Appellate Division, Second Department did not deprive Defendants of their rights, but followed the Practice Rules of the Appellate Division.  Therefore, there is no federal question and the District Court lacks subject matter jurisdiction pursuant to section 1331.

An action may not be removed to federal court under 28 USC § 1332(a) if any defendant is a citizen of the State in which the action is brought. 28 USC § 1441(b)(2). Defendant Roberta Perry s/h/a Jane Doe #1 is a citizen of New York. *See* Docket No. 1, p. 171. Accordingly, the District Court lacks subject matter jurisdiction pursuant to section 1332(a) and this case must be remanded.

### D.  Plaintiff Should be Awarded Costs and Attorney's Fees and Defendants Should be Enjoined from Filing any Further Notices of Removal

Pursuant to 28 USC § 1447(c), when a case is remanded the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal." An award is appropriate when there is the absence of any reasonable basis for the removal. *Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532*, 867 F Supp 245 (SDNY 1994). As discussed, there is no reasonable basis for the removal of this action. Furthermore, Defendants already removed the action once and it was promptly remanded. Defendant's second removal suffers from the same deficiencies as the first one. The Court should also enjoin Defendants from filing any further notices of removal. An injunction is appropriate when a defendant files multiple frivolous notices of removal to prevent the defendant form abusing the court system by harassing their opponents. *See* 28 USC § 1651(a); *U.S. Bank N.A. v Jefferson*, 314 F Supp 3d 768 (SD Tex 2018).

Accordingly, we request that the Court remand this action back to the New York Supreme Court, Orange County, award Plaintiff costs and attorney's fees, and enjoin Defendants from filing any further notices of removal. In the alternative, we request that the Court schedule a pre-motion conference for a motion to remand.

We thank the Court for Your Honor's time and consideration herein.  Should you have any questions, please do not hesitate to contact the undersigned.

Respectfully submitted,

*/s Sean K. Monahan*

Sean K. Monahan, Esq.

Cc:

Carmine P. Amelio          Paul Amelio
32 Main Street             37 Main Street #337
New Milford, CT 06776    New Milford CT 06776

Alfonso Amelio
160 East 89th Street, Apt 4F
New York, NY 10128

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION, AS       Case No. 1:25-cv-10022-ER
TRUSTEE OF TIKI SERIES V TRUST,

**CERTIFICATE OF SERVICE**

                                                    Plaintiff

              -against-


ALFONSO AMELIO; CARMINE AMELIO; PAUL
AMELIO; et al


                                                    Defendants
-------------------------------------------------------------------X

      Tristan Villanueva, hereby affirms pursuant to 29 CFR 18.30(a)(3) that:

      On December 8, 2025, I served a true copy of the annexed PRE-MOTION CONFERENCE REQUEST LETTER by sending a copy by USPS First Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Paul Amelio
37 Main Street #337
New Milford, CT 06776
Delivery Method: USPS First Class Mail

Alfonso Amelio
60 East 89th Street, Apt 4F
New York, NY 10128
Delivery Method: USPS First Class Mail

Alfonso Amelio
32 Main Street
New Milford, CT 06776
Delivery Method: USPS First Class Mail

I affirm this 8th day of December, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____

Tristan Villanueva
12/08/2025

# EXHIBIT 7

| AO 10<br>Rev. 1/2019 | **FINANCIAL DISCLOSURE REPORT**<br>**FOR CALENDAR YEAR 2023** | *Report Required by the Ethics*<br>*in Government Act of 1978*<br>*(5 U.S.C. app. §§ 101-111)* |
|---|---|---|

| 1. Person Reporting (last name, first, middle initial)<br><br>Ramos, Edgardo | 2. Court or Organization<br><br>United States District Court, Southern District of New York | 3. Date of Report<br><br>07/25/2024 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>United States District Judge | 5a. Report Type (check appropriate type)<br><br>☐ Nomination      Date<br>☐ Initial    ☑ Annual    ☐ Final<br><br>5b.  ☐  Amended Report | 6. Reporting Period<br><br>01/01/2023<br>**to**<br>12/31/2023 |

| 7. Chambers or Office Address<br><br>Thurgood Marshall United States Courthouse<br>40 Foley Square<br>Suite 410<br>New York, New York 10007 |
|---|

| ***IMPORTANT NOTES:*** **The instructions accompanying this form must be followed. Complete all parts,**<br>**checking the NONE box for each part where you have no reportable information.** |
|---|

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☑ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

| **FINANCIAL DISCLOSURE REPORT** | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 2 of 21 | **Ramos, Edgardo** | 07/25/2024 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME<br>(yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

