IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>    Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>    Defendants. | CASE NO.: 25-cv-10739<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
(Pursuant to Fed. R. Civ. P. 65)

Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio, appearing pro se, respectfully move this Court ex parte for a Temporary Restraining Order (TRO) and, thereafter, a Preliminary Injunction pursuant to Fed. R. Civ. P. 65, enjoining:

1. All further proceedings in the underlying state court action (Supreme Court of the State of New York, Orange County, Index No. EF007269-2022), including but not limited to enforcement of any judgment, confirmation of foreclosure sale, issuance of deed, eviction of Defendants or any occupants, or any other act in furtherance of dispossession of the property at 17 Grant Street, Middletown, NY 10940;

2. Plaintiff U.S. Bank Trust National Association, its counsel Friedman Vartolo LLP, Sean K. Monahan, Esq., and any agents, representatives, or successors from taking any action to evict, disturb, or interfere with the possession of Defendants' long-time tenant, Roberta Perry s/h/a Jane Doe #1, any known or unknown tenants, occupants (including Defendants' long-time tenant), or any persons residing at 17 Grant Street, Middletown,

      NY 10940, currently residing at the subject property, including serving notices to quit, commencing eviction proceedings, or disrupting tenancy; and

3. Plaintiff, its counsel, and any agents from filing, serving, or relying upon improper "notices of rejection" of Defendants' filings or otherwise obstructing Defendants' access to judicial process in any forum.

This motion is made on an emergency, ex parte basis due to immediate and irreparable harm from ongoing obstruction, potential loss of the family home, and specific threat to Defendants' long-time tenant's possession.

1. All further proceedings in the underlying state court action (Supreme Court of the State of New York, Orange County, Index No. EF007269-2022), including but not limited to enforcement of any judgment, confirmation of foreclosure sale, eviction, issuance of deed, or any other act in furtherance of dispossession; and
2. Plaintiff U.S. Bank Trust National Association, its counsel Friedman Vartolo LLP, Sean K. Monahan, Esq., and any agents or representatives from filing, serving, or relying upon improper "notices of rejection" of Defendants' filings or otherwise obstructing Defendants' access to judicial process.

This motion is made on an emergency, ex parte basis due to immediate and irreparable harm from ongoing obstruction and potential loss of the family home.

## I. FACTUAL BACKGROUND

This action originates from a mortgage debt executed in 2005. On May 6, 2014, a prior foreclosure action (Index No. 2014-003426) explicitly accelerated the entire debt, triggering New York's six-year statute of limitations under CPLR § 213(4). The limitations period expired on May 6, 2020, permanently extinguishing Plaintiff's enforcement rights and vesting Defendants with the right to cancellation and discharge of the mortgage under RPAPL § 1501(4) (Freedom Mortgage Corp. v. Engel, 37 N.Y.3d 1, 31–32 (2021); Wells Fargo Bank, N.A. v. Ferrato, 171 A.D.3d 947 (2d Dep't 2019)).

On January 7, 2021, Plaintiff commenced a time-barred action (Index No. EF000106-2021), during the pendency of Alfonso Amelio's bankruptcy automatic stay (Case No. 20-23552), rendering it void ab initio (11 U.S.C. § 362(a)(1)). Defendants pleaded the statute of limitations, fraud on the court, and counterclaim for discharge (Amended Verified Answer, Dec. 9, 2021).

On June 1, 2022, Plaintiff moved to discontinue without requesting deceleration. The signed order (Aug. 29, 2022) fraudulently inserted deceleration language—never requested, noticed, or litigated—constituting fraud on the court and violation of due process (United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Engel, 37 N.Y.3d at 20–21 (deceleration must be affirmative and unequivocal)).

On December 19, 2022, Plaintiff filed the current action. Defendants' January 30, 2023 motions to vacate and dismiss were improperly rejected by counsel without judicial review. The action proceeded to default judgment and sale (July 22, 2024).

A prior removal was remanded by Judge Ramos on December 5, 2025 (Case No. 25-cv-10022) in a same-day order following Monahan's letter, which omitted the time-bar, fraudulent deceleration, and Defendants' defenses—misleading the Court. A Motion to Vacate that remand is pending in Case No. 25-cv-10022, citing Ramos's undisclosed financial conflicts.

On December 23, 2025, Defendants filed the current Notice of Removal, asserting federal question jurisdiction (due process, ADA, civil rights). On December 26, 2025, Monahan filed an improper "Notice of Rejection" in state court, declaring Defendants' filing a "nullity"—an act without authority (only the clerk may reject, 22 NYCRR § 202.5-b), evidencing harassment in a divested court (§ 1446(d)). This has caused loss of Defendants' long-time tenant due to litigation uncertainty and threatened sale.

The protracted invalid foreclosure and ongoing obstruction by Plaintiff and counsel have created severe uncertainty over the property's status, forcing Defendants' long-time tenant (Roberta Perry s/h/a Jane Doe #1 or other occupant) to plan an imminent move. Any further state-court action risks immediate eviction or disturbance of the tenant's possession before she can relocate safely. Displacement of a long-time tenant constitutes irreparable harm, as it involves unique real-

property interests, community ties, and emotional hardship that cannot be compensated by money damages alone. Protecting the tenant's current possession maintains the status quo pending federal adjudication.

