UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK TRUST NATIONAL
ASSOCIATION, as trustee of TIKI SERIES V
TRUST,

                Plaintiff,

– against –

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED
STATES BANKRUPTCY COURT;
ROBERTA PERRY S/H/A JANE DOE #1,

                Defendants.

**ORDER**

25-cv-10022 (ER)

Ramos, D.J.:

    Carmine Amelio, appearing *pro se*, filed an emergency motion for temporary restraining order ("TRO") on December 2, 2025.  Doc. 2.  Having determined that it lacks both federal question and diversity jurisdiction, the Court remanded the case to the Supreme Court of the State of New York, Country of Orange on December 5, 2025.  Doc. 4.  The Court subsequently terminated the motion for TRO on December 8, 2025.  Doc. 5.

    Also on December 8, 2025, U.S. Bank Trust National Association filed a letter "request[ing] that the Court remand this action back to the New York Supreme Court, Orange County as the notice of removal was untimely, the District Court lacks subject matter jurisdiction, the case was remanded when Defendants previously attempted to remove it, and the State Court Action is no longer pending."  Doc. 6 at 1.

    Carmine Amelio moved to vacate the Order to Remand on December 23, 2025 pursuant to Rules 60(b)(3) and 60(b)(4) of the Federal Rules of Civil Procedure, as well as allegations that the "remand was issued under circumstances that create a reasonable appearance of impartiality

under 28 U.S.C. § 455(a)." Doc. 7 at 1.

Then, on December 30, 2025, Defendants filed an emergency motion for a TRO and preliminary injunction ("PI") seeking to enjoin, among other things, all further proceedings in the underlying state court complaint (Index No. EF007269-2022), and an order preventing Plaintiffs and its agents or successors "from taking any action to evict, disturb, or interfere with the possession of Defendants' [tenants]." Doc. 8 at 1–2.

The motion for a TRO is denied. Briefing on the PI shall be as follows:

1. Defendants are hereby ORDERED to serve Plaintiff this order on or before January 5, 2026 and file proof of service on the docket by January 6, 2026. The service shall be deemed good and sufficient service thereof.

2. U.S. Bank Trust National Association is directed to show cause, in writing by January 9, 2026, why the Court should find good cause exists to not vacate the remand order or issue a PI.

3. Defendants shall file any response on or before January 12, 2026.

4. The above dates may be revised upon stipulation by all parties and approval of this Court.

The parties are directed to appear for an in-person hearing on January 14, 2026 at 10 a.m., in Courtroom 619 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. At that time, U.S. Bank Trust National Association shall show cause why the Court should not grant Defendants' requests.

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendants' address on ECF.

SO ORDERED.

Dated: December 30, 2025
       New York, New York

_____
Edgardo Ramos, U.S.D.J.