IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>        Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>        Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR RECUSAL OF JUDGE EDGARDO RAMOS**
(Pursuant to 28 U.S.C. §§ 455(a) and (b)(4))

Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio, appearing pro se, respectfully move this Court for an order recusing the Honorable Edgardo Ramos from all further proceedings in this matter pursuant to 28 U.S.C. § 455(a) (reasonable appearance that impartiality might be questioned) and § 455(b)(4) (financial interest in a party or an interest that could be substantially affected by the outcome). This motion is filed immediately to prevent any further tainted orders or proceedings in this case, including the pending Motion to Vacate the December 5, 2025 remand order and the December 30, 2025 order denying the TRO and setting a hearing (which was improperly entered on a motion intended for a different case, 25-cv-10739).

FACTUAL BACKGROUND

This action arises from a mortgage note and mortgage executed on August 8, 2005, in favor of First Horizon Loan Corporation. On May 6, 2014, a prior foreclosure action in the Supreme Court of the State of New York, Orange County (Index No. 2014-003426), explicitly accelerated the entire mortgage debt, triggering New York's six-year statute of limitations under CPLR § 213(4). The limitations period expired on May 6, 2020, fully extinguishing Plaintiff's right to

enforce the mortgage. Any subsequent foreclosure action was barred as a matter of law, and Defendants became vested with the right to cancellation and discharge of the mortgage under RPAPL § 1501(4) (Freedom Mortgage Corp. v. Engel, 37 N.Y.3d 1, 31–32 (2021) (once expired, the claim is extinguished—not merely dormant—and cannot be revived); Wells Fargo Bank, N.A. v. Ferrato, 171 A.D.3d 947, 949 (2d Dep't 2019) (deceleration ineffective after expiration); Deutsche Bank Nat'l Trust Co. v. Adrian, 157 A.D.3d 934, 935 (2d Dep't 2018); NMNT Realty Corp. v. Knoxville 2012 Trust, 151 A.D.3d 1068, 1070 (2d Dep't 2017)).

Notwithstanding this expiration, on January 7, 2021, Plaintiff commenced a new foreclosure action in the same court (Index No. EF000106-2021), alleging default on the same note and mortgage. This filing was patently untimely, occurring over seven months after the statute had run, and was also commenced during the pendency of Defendant Alfonso Amelio's bankruptcy automatic stay (Case No. 20-23552, filed December 31, 2020), rendering it void ab initio under 11 U.S.C. § 362(a)(1) (Levant v. Nat'l Car Rental, Inc., 33 A.D.3d 367, 368 (1st Dep't 2006) (action commenced during stay is void ab initio)). Defendants timely filed an Amended Verified Answer on December 9, 2021, expressly raising the statute of limitations defense (¶ 25), fraud upon the court (¶ 26), and a counterclaim for cancellation and discharge under RPAPL § 1501(4) (¶ 27). These pleadings put Plaintiff on clear notice that the claim was time-barred and that Defendants sought to quiet title.

Rather than litigate these defenses, on June 1, 2022, Plaintiff filed a Notice of Motion to Discontinue the Action and Cancel Lis Pendens (Exhibit B: Doc. #76), supported by an Affirmation (Doc. #77) and Proposed Order (Doc. #79)—none of which requested deceleration, reinstatement, or revocation of the 2014 acceleration. This motion was a straightforward discontinuance, yet the signed order dated August 29, 2022 (Doc. #80), fraudulently inserted deceleration language, purporting to revoke the acceleration without any request, notice, litigation, or legal authority. This insertion constituted fraud on the court and an ultra vires act, as deceleration cannot be granted sua sponte or post hoc to revive an expired claim (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) (fraud on the court warrants vacatur and sanctions); United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) (due process violated when relief granted without notice or hearing); Freedom Mortgage Corp. v. Engel, 37 N.Y.3d at 20–21 (deceleration must be affirmative and unequivocal)).

Emboldened by this improper order, on December 19, 2022—only four months after the discontinuance—Plaintiff filed the current foreclosure action (Index No. EF007269-2022), again seeking to enforce the same time-barred debt. On January 30, 2023, Defendants filed a Notice of Motion to Amend or Vacate the Order in the 2021 action (Exhibit D: Doc. #84, pursuant to CPLR §§ 5015(a)(4) and 3211(a)(5)), seeking to strike the unlawful deceleration and dismiss on limitations grounds. Plaintiff's counsel filed a Notice of Rejection on February 15, 2023 (Doc. #85), refusing to submit the motion for judicial determination. Similarly, in the 2022 action, Defendants' January 30, 2023 Motion to Dismiss (Doc. #15) was rejected on February 15, 2023 (Doc. #18).

The 2022 action proceeded to a default judgment on May 7, 2024, and a property sale on July 22, 2024, all while ignoring the vested limitations defense. Defendants removed the action to this Court, but it was remanded on August 22, 2024. On December 2, 2025, Defendants filed a second Notice of Removal. On December 5, 2025—the day the case was reassigned from Judge Vyskocil to Judge Ramos—Plaintiff's counsel, Sean K. Monahan of Friedman Vartolo LLP, submitted an ex parte letter requesting remand. This letter falsely asserted Plaintiff's standing, omitted the time-barred nature of the claim, the fraudulent deceleration, Defendants' motions and defenses, and the full procedural history. Without notice or opportunity for Defendants to respond, Judge Ramos issued the Remand Order that same day, failing to address federal claims, counterclaims, or the record evidence. A Motion to Vacate that remand is pending in this case.

On December 23, 2025, Defendants filed a new Notice of Removal (25-cv-10739). An emergency TRO motion was filed therein, but Judge Ramos improperly ruled on it December 30, 2025 (denying TRO, setting briefing/hearing), despite no jurisdiction over the new case—demonstrating overreach.

