IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>    Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>    Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>**JURY TRIAL DEMANDED** |

AFFIDAVIT OF BIAS AND PREJUDICE PURSUANT TO 28 U.S.C. § 144

I, Carmine Amelio, being duly sworn (or under penalty of perjury pursuant to 28 U.S.C. § 1746), depose and say:

1. I am a Defendant in the above-captioned action, appearing pro se for myself and with the consent and joinder of my co-Defendants and brothers, Alfonso Amelio and Paul Amelio. I have personal knowledge of the facts set forth herein, or they are based upon information and belief from public records and the docket in this matter.

2. I make this affidavit in good faith to certify that the Honorable Edgardo Ramos, United States District Judge, has a personal bias or prejudice against Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio, or in favor of Plaintiff or its interests, or has extrajudicial personal interests that prevent him from impartially judging this matter, as required by 28 U.S.C. § 144.

3. The facts demonstrating such personal bias, prejudice, or disqualifying interest are as follows:

    a. Judge Ramos holds financial interests in Vanguard funds (including Vanguard Information Technology ETF valued between $15,001 and $50,000, Vanguard Communication Services ETF between $1,001 and $15,000, and Vanguard Intermediate-

Term Bond ETF between $15,001 and $50,000, per public financial disclosures), BlackRock funds, and Mitsubishi UFJ Financial Group securities.

b. Vanguard and BlackRock are among the largest institutional shareholders of U.S. Bancorp, the parent company of Plaintiff U.S. Bank Trust National Association. Mitsubishi UFJ Financial Group has direct financial ties through its former ownership of Union Bank, acquired by U.S. Bancorp in 2022 for $8 billion, resulting in ongoing interests. These holdings constitute a personal financial interest in a party to this proceeding or an interest that could be substantially affected by the outcome, creating personal bias or prejudice in favor of Plaintiff.

c. Judge Ramos has a documented pattern of presiding over cases involving financial conflicts without disclosure:

> i. In 2021, he presided over and ruled in favor of ExxonMobil in ExxonMobil Prod. Co. v. TIG Ins. Co., No. 16-cv-9527 (S.D.N.Y.), awarding $28 million in damages plus $8 million in interest, while holding $15,001–$50,000 in ExxonMobil stock, as reported in the Wall Street Journal investigation published September 28, 2021, titled "131 Federal Judges Broke the Law by Hearing Cases Where They Had a Financial Interest" by James V. Grimaldi et al. The conflict was not voluntarily disclosed.
>
> ii. In 2022, he dismissed antitrust claims in In re SSA Bonds Antitrust Litig., No. 16-cv-3711 (S.D.N.Y.), while holding stock in defendant banks (including Citigroup and Credit Suisse); recusal occurred only after the conflict was publicly revealed, as reported in Reuters on March 8, 2022. The case was reassigned to Judge Valerie E. Caproni, who allowed claims to proceed.

d. This pattern of nondisclosure and favorable rulings in conflicted matters demonstrates personal bias or prejudice toward parties with financial ties to his holdings, extending to the instant case involving Plaintiff U.S. Bank Trust National Association.

e. In this case, Judge Ramos issued a same-day Remand Order on December 5, 2025—the day of reassignment—following an ex parte letter from Plaintiff's counsel omitting critical facts (statute of limitations expiration, fraudulent deceleration, Defendants' defenses). A Motion to Vacate that remand is pending.

    f. On December 30, 2025, Judge Ramos improperly ruled on a TRO motion filed in a different case (25-cv-10739), denying it and setting briefing/hearing deadlines, demonstrating extrajudicial overreach into a matter not before him.
    g. These actions, combined with the undisclosed financial interests, show personal bias or prejudice against Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio, denying us impartial adjudication.

4. The bias and prejudice described herein are personal and extrajudicial in nature, derived from sources outside the proceedings themselves.
5. This affidavit is made in good faith and not for purposes of delay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of January, 2026.

Dated: New Milford, CT                      Respectfully submitted,

                                                 */s/ Carmine Amelio*
                                                 Carmine P. Amelio, *Defendant Pro Se*
                                                 37 Main Street, #337
                                                 New Milford, CT 06776
                                                 p. 412-612-6774
                                                 e. cpamelio@gmail.com

**Certificate of Good Faith** I certify that this affidavit is presented in good faith and based upon facts believed to be true.

Dated: New Milford, CT                      Respectfully submitted,
        January 8, 2026

                                                 */s/ Carmine Amelio*
                                                 Carmine P. Amelio, *Defendant Pro Se*
                                                 37 Main Street, #337
                                                 New Milford, CT 06776
                                                 p. 412-612-6774
                                                 e. cpamelio@gmail.com

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>    Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>    Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of, AFFIDAVIT OF BIAS AND PREJUDICE PURSUANT TO 28 U.S.C. § 144, has been served upon the following parties or counsel via electronic and/or US Mail:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

Alfonso Amelio,
37 Main Street #337
New Milford, CT 06776

Paul Amelio
37 Main Street #337
New Milford, CT 06776

Dated: New Milford, CT
      January 8, 2026

                                          Respectfully submitted,

                                          */s/ Carmine P. Amelio*
                                          Carmine P. Amelio, *Defendant Pro Se*
                                          37 Main Street, #337
                                          New Milford, CT 06776
                                          p. 412-612-6774 e. cpamelio@gmail.com