**FINANCIAL DISCLOSURE REPORT**

Page 3 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

✔ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

✔ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 4 of 21 | Ramos, Edgardo | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐    NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1.   00-JP Morgan Chase Checking and Savings accounts | A | Interest | K | T | | | | | |
| 2.   -M&T Bank f/k/a People's Bank Checking and Savings accounts | A | Interest | K | T | | | | | |
| 3.   -Bank of America Checking and Savings accounts | A | Interest | J | T | | | | | |
| 4.   -Bank of America Checking and Savings | A | Interest | N | T | | | | | |
| 5. | | | | | | | | | |
| 6.   -Schwab Retirement Account | | | | | | | | | |
| 7.   -T. Rowe Price Retirement 2025 | A | Dividend | O | T | | | | | |
| 8. | | | | | | | | | |
| 9.   TIAA CREF Retirement Accounts | | | | | | | | | |
| 10.   - TIAA Traditional | A | Dividend | M | T | | | | | |
| 11.   - CREF Stock | A | Dividend | N | T | | | | | |
| 12.   - CREF Equity Index | A | Dividend | L | T | | | | | |
| 13.   - CREF Global Equities | A | Dividend | L | T | | | | | |
| 14.   --CREF Bond Market | A | Dividend | K | T | | | | | |
| 15.   - CREF Inflation-Linked Bond | A | Dividend | J | T | | | | | |
| 16.   - CREF Money Market Fund | A | Dividend | J | T | | | | | |
| 17.   -Fidelity Retirement Account | | | | | | | | | |

1. Income Gain Codes:          A =$1,000 or less          B =$1,001 - $2,500          C =$2,501 - $5,000          D =$5,001 - $15,000          E =$15,001 - $50,000
(See Columns B1 and D4)        F =$50,001 - $100,000      G =$100,001 - $1,000,000   H1 =$1,000,001 - $5,000,000   H2 =More than $5,000,000
2. Value Codes                 J =$15,000 or less         K =$15,001 - $50,000       L =$50,001 - $100,000        M =$100,001 - $250,000
(See Columns C1 and D3)        N =$250,001 - $500,000     O =$500,001 - $1,000,000   P1 =$1,000,001 - $5,000,000   P2 =$5,000,001 - $25,000,000
                               P3 =$25,000,001 - $50,000,000                          P4 =More than $50,000,000
3. Value Method Codes          Q =Appraisal               R =Cost (Real Estate Only) S =Assessment                T =Cash Market
(See Column C2)                U =Book Value              V =Other                   W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 5 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐  NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18.    - Fidelity Contrafund | A | Dividend | M | T | | | | | |
| 19.    - Fidelity Intermediate Government Income fund | A | Dividend | J | T | | | | | |
| 20.    -Fidelity Government Money Market | A | Dividend | J | T | | | | | |
| 21.    -JPMCB SR DRE 2030 CF | A | Dividend | K | T | | | | | |
| 22.    -JPMCB SR DRE 2025 CF | A | Dividend | N | T | | | | | |
| 23. | | | | | | | | | |
| 24.    -MIP II CL 2 | A | Dividend | N | T | | | | | |
| 25.    -FID 500 Index IPR | A | Dividend | M | T | | | | | |
| 26.    -TRP Equity Income | A | Dividend | K | T | | | | | |
| 27.    -WT CIF II CR PL BD I | A | Dividend | K | T | | | | | |
| 28.    -Van Real EST Inx Adm | A | Dividend | J | T | | | | | |
| 29.    -Rothchild SMCP Core | A | Dividend | L | T | | | | | |
| 30.    AF Europac Growth R6 | A | Dividend | J | T | | | | | |
| 31.    -CT Higher Education Trust Moderate Managed Allocation | | None | K | T | | | | | |
| 32. | | | | | | | | | |
| 33.    Brokerage Account # 1 | | | | | | | | | |
| 34.    - ML Bank Deposit Program | D | Interest | N | T | | | | | |

1. Income Gain Codes:          A =$1,000 or less          B =$1,001 - $2,500          C =$2,501 - $5,000          D =$5,001 - $15,000          E =$15,001 - $50,000
   (See Columns B1 and D4)      F =$50,001 - $100,000      G =$100,001 - $1,000,000   H1 =$1,000,001 - $5,000,000   H2 =More than $5,000,000
2. Value Codes                 J =$15,000 or less          K =$15,001 - $50,000        L =$50,001 - $100,000        M =$100,001 - $250,000
   (See Columns C1 and D3)      N =$250,001 - $500,000      O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000   P2 =$5,000,001 - $25,000,000
                               P3 =$25,000,001 - $50,000,000                            P4 =More than $50,000,000
3. Value Method Codes          Q =Appraisal               R =Cost (Real Estate Only)  S =Assessment               T =Cash Market
   (See Column C2)              U =Book Value              V =Other                    W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 6 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐  NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 35.  -7.0% GNMA Bond | B | Interest | K | T | | | | | |
| 36.  -5.35% GNMA Bond | B | Interest | K | T | | | | | |
| 37.  -5.37% GNMA Bond | B | Interest | K | T | | | | | |
| 38.  -5.37% GNMA Bond | B | Interest | K | T | | | | | |
| 39.  -5.38% GNMA Bond | B | Interest | K | T | | | | | |
| 40.  -5.0% MD GO Bond 3/1/26 | A | Interest | | | Redeemed | 03/01/23 | J | | |
| 41.  -5.0% UT Bond 7/1/24 | A | Interest | J | T | | | | | |
| 42.  -5.0% Miami Dade School Bond 3/15/25 | A | Interest | | | Redeemed | 03/15/23 | J | | |
| 43.  -5.0% University of MO Bond 11/1/25 | A | Interest | J | T | | | | | |
| 44.  -4.0% Illinois Sales Tax Bond 6/15/28 | A | Interest | J | T | | | | | |
| 45.  -5.0% Carnel IN Bond 7/15/30 | A | Interest | K | T | | | | | |
| 46.  -5.0% Truckee Meadows NV Water Bond 7/1/34 | A | Interest | J | T | | | | | |
| 47.  -ABB Ltd | A | Dividend | J | T | | | | | |
| 48.  -Abbot Labs | A | Dividend | K | T | | | | | |
| 49.  -Abbvie | A | Dividend | K | T | | | | | |
| 50.  -American Tower REIT | A | Dividend | J | T | | | | | |
| 51.  -American Water Works | A | Dividend | J | T | | | | | |