Defendant Roberta Perry s/h/a Jane Doe #1 is named as a potential tenant/occupant. The protracted invalid foreclosure has caused loss of Defendants' long-time tenant (vacated due to uncertainty/sale threat), resulting in financial/emotional harm. Further actions risk evicting Roberta Perry or remaining occupants, irreparable as tenants have protected rights (RPAPL § 1305; Protecting Tenants at Foreclosure Act considerations).

## II. IRREPARABLE HARM

Immediate displacement of Roberta Perry, tenants/occupants (unique property interest; tenant stability non-compensable by money). Defendants and their tenant face immediate and irreparable harm: loss of the family home, displacement of the long-time tenant (non-monetary harm to stability, community ties, and emotional well-being), ongoing denial of due process, and harassment by opposing counsel. Tenant eviction or disturbance cannot be remedied by money damages (unique real property interest; see e.g., Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950); emotional/financial harm from tenant loss). Monahan's improper rejection and prior omissions continue the harm.

## III. LIKELIHOOD OF SUCCESS ON THE MERITS

High likelihood: time-barred claim (Engel, Ferrato); fraud on court (Hazel-Atlas); due process violations (Espinosa); judicial conflict requiring recusal (Liljeberg, 486 U.S. 847).

## IV. BALANCE OF EQUITIES AND PUBLIC INTEREST

Equities favor pro se family defending home. Public interest in protecting rights and preventing abuse (including improper rejections and misleading letters).

## V. EX PARTE RELIEF AND BOND

Ex parte TRO is warranted because immediate and irreparable injury, loss, or damage will result to Defendants and tenant Roberta Perry s/h/a Jane Doe #1 before Plaintiff can be heard in

opposition. Providing notice would likely prompt immediate retaliatory actions, such as accelerated eviction attempts or further obstructive filings, exacerbating irreparable harm. Bond waived (Defendants indigent pro se).

**VI. CERTIFICATION PURSUANT TO FED. R. CIV. P. 65(b)(1)(B)** Defendants certify in writing that no notice has been given to Plaintiff or its counsel of this ex parte application for a Temporary Restraining Order. Notice should not be required because providing such notice would likely prompt immediate retaliatory actions by Plaintiff or its counsel, including accelerated attempts to evict Defendants and tenant/occupant Roberta Perry s/h/a Jane Doe #1, confirmation of the foreclosure sale, or further obstructive filings (such as additional improper "notices of rejection"), thereby exacerbating irreparable harm before the Court can hold a hearing on this motion.

**WHEREFORE**, Defendants respectfully request that this Court:

1. Grant this Emergency Motion ex parte and issue a Temporary Restraining Order effective immediately, enjoining: a. All further proceedings in the state court action (Index No. EF007269-2022), including enforcement of judgment, confirmation of sale, deed issuance, or dispossession; b. Plaintiff U.S. Bank Trust National Association, its counsel, agents, successors, or any parties acting in concert with them from evicting, disturbing the possession of, or interfering with Roberta Perry s/h/a Jane Doe #1, any current tenants or occupants (including Defendants' long-time tenant), or any persons residing at 17 Grant Street, Middletown, NY 10940; and c. Plaintiff and its counsel from filing or relying on improper obstructions (e.g., unauthorized "notices of rejection").
2. Set this matter for a hearing on a Preliminary Injunction within 14 days (or as soon as practicable);
3. Waive any bond requirement due to Defendants' indigence as pro se litigants; and
4. Grant such other and further relief as the Court deems just and proper.

Dated: New Milford, CT  
December 30, 2025

Respectfully submitted,

*/s/ Carmine Amelio*  
Carmine P. Amelio, *Defendant Pro Se*  
37 Main Street, #337  
New Milford, CT 06776  
p. 412-612-6774  
e. cpamelio@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>    Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>    Defendants. | CASE NO.: 25-cv-10739<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] EX PARTE TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Upon the Emergency Motion of Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio, pro se, the accompanying Declaration, and all papers filed herein; upon finding that immediate and irreparable injury, loss, or damage will result to Defendants and occupants before Plaintiff can be heard in opposition (including threatened eviction and disturbance of tenant possession); and that notice to Plaintiff would likely enable further obstruction or eviction steps;

IT IS HEREBY ORDERED that:

1. Plaintiff U.S. Bank Trust National Association, its counsel, agents, successors, and any parties acting in concert with them are **ENJOINED** from: a. Any further proceedings in the state court action (Index No. EF007269-2022), including enforcement of judgment, confirmation of sale, deed issuance, or dispossession; b. Evicting, disturbing the possession of, or interfering with Roberta Perry s/h/a Jane Doe #1, any current tenants or occupants (including Defendants' long-time tenant), or any persons residing at 17 Grant Street, Middletown, NY 10940; and c. Filing or relying on improper obstructions to Defendants' filings.

2. This Temporary Restraining Order is effective immediately upon entry and shall remain in force for 14 days until January 13, 2025, until, unless extended by the Court.
3. No security bond is required (Defendants are indigent pro se litigants).
4. Plaintiff shall **SHOW CAUSE** before this Court on _____ at _____ a.m./p.m. why a Preliminary Injunction should not issue.
5. Defendants shall promptly serve a copy of this Order on Plaintiff upon issuance.

SO ORDERED.

Dated: New York, New York _____, **2025**

_____
Hon. Kenneth M. Karas, *United States District Judge*