On December 26, 2025, Monahan filed an improper "Notice of Rejection" in state court, rejecting Defendants' filing as a "nullity." Counsel has no authority to reject filings (only the clerk may, for technical reasons; 22 NYCRR § 202.5-b). This pattern has caused threatened displacement of tenant Roberta Perry s/h/a Jane Doe #1 and long-time tenant, plus financial/emotional harm.

GROUNDS FOR RECUSAL UNDER § 455(b)(4): FINANCIAL INTERESTS

Judge Ramos holds undisclosed financial interests in Vanguard (multiple securities, including Vanguard Information Technology ETF valued at $15,001–$50,000, Vanguard Communication Services ETF at $1,001–$15,000, and Vanguard Intermediate-Term Bond ETF at $15,001–$50,000, per public disclosures), BlackRock funds, and Mitsubishi UFJ Financial Group securities.

Vanguard and BlackRock are among the largest institutional shareholders of U.S. Bancorp, the parent company of Plaintiff U.S. Bank Trust National Association. Mitsubishi UFJ Financial Group has direct ties through its 2022 sale of Union Bank to U.S. Bancorp for $8 billion, resulting in ongoing financial interests. These holdings constitute a direct financial interest, or at minimum an interest that could be substantially affected by the outcome of this foreclosure proceeding, mandating recusal under § 455(b)(4). Recusal is mandatory, non-discretionary, non-waivable, and renders subsequent rulings voidable or void (Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988); Williamson v. Indiana Univ., 345 F.3d 459, 464 (7th Cir. 2003); Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) (failure to recuse for financial interests violates due process)).

In this case, Judge Ramos's same-day remand (December 5, 2025) perpetuated these conflicts without disclosure, as argued in the pending Motion to Vacate.

GROUNDS FOR RECUSAL UNDER § 455(a): APPEARANCE OF IMPARTIALITY

Judge Ramos's documented pattern of nondisclosure creates a reasonable appearance of partiality:

- In 2021, he presided over ExxonMobil Prod. Co. v. TIG Ins. Co., No. 16-cv-9527 (S.D.N.Y.), ruling in favor of ExxonMobil (awarding $28 million in damages plus $8 million in interest) while holding $15,001–$50,000 in ExxonMobil stock, as reported in the Wall Street Journal's September 28, 2021 investigation "131 Federal Judges Broke the Law by Hearing Cases Where They Had a Financial Interest" by James V. Grimaldi et al. The conflict was not disclosed until public exposure.

- In 2022, he dismissed antitrust claims in In re SSA Bonds Antitrust Litig., No. 16-cv-3711 (S.D.N.Y.), while holding stock in defendant banks (e.g., Citigroup, Credit Suisse); recusal occurred only after revelation, as reported in Reuters' March 8, 2022 article "Banks fight bid for antitrust do-over after judge flags his stock ownership" by Alison Frankel. The case was reassigned to Judge Valerie E. Caproni, who allowed claims to proceed.

This pattern of nondisclosure and favorable rulings in conflicted matters establishes a troubling pattern, not an isolated oversight. Here, the remand's timing—issued the same day as reassignment and Plaintiff's ex parte letter, without engaging Defendants' detailed removal notice, federal claims, or the record of fraud and time-bar—exacerbates the appearance of partiality. The haste suggests expedited treatment favoring Plaintiff, undermining public confidence in the judiciary (Liljeberg, 486 U.S. at 860–61 (vacatur warranted where appearance of impartiality is compromised, even absent actual bias); Code of Conduct for United States Judges, Canon 2(A)).

The December 30, 2025 improper TRO ruling on a motion from a different case further demonstrates overreach, potentially to retain control after conflict arguments were raised.

PREJUDICE TO DEFENDANTS

As a direct result of these actions, Defendants Carmine Amelio, Paul Amelio, and Alfonso Amelio have suffered:

- Prolonged delay and obstruction of their ability to assert valid defenses;
- Significant emotional and mental distress;
- Loss of time and resources;
- Threatened displacement of tenant Roberta Perry s/h/a Jane Doe #1 and long-time tenant due to litigation uncertainty and sale threat.

These harms are directly traceable to judicial nondisclosure, procedural bias, and deviation from required legal standards (Tumey v. Ohio, 273 U.S. 510 (1927); In re Murchison, 349 U.S. 133 (1955)).

RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court:

1. Immediately recuse Judge Ramos from all further proceedings in this matter pursuant to 28 U.S.C. §§ 455(a) and (b)(4);
2. Reassign this case to a conflict-free judge;
3. Vacate any orders entered by Judge Ramos, including the December 5, 2025 Remand Order and December 30, 2025 TRO denial/hearing order;
4. Grant such other and further relief as the Court deems just and proper.

Dated: New Milford, CT          Respectfully submitted,
       January 8, 2026

                                            */s/ Carmine Amelio*
                                            Carmine P. Amelio, *Defendant Pro Se*
                                            37 Main Street, #337
                                            New Milford, CT 06776
                                            p. 412-612-6774
                                            e. cpamelio@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>    Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>    Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>JURY TRIAL DEMANDED |

CERTIFICATE OF SERVICE

I hereby certify that a copy of, DEFENDANTS' MOTION FOR RECUSAL OF JUDGE EDGARDO RAMOS (Pursuant to 28 U.S.C. §§ 455(a) and (b)(4)), has been served upon the following parties or counsel via electronic and/or US Mail:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

Dated: New Milford, CT
       January 8, 2026

Respectfully submitted,

*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337
New Milford, CT 06776
p. 412-612-6774 e. cpamelio@gmail.com