1. Income Gain Codes:    A =$1,000 or less    B =$1,001 - $2,500    C =$2,501 - $5,000    D =$5,001 - $15,000    E =$15,001 - $50,000
    (See Columns B1 and D4)    F =$50,001 - $100,000    G =$100,001 - $1,000,000    H1 =$1,000,001 - $5,000,000    H2 =More than $5,000,000
2. Value Codes    J =$15,000 or less    K =$15,000 - $50,000    L =$50,001 - $100,000    M =$100,001 - $250,000
    (See Columns C1 and D3)    N =$250,001 - $500,000    O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000    P2 =$5,000,001 - $25,000,000
    P3 =$25,000,001 - $50,000,000    P4 =More than $50,000,000
3. Value Method Codes    Q =Appraisal    R =Cost (Real Estate Only)    S =Assessment    T =Cash Market
    (See Column C2)    U =Book Value    V =Other    W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 7 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 52.   -American Electric Power | A | Dividend | J | T | | | | | |
| 53.   -Apple Inc | A | Dividend | J | T | | | | | |
| 54.   -ASML Holdings | A | Dividend | J | T | | | | | |
| 55.   -AstraZeneca PLC | A | Dividend | J | T | | | | | |
| 56.   -A T & T | A | Dividend | J | T | | | | | |
| 57.   -ADP | A | Dividend | J | T | | | | | |
| 58.   -Baidu | | None | J | T | | | | | |
| 59.   -BHP Group LTD | A | Dividend | J | T | | | | | |
| 60.   -Blockrock Inc | A | Dividend | J | T | | | | | |
| 61.   -BAT ADR | A | Dividend | J | T | | | | | |
| 62.   -Candian Natural Resources LTD | A | Dividend | J | T | | | | | |
| 63.   -Carnival Corp | | None | J | T | | | | | |
| 64.   -Chemex ADR | | None | J | T | | | | | |
| 65.   -Chemours | A | Dividend | J | T | | | | | |
| 66.   -China Pete Chem ADR | A | Dividend | | | Sold | 06/26/23 | J | A | |
| 67.   -Chubb LTD | A | Dividend | J | T | | | | | |
| 68.   -Citigroup | A | Dividend | J | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

# FINANCIAL DISCLOSURE REPORT
Page 8 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| Ramos, Edgardo | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 69.    -Citizens Financial Group | A | Dividend | J | T | | | | | |
| 70.    -CME Group Inc | A | Dividend | J | T | | | | | |
| 71.    -Coca Cola Com | A | Dividend | J | T | | | | | |
| 72.    -Coca Cola European | A | Dividend | J | T | | | | | |
| 73.    -Comcast Corp | A | Dividend | J | T | | | | | |
| 74.    -ConAgra Foods | A | Dividend | J | T | | | | | |
| 75.    -COPA Holdings | A | Dividend | J | T | | | | | |
| 76.    -Corteva Inc | A | Dividend | J | T | | | | | |
| 77.    -Costco Wholesale | A | Dividend | J | T | | | | | |
| 78.    -CVS Health Corp | A | Dividend | J | T | | | | | |
| 79.    -Danaher Corp | A | Dividend | J | T | | | | | |
| 80.    -Diageo PLC | A | Dividend | J | T | | | | | |
| 81.    -Digital Realty | A | Dividend | J | T | | | | | |
| 82.    -Disney, Walt Co Common | | None | J | T | | | | | |
| 83.    -Dominion Energy Inc | A | Dividend | J | T | | | | | |
| 84.    -Dow Inc | A | Dividend | J | T | | | | | |
| 85.    -Dupont E.I. De Nemours | A | Dividend | J | T | | | | | |

1. Income Gain Codes:        A =$1,000 or less        B =$1,001 - $2,500        C =$2,501 - $5,000        D =$5,001 - $15,000        E =$15,001 - $50,000
   (See Columns B1 and D4)   F =$50,001 - $100,000   G =$100,001 - $1,000,000   H1 =$1,000,001 - $5,000,000   H2 =More than $5,000,000
2. Value Codes               J =$15,000 or less      K =$15,001 - $50,000      L =$50,001 - $100,000   M =$100,001 - $250,000
   (See Columns C1 and D3)    N =$250,001 - $500,000  O =$500,001 - $1,000,000  P1 =$1,000,001 - $5,000,000   P2 =$5,000,001 - $25,000,000
                             P3 =$25,000,001 - $50,000,000                     P4 =More than $50,000,000
3. Value Method Codes        Q =Appraisal            R =Cost (Real Estate Only)   S =Assessment           T =Cash Market
   (See Column C2)           U =Book Value           V =Other                  W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 9 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐    NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 86.    -Echo Lab | A | Dividend | J | T | | | | | |
| 87.    -Emerson Electric | A | Dividend | J | T | | | | | |
| 88.    -Fedex Corp | A | Dividend | J | T | | | | | |
| 89.    -Garrett Motion Inc | | None | J | T | | | | | |
| 90.    -GE Healthcare (X) | A | Dividend | J | T | Spinoff (from line 91) | 01/04/23 | J | | |
| 91.    -General Electric | A | Dividend | J | T | | | | | |
| 92.    -Gildan Activewear | A | Dividend | J | T | | | | | |
| 93.    -GlaxoSmithKline PLC ADR | A | Dividend | J | T | | | | | |
| 94.    -Grupo Televisa | A | Dividend | J | T | | | | | |
| 95.    -Home Depot Inc | A | Dividend | J | T | | | | | |
| 96.    -Honeywelll Intl | A | Dividend | J | T | | | | | |
| 97.    -Humana Inc | A | Dividend | J | T | | | | | |
| 98.    -ICICI Bank | A | Dividend | J | T | | | | | |
| 99.    -ING GP NV | A | Dividend | J | T | | | | | |
| 100.    -Ingersoll Rand PLC | A | Dividend | J | T | | | | | |
| 101.    -Intel Corp | A | Dividend | J | T | | | | | |
| 102.    -IBM Corp | A | Dividend | J | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

# FINANCIAL DISCLOSURE REPORT
Page 10 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 103.  -JP Morgan Chase | A | Dividend | J | T | | | | | |
| 104.  -Kimberly Clark | A | Dividend | J | T | | | | | |
| 105.  -Kraft (The) Heinz | A | Dividend | J | T | | | | | |
| 106.  -Lamb Western Holding Inc | A | Dividend | J | T | | | | | |
| 107.  -Lockheed Martin | A | Dividend | J | T | | | | | |
| 108.  -Manulife Financial Corp | A | Dividend | J | T | | | | | |
| 109.  -McDonalds Corp | A | Dividend | J | T | | | | | |
| 110.  -Medtronic PLC | A | Dividend | J | T | | | | | |
| 111.  -Melco Resorts | | None | J | T | | | | | |
| 112.  -Metlife Inc | A | Dividend | J | T | | | | | |
| 113.  -Microsoft | A | Dividend | J | T | | | | | |
| 114.  -Mitsubishi Financial Group Inc | A | Dividend | J | T | | | | | |
| 115.  -Mondelez Inc | A | Dividend | J | T | | | | | |
| 116.  -Netease.com Inc | A | Dividend | J | T | | | | | |
| 117.  -Nextera Energy Inc | A | Dividend | J | T | | | | | |
| 118.  -Occidental Pet Corp | A | Dividend | J | T | | | | | |
| 119.  -Paccar Inc. | A | Dividend | J | T | | | | | |

1. Income Gain Codes:    A =$1,000 or less    B =$1,001 - $2,500    C =$2,501 - $5,000    D =$5,001 - $15,000    E =$15,001 - $50,000
   (See Columns B1 and D4)    F =$50,001 - $100,000    G =$100,001 - $1,000,000    H1 =$1,000,001 - $5,000,000    H2 =More than $5,000,000
2. Value Codes    J =$15,000 or less    K =$15,001 - $50,000    L =$50,001 - $100,000    M =$100,001 - $250,000
   (See Columns C1 and D3)    N =$250,001 - $500,000    O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000    P2 =$5,000,001 - $25,000,000
    P3 =$25,000,001 - $50,000,000    P4 =More than $50,000,000
3. Value Method Codes    Q =Appraisal    R =Cost (Real Estate Only)    S =Assessment    T =Cash Market
   (See Column C2)    U =Book Value    V =Other    W =Estimated

**FINANCIAL DISCLOSURE REPORT**
Page 11 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| Ramos, Edgardo | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐     NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 120.   -Pampa Energia SA | | None | J | T | | | | | |
| 121.   -Pfizer | B | Dividend | K | T | | | | | |
| 122.   -Phillip Morris Intl Inc | A | Dividend | J | T | | | | | |
| 123.   -PPL Corp | A | Dividend | J | T | | | | | |
| 124.   -Proctor & Gamble | A | Dividend | K | T | | | | | |
| 125.   -Prologis Inc | A | Dividend | J | T | | | | | |
| 126.   -Prudential PLC | A | Dividend | J | T | | | | | |
| 127.   -Resideo Tech | | None | J | T | | | | | |
| 128.   - Shell PLC f/k/a Royal Dutch Shell PLC | A | Dividend | J | T | | | | | |
| 129.   -Sanofi ADR | A | Dividend | J | T | | | | | |
| 130.   -SAP SE | A | Dividend | J | T | | | | | |
| 131.   -SK Telecom | A | Dividend | J | T | | | | | |
| 132.   -Takeda Pharmaceutical Co | A | Dividend | J | T | | | | | |
| 133.   -TC Energy Corp | A | Dividend | J | T | | | | | |
| 134.   -Texas Instruments | A | Dividend | J | T | | | | | |
| 135.   -Thermo Fisher Scientific Inc | A | Dividend | J | T | | | | | |
| 136.   -TD Bank | A | Dividend | J | T | | | | | |

1. Income Gain Codes:  A =$1,000 or less  B =$1,001 - $2,500  C =$2,501 - $5,000  D =$5,001 - $15,000  E =$15,001 - $50,000
   (See Columns B1 and D4)  F =$50,001 - $100,000  G =$100,001 - $1,000,000  H1 =$1,000,001 - $5,000,000  H2 =More than $5,000,000
2. Value Codes  J =$15,000 or less  K =$15,001 - $50,000  L =$50,001 - $100,000  M =$100,001 - $250,000
   (See Columns C1 and D3)  N =$250,001 - $500,000  O =$500,001 - $1,000,000  P1 =$1,000,001 - $5,000,000  P2 =$5,000,001 - $25,000,000
   P3 =$25,000,001 - $50,000,000  P4 =More than $50,000,000
3. Value Method Codes  Q =Appraisal  R =Cost (Real Estate Only)  S =Assessment  T =Cash Market
   (See Column C2)  U =Book Value  V =Other  W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 12 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐  NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 137.  -Total SE | A | Dividend | J | T | | | | | |
| 138.  -Trane Technologies | A | Dividend | J | T | | | | | |
| 139.  -Trip.com | | None | J | T | | | | | |
| 140.  -UBS Group f/k/a Credit Suisse GP SP ADR | A | Dividend | J | T | | | | | |
| 141.  -Union Pacific Corp | A | Dividend | J | T | | | | | |
| 142.  -Vale SA | A | Dividend | J | T | | | | | |
| 143.  -Ventas Inc | A | Dividend | J | T | | | | | |
| 144.  -Veon LTD | | None | J | T | | | | | |
| 145.  -Verizon Communications | A | Dividend | J | T | | | | | |
| 146.  -Viatris Inc. | A | Dividend | J | T | | | | | |
| 147.  -VISA Inc | A | Dividend | J | T | | | | | |
| 148.  -Wabtec | A | Dividend | J | T | | | | | |
| 149.  -Abbey Capital Futures | A | Dividend | J | T | | | | | |
| 150.  -AQR Diversified | A | Dividend | J | T | | | | | |
| 151.  -Blackrock Global Long | A | Dividend | J | T | | | | | |
| 152.  -Blackrock Strategic | A | Dividend | J | T | | | | | |
| 153.  -Boston Partners Long | A | Dividend | J | T | | | | | |

1. Income Gain Codes:  A =$1,000 or less    B =$1,001 - $2,500    C =$2,501 - $5,000    D =$5,001 - $15,000    E =$15,000 - $50,000
(See Columns B1 and D4)    F =$50,001 - $100,000    G =$100,001 - $1,000,000    H1 =$1,000,001 - $5,000,000    H2 =More than $5,000,000
2. Value Codes    J =$15,000 or less    K =$15,000 - $50,000    L =$50,001 - $100,000    M =$100,001 - $250,000
(See Columns C1 and D3)    N =$250,001 - $500,000    O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000    P2 =$5,000,001 - $25,000,000
    P3 =$25,000,001 - $50,000,000    P4 =More than $50,000,000
3. Value Method Codes    Q =Appraisal    R =Cost (Real Estate Only)    S =Assessment    T =Cash Market
(See Column C2)    U =Book Value    V =Other    W =Estimated

**FINANCIAL DISCLOSURE REPORT**
Page 13 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| Ramos, Edgardo | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐  NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 154.  -Brandywine Global | A | Dividend | J | T | | | | | |
| 155.  -Consumer Discretionary SPDR | A | Dividend | J | T | | | | | |
| 156.  -Driehaus Event Driven | A | Dividend | J | T | | | | | |
| 157.  -FPA Crescent Fund | A | Dividend | J | T | | | | | |
| 158.  -Gotham Neutral Fund | | None | J | T | | | | | |
| 159.  -Healthcare Select SPDR | A | Dividend | J | T | | | | | |
| 160.  -Invesco Emerging Markets | A | Dividend | J | T | | | | | |
| 161.  -Invesco Preferred ETF | A | Dividend | J | T | | | | | |
| 162.  -IShares MSCI | A | Dividend | K | T | | | | | |
| 163.  -IShares IBOXX | A | Dividend | K | T | | | | | |
| 164.  -IShares TIPS | A | Dividend | J | T | | | | | |
| 165.  -IShares 3-7 Year | A | Dividend | K | T | | | | | |
| 166.  -IShares MBS | A | Dividend | K | T | | | | | |
| 167.  -IShares IBOX High Yield | A | Dividend | J | T | | | | | |
| 168.  -IShares INC CORE MSCI | A | Dividend | K | T | | | | | |
| 169.  -Neuberger Berman Long | A | Dividend | J | T | | | | | |
| 170.  -Real Estate Select SPDR | A | Dividend | J | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,000 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

# FINANCIAL DISCLOSURE REPORT
Page 14 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐   NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 171.  -Sector SPDR Consumer Stpl | A | Dividend | K | T | | | | | |
| 172.  -Sector SPDR Energy | A | Dividend | J | T | | | | | |
| 173.  -Sector SPDR Industrial | A | Dividend | K | T | | | | | |
| 174.  -Sector SPDR Utilities | A | Dividend | J | T | | | | | |
| 175.  -SPDR S&P Insurance | A | Dividend | J | T | | | | | |
| 176.  -Vaneck Vectors | A | Dividend | J | T | | | | | |
| 177.  -Vanguard Financials ETF | A | Dividend | J | T | | | | | |
| 178.  -Vanguard Value | A | Dividend | J | T | | | | | |
| 179.  -Vanguard Information Tech | A | Dividend | K | T | | | | | |
| 180.  -Vanguard Communication | A | Dividend | J | T | | | | | |
| 181.  -Vanguard Intermediate Bond Fund | B | Dividend | K | T | | | | | |
| 182.  -Vangaurd Short Tern Bond Fund | A | Dividend | K | T | | | | | |
| 183.  -Western Asset Macro | A | Dividend | J | T | | | | | |
| 184. | | | | | | | | | |
| 185.  Brokerage Account # 2 | | | | | | | | | |
| 186.  -Dreyfus Treasury Oblig CM Invest | E | Dividend | N | T | | | | | |
| 187.  -Linde PLC | A | Dividend | L | T | | | | | |

1. Income Gain Codes:          A =$1,000 or less          B =$1,001 - $2,500          C =$2,501 - $5,000          D =$5,001 - $15,000          E =$15,000 - $50,000
   (See Columns B1 and D4)     F =$50,001 - $100,000      G =$100,001 - $1,000,000    H1 =$1,000,001 - $5,000,000    H2 =More than $5,000,000
2. Value Codes                 J =$15,000 or less         K =$15,001 - $50,000        L =$50,001 - $100,000         M =$100,001 - $250,000
   (See Columns C1 and D3)      N =$250,001 - $500,000     O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000    P2 =$5,000,001 - $25,000,000
                               P3 =$25,000,001 - $50,000,000                         P4 =More than $50,000,000
3. Value Method Codes          Q =Appraisal               R =Cost (Real Estate Only)  S =Assessment                 T =Cash Market
   (See Column C2)              U =Book Value              V =Other                    W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 15 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 188.  -AT&T | A | Dividend | J | T | | | | | |
| 189.  -Abbott Labs | A | Dividend | L | T | | | | | |
| 190.  -Abbvie | B | Dividend | L | T | | | | | |
| 191.  -Alcoa Inc. | A | Dividend | J | T | | | | | |
| 192.  -Allstate Corp. | A | Dividend | K | T | | | | | |
| 193.  -American Airlines Group | | None | J | T | | | | | |
| 194.  -Cencore f/k/a Amerisource Bergen | A | Dividend | K | T | | | | | |
| 195.  -Amgen Inc. | B | Dividend | K | T | | | | | |
| 196.  -Arconic Inc | | None | | | Sold | 08/21/23 | J | A | |
| 197.  -BP PLC Spons ADR | A | Dividend | J | T | | | | | |
| 198. | | | | | | | | | |
| 199.  -Boeing Co Com | | None | K | T | | | | | |
| 200.  -Boston Scientific Corp | | None | K | T | | | | | |
| 201.  -Campbell Soup Co | A | Dividend | J | T | | | | | |
| 202.  -Caterpillar Inc. | B | Dividend | L | T | | | | | |
| 203.  -Charter Communications | | None | J | T | | | | | |
| 204.  -Chevron Corp New Com | B | Dividend | K | T | | | | | |

1. Income Gain Codes:        A =$1,000 or less         B =$1,001 - $2,500         C =$2,501 - $5,000         D =$5,001 - $15,000         E =$15,001 - $50,000
   (See Columns B1 and D4)   F =$50,001 - $100,000     G =$100,001 - $1,000,000   H1 =$1,000,001 - $5,000,000   H2 =More than $5,000,000
2. Value Codes               J =$15,000 or less        K =$15,001 - $50,000       L =$50,001 - $100,000      M =$100,001 - $250,000
   (See Columns C1 and D3)    N =$250,001 - $500,000    O =$500,001 - $1,000,000   P1 =$1,000,001 - $5,000,000   P2 =$5,000,001 - $25,000,000
                             P3 =$25,000,001 - $50,000,000   P4 =More than $50,000,000
3. Value Method Codes         Q =Appraisal              R =Cost (Real Estate Only)   S =Assessment             T =Cash Market
   (See Column C2)            U =Book Value             V =Other                   W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 16 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 205. -Cisco Systems, Inc | A | Dividend | J | T | | | | | |
| 206. -Clorox Co Com | A | Dividend | K | T | | | | | |
| 207. -Tapestry Inc | A | Dividend | J | T | | | | | |
| 208. -Coca Cola Company | A | Dividend | J | T | | | | | |
| 209. -Comcast Corp CL A | A | Dividend | J | T | | | | | |
| 210. -ConAgra Foods Inc. Com | A | Dividend | J | T | | | | | |
| 211. -Conoco Phillips Com | A | Dividend | J | T | | | | | |
| 212. -Corteva Inc Com | A | Dividend | J | T | | | | | |
| 213. -Disney Walt Co Disney Com | A | Dividend | K | T | | | | | |
| 214. -Discover Finl Svsc Inc. | A | Dividend | J | T | | | | | |
| 215. -Dow Inc Com | A | Dividend | J | T | | | | | |
| 216. -Dupont De Nemours | A | Dividend | J | T | | | | | |
| 217. -Eastman Chem Co Com | A | Dividend | J | T | | | | | |
| 218. -Exxon Mobil Corp Com | A | Dividend | K | T | | | | | |
| 219. -Ford Motor Co Del Com Par | A | Dividend | J | T | | | | | |
| 220. -Freeport McMoran Copper & Gold Inc. | A | Dividend | J | T | | | | | |
| 221. -GE Healthcare Tech (X) | A | Dividend | J | T | Spinoff (from line 222) | 01/04/23 | J | | |

1. Income Gain Codes:     A =$1,000 or less        B =$1,001 - $2,500        C =$2,501 - $5,000        D =$5,001 - $15,000        E =$15,001 - $50,000
   (See Columns B1 and D4)  F =$50,001 - $100,000     G =$100,001 - $1,000,000  H1 =$1,000,001 - $5,000,000  H2 =More than $5,000,000
2. Value Codes          J =$15,000 or less       K =$15,001 - $50,000      L =$50,001 - $100,000     M =$100,001 - $250,000
   (See Columns C1 and D3)  N =$250,001 - $500,000    O =$500,001 - $1,000,000  P1 =$1,000,001 - $5,000,000  P2 =$5,000,001 - $25,000,000
                        P3 =$25,000,001 - $50,000,000                         P4 =More than $50,000,000
3. Value Method Codes    Q =Appraisal             R =Cost (Real Estate Only)  S =Assessment             T =Cash Market
   (See Column C2)        U =Book Value            V =Other                    W =Estimated

**FINANCIAL DISCLOSURE REPORT**
Page 17 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| Ramos, Edgardo | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐  NONE *(No reportable income, assets, or transactions.)*

| A.<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B.<br>Income during<br>reporting period | | C.<br>Gross value at end<br>of reporting period | | D.<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 222.  -General Electric Co Com | A | Dividend | J | T | | | | | |
| 223.  -GlaxoSmithKline PLC Spons ADR | A | Dividend | J | T | | | | | |
| 224.  -Haleon PLC | A | Dividend | J | T | | | | | |
| 225.  -Hanesbrands | A | Dividend | J | T | | | | | |
| 226.  -Hershey Co Com | A | Dividend | K | T | | | | | |
| 227.  -Howmet Aerospace Inc. Com | A | Dividend | J | T | | | | | |
| 228.  -Ingredion Inc | A | Dividend | J | T | | | | | |
| 229.  -Intel Corp Com | A | Dividend | K | T | | | | | |
| 230.  -IBM Corp | A | Dividend | K | T | | | | | |
| 231.  -International Paper Co | A | Dividend | J | T | | | | | |
| 232.  -JP Morgan Chase & Co Com | A | Dividend | K | T | | | | | |
| 233.  -Kellanova f/k/a Kellogg Co | A | Dividend | J | T | | | | | |
| 234.  -Lamb Weston Holdings, Inc | A | Dividend | J | T | | | | | |
| 235.  -Merck & Co Inc. New Com | A | Dividend | J | T | | | | | |
| 236.  -Morgan Stanley Com New | A | Dividend | J | T | | | | | |
| 237.  -NCR Corp Com | | None | J | T | | | | | |
| 238.  -Newell Bands Inc | A | Dividend | J | T | | | | | |

1. Income Gain Codes:  A =$1,000 or less   B =$1,001 - $2,500   C =$2,501 - $5,000   D =$5,001 - $15,000   E =$15,001 - $50,000
   (See Columns B1 and D4)   F =$50,001 - $100,000   G =$100,001 - $1,000,000   H1 =$1,000,001 - $5,000,000   H2 =More than $5,000,000
2. Value Codes   J =$15,000 or less   K =$15,001 - $50,000   L =$50,001 - $100,000   M =$100,001 - $250,000
   (See Columns C1 and D3)   N =$250,001 - $500,000   O =$500,001 - $1,000,000   P1 =$1,000,001 - $5,000,000   P2 =$5,000,001 - $25,000,000
   P3 =$25,000,001 - $50,000,000   P4 =More than $50,000,000
3. Value Method Codes   Q =Appraisal   R =Cost (Real Estate Only)   S =Assessment   T =Cash Market
   (See Column C2)   U =Book Value   V =Other   W =Estimated

**FINANCIAL DISCLOSURE REPORT**
Page 18 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| Ramos, Edgardo | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐   NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 239.  -News Corp CL A | A | Dividend | J | T | | | | | |
| 240.  -OFG Bank Corp | A | Dividend | K | T | | | | | |
| 241.  -Pepsico Inc. | A | Dividend | K | T | | | | | |
| 242.  -Pfizer Inc. Com | B | Dividend | K | T | | | | | |
| 243.  -Phillips 66 | A | Dividend | J | T | | | | | |
| 244.  -RTX Corp f/k/a Raytheon Co New Com | A | Dividend | K | T | | | | | |
| 245.  -Smucker J M Co Com New | A | Dividend | J | T | | | | | |
| 246.  -Target Corp | B | Dividend | L | T | | | | | |
| 247.  -Teradata Corp Del Com | | None | J | T | | | | | |
| 248.  -3M Co Com | A | Dividend | J | T | | | | | |
| 249.  -Travelers Cos Inc. Com | A | Dividend | J | T | | | | | |
| 250.  -US Steel Corp | A | Dividend | J | T | | | | | |
| 251.  -Verizon Communications Com | A | Dividend | J | T | | | | | |
| 252.  -Paramount Global f/k/a ViacomCBS Inc CL B | A | Dividend | J | T | | | | | |
| 253.  -Viatris Inc Com (X) | A | Dividend | J | T | | | | | |
| 254.  -Vodaphone Group PLC Spon ADR New | A | Dividend | J | T | | | | | |
| 255.  -Yum Brands Inc. Com | A | Dividend | K | T | | | | | |

1. Income Gain Codes:          A =$1,000 or less          B =$1,001 - $2,500          C =$2,501 - $5,000          D =$5,001 - $15,000          E =$15,001 - $50,000
   (See Columns B1 and D4)     F =$50,001 - $100,000      G =$100,001 - $1,000,000   H1 =$1,000,001 - $5,000,000   H2 =More than $5,000,000
2. Value Codes                 J =$15,000 or less         K =$15,001 - $50,000       L =$50,001 - $100,000         M =$100,001 - $250,000
   (See Columns C1 and D3)      N =$250,001 - $500,000     O =$500,001 - $1,000,000   P1 =$1,000,001 - $5,000,000   P2 =$5,000,001 - $25,000,000
                               P3 =$25,000,001 - $50,000,000                         P4 =More than $50,000,000
3. Value Method Codes           Q =Appraisal              R =Cost (Real Estate Only) S =Assessment                 T =Cash Market
   (See Column C2)              U =Book Value             V =Other                   W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 19 of 21

| Name of Person Reporting | Date of Report |
|---|---|
| **Ramos, Edgardo** | 07/25/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐     NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 256.   -Yum China Holding, Inc Com | A | Dividend | J | T | | | | | |
| 257.   -Public Storage Com | A | Dividend | K | T | | | | | |
| 258.   -Warner Bros. Discovery | | None | J | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| **FINANCIAL DISCLOSURE REPORT** | **Name of Person Reporting** | **Date of Report** |
|---|---|---|
| Page 20 of 21 | **Ramos, Edgardo** | 07/25/2024 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Line 253 Viatris Inc Com  was erronouesly omitted  from the  2022 filing.
Line 90 GE Healthcare was spunoff on 1/4/23 from line 91 General Electric.
Line 221 GE Healthcare was spunoff on 1/4/23 from line 222 General Electric.

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 21 of 21 | Ramos, Edgardo | 07/25/2024 |

## IX. CERTIFICATION.

    I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

    I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Edgardo Ramos**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544