IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>        Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>        Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' REPLY AFFIRMATION IN OPPOSITION TO PLAINTIFF'S AFFIRMATION IN OPPOSITION TO MOTION TO VACATE REMAND ORDER AND FOR PRELIMINARY INJUNCTION

(Pursuant to the Court's December 30, 2025 Order Directing Reply by January 12, 2026)

I, Carmine Amelio, being of legal age and under penalty of perjury pursuant to 28 U.S.C. § 1746, affirm as follows:

1. I am a Defendant in the above-captioned action, appearing pro se on behalf of myself and with the consent and joinder of my co-Defendants Alfonso Amelio and Paul Amelio. I am fully familiar with the facts and circumstances of this matter based on personal knowledge, review of the record, and the docket.

2. This reply is filed pursuant to the Court's December 30, 2025 Order (Doc. 10) directing Defendants to file any response on or before January 12, 2026, in opposition to Plaintiff's Affirmation in Opposition filed by Sean K. Monahan, Esq. on January 9, 2026 (Doc. 14). Defendants have not been served with the December 30 Order as directed (no mailing received despite the Clerk's directive; only informal awareness on January 8, 2026). Due process requires actual notice before deadlines can run (Mullane v. Cent. Hanover Bank

& Trust Co., 339 U.S. 306 (1950)). The January 5 (service) and January 6 (proof of service) deadlines therefore did not commence, and this reply is timely and filed in good faith. This reply is filed under protest pending ruling on the Motion for Recusal and § 144 Affidavit docketed January 8, 2026.

3. Plaintiff's opposition is without merit. It is riddled with material omissions, misrepresentations, and legal errors, and continues the pattern of fraud on the Court that necessitated vacatur in the first place.

I. PLAINTIFF'S OPPOSITION IS MATERIALLY MISLEADING AND OMITS KEY FACTS

4. Plaintiff's "Factual and Procedural History" (¶ 3–19) is a selective, incomplete narrative designed to mislead the Court. Plaintiff deliberately omits the **dispositive time-bar** under CPLR § 213(4), the **fraudulent insertion** of unrequested deceleration language in the August 29, 2022 order, the **bankruptcy stay violation** in the 2021 action, and the **improper rejection** of Defendants' motions without judicial review. These omissions are not inadvertent — they are the same fraud that tainted the original remand (Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972) – material misrepresentations warrant vacatur).

5. Contrary to Plaintiff's ¶ 3, the foreclosure action (Index No. EF007269-2022) is time-barred under CPLR § 213(4), as the debt was accelerated on May 6, 2014 (Index No. 2014-003426), with the limitations period expiring on May 6, 2020. Plaintiff's enforcement rights were extinguished, and Defendants are entitled to cancellation under RPAPL § 1501(4) (Freedom Mortgage Corp. v. Engel, 37 N.Y.3d 1 (2021); Wells Fargo Bank, N.A. v. Ferrato, 171 A.D.3d 947 (2d Dep't 2019)).

6. Plaintiff's ¶ 5–6 allege service and default — these are disputed. Service was improper under CPLR § 308 (not at actual residence, false NYSCEF claims for non-registered parties). Defendants timely pleaded defenses in the 2021 action (Amended Verified Answer, Dec. 9, 2021), including statute of limitations (¶ 25), fraud on the court (¶ 26), and counterclaim for discharge (¶ 27). No default existed.

7. Plaintiff's ¶ 7–8 omit that the default judgment and order of reference (Dec. 18, 2023) and judgment of foreclosure and sale (May 7, 2024) were obtained through fraud on the court, including the unrequested deceleration in the August 29, 2022 order, which was never

litigated or noticed (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)). Defendants moved to vacate, but the motion was denied without addressing the merits, and the appeal was obstructed by appellate delays violating due process and the ADA.

8. Plaintiff's ¶ 9–11 omit that the foreclosure sale (July 22, 2024) was invalid due to the time-bar and fraud. Defendants' motion to vacate was denied without proper consideration.

9. Plaintiff's ¶ 12–14 omit that the first removal was remanded by Judge Seibel on August 22, 2024, without addressing federal questions. Defendants' motion for reconsideration was denied without merit.

10. Plaintiff's ¶ 15 omits that the November 4, 2024 denial of vacatur failed to address the time-bar and fraud.

11. Plaintiff's ¶ 16 omits that the Referee's Deed (Dec. 19, 2024) is void due to the time-bar.

12. Plaintiff's ¶ 17–18 omit that the second removal was remanded by Judge Ramos on December 5, 2025, in a same-day order following Monahan's ex parte letter, which omitted the time-bar, fraudulent deceleration, and federal claims—misrepresentations that directly influenced the void remand (State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158 (2d Cir. 2004) – fraud/misrepresentation prevents fair presentation).

13. Plaintiff's ¶ 19 omits that the Motion to Vacate and TRO motion were filed to address ongoing harm, including threatened eviction of tenant Roberta Perry s/h/a Jane Doe #1 and long-time tenant.

These omissions are deliberate and constitute additional fraud on the court under Rule 60(b)(3) (Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc., 301 F.2d 114 (2d Cir. 1962) – clear and convincing evidence of fraud).

II. THE REJECTION HISTORY DESTROYS PLAINTIFF'S "DEFAULT" NARRATIVE AND SHOWS STATE COURT COMPLICITY

14. Plaintiff's opposition repeatedly claims "default" (¶ 6), "no opposition" (¶ 7–8), and "judgment final" (¶ 32–33) to argue no jurisdiction and no PI. This is false and misleading.

15. On January 30, 2023, Defendants filed motions in **both** the discontinued 2021 action (Index No. EF000106-2021) and the current 2022 action (Index No. EF007269-2022):

- In the 2021 action: Motion to Amend or Vacate the August 29, 2022 Order (Exhibit D: Doc. #84, pursuant to CPLR §§ 5015(a)(4) and 3211(a)(5)), seeking to strike the unlawful deceleration and dismiss on limitations grounds.
- In the 2022 action: Motion to Dismiss (Doc. #15).

16. Plaintiff's counsel rejected **both** motions on February 15, 2023 (Doc. #85 in 2021 action; Doc. #18 in 2022 action) without submitting them for judicial determination. This prevented the court from ruling on the time-bar and fraud defenses.

17. The state court condoned this by allowing the case to proceed to default judgment (May 7, 2024) and sale (July 22, 2024) without addressing the motions. This is **state court complicity in fraud** — allowing a time-barred, fraudulent claim to survive by ignoring Defendants' timely opposition.

18. This destroys Plaintiff's "default" narrative: there was no true default — it was **engineered** by counsel's improper rejections and condoned by the court. The state court denied Defendants a hearing on key defenses, violating due process (Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950)).

19. It ties directly to the "well-pleaded complaint is oxymoron" argument: the complaint is invalid on its face (time-barred), fraudulent (deceleration fraud), and condoned by the state court — creating a federal due process question for jurisdiction/removal (Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005) – embedded federal issue).

20. **A Well-Pleaded Complaint Is an Oxymoron If Filed Outside of Statute of Limitations, Perpetrated by Fraud, and Condoned by the State Court** Leading to Federal Question Jurisdiction for Removal

This concept challenges the "well-pleaded complaint rule" (the standard federal removal test) by arguing that the plaintiff's state-law complaint is inherently defective and thus raises a federal question (due process violation) on its face, allowing removal under 28 U.S.C. § 1331.

Under 28 U.S.C. § 1331, federal courts have jurisdiction over cases "arising under" federal law. For removal, jurisdiction must appear on the face of the plaintiff's complaint — not from defenses or counterclaims (Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)). A "well-pleaded complaint" is one that properly states a cause of action under state law, without anticipating federal defenses. If the complaint is "well-pleaded," removal is denied if no federal issue is evident.

A complaint filed after the statute of limitations expires is not "well-pleaded" — it is legally invalid from the start (a "nullity" or "void ab initio"). Under New York law, a time-barred foreclosure complaint fails to state a cause of action and must be dismissed (CPLR § 3211(a)(5)). Filing such a complaint is an oxymoron (self-contradictory) because it pretends to state a valid claim when it is dead on arrival. This defect is on the face of the complaint (acceleration date + filing date show the bar), so it does not require a defense to spot (Freedom Mortgage Corp. v. Engel, 37 N.Y.3d 1 (2021) – acceleration starts the clock irrevocably).

The complaint is fraudulent if based on concealed facts (e.g., unrequested deceleration to "revive" the bar, improper service, bankruptcy stay violation). Fraud on the court voids the proceeding (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)). If the state court condoned it (e.g., rejected motions without review, allowed default despite defenses), that is a due process violation (14th Amendment – no deprivation of property without fair hearing; Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950)). The state forum is "inadequate" if it ignores fraud/time-bar, denying equal protection or access to courts (First Amendment). This inadequacy justifies removal under § 1443(1) (civil rights removal when state cannot enforce federal rights; Georgia v. Rachel, 384 U.S. 780 (1966)).

Normally, state complaints do not "arise under" federal law. But under the "embedded federal question" exception (Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005)), jurisdiction exists if the state claim necessarily raises a disputed, substantial federal issue that federal courts can resolve without disrupting state-federal balance. Here, the complaint's validity turns on federal due process (was fraud condoned without hearing?). This is substantial (protects against state court bias in foreclosures) and a federal interest (honest

judiciary). It will not flood courts (limited to systemic fraud cases). Inadequate state forum reinforces § 1331/§ 1443 removal — state court's condoning fraud denies federal rights.

### III. PLAINTIFF'S OPPOSITION TO VACATUR UNDER RULE 60(b)(3) IS MERITLESS

21. Plaintiff claims no fraud because its December 5, 2025 letter was filed after the remand. This is false; the letter was drafted and sent for filing on December 5, and the Court relied on its contents in issuing the remand. Even if post-dated, the letter's misrepresentations (omitting time-bar, fraudulent deceleration, consent from all Defendants) prevented a fair hearing (Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc., 301 F.2d 114 (2d Cir. 1962) – clear and convincing evidence of fraud).

22. Plaintiff's denial of misrepresentations is baseless; the letter omitted the 2014 acceleration, 2020 expiration, unrequested deceleration, and Defendants' motions—creating a false narrative (Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972)).

### IV. PLAINTIFF'S OPPOSITION TO VACATUR UNDER RULE 60(b)(4) IS MERITLESS

23. Plaintiff claims the Court could remand sua sponte without notice. This is incorrect; the remand violated due process by denying opportunity to be heard on federal questions (Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950)). Remand orders are void if issued without jurisdiction or notice (Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291 (2d Cir. 2000) – dismissal mandatory for lack of jurisdiction, but sua sponte without notice violates due process).

24. The remand is void for lack of subject matter jurisdiction due to time-bar and fraud, and Ramos's undisclosed conflicts (Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988)).

### V. PLAINTIFF'S OPPOSITION TO RECUSAL IS MERITLESS

25. Plaintiff's denial of Ramos's conflicts is false; ownership of investment funds holding securities tied to Plaintiff constitutes a financial interest (28 U.S.C. § 455(d)(4)(i)). Cent.

    Tel. Co. of Virginia v. Sprint Commc'ns Co. of Virginia, Inc., 715 F.3d 501 (4th Cir. 2013) is inapposite; Ramos's holdings are direct and undisclosed.

26. Plaintiff's claim of no bias/irregularities ignores Ramos's pattern (WSJ 2021 ExxonMobil; Reuters 2022 bonds) and same-day remand.

## VI. PLAINTIFF'S OPPOSITION TO PRELIMINARY INJUNCTION IS MERITLESS

27. Plaintiff claims no irreparable harm; this is false. Threatened eviction of Roberta Perry s/h/a Jane Doe #1 and long-time tenant is irreparable (Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506 (2d Cir. 2005)). Monetary loss is not adequate; home loss is unique (Sperry Int'l Trade, Inc. v. Gov't of Israel, 670 F.2d 8 (2d Cir. 1982)).

28. Plaintiff claims the judgment is final; it is void for time-bar and fraud (Archibald v. Wells Fargo Bank, N.A., 166 A.D.3d 573 (2d Dep't 2018)). Removal is not barred (Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770 (2d Cir. 1988)).

29. In this matter, federal intervention is needed, involving civil rights violations where the state court system is deemed inadequate to protect Defendants' federal constitutional rights. Federal courts have intervened despite a state court judgment, as follows:

- Under 42 U.S.C. § 1983, a defendant can file a civil-rights lawsuit claiming that a state court judgment resulted from unconstitutional practices, such as violations of due process rights by state actors (e.g., judges or counsel). Defendants have demonstrated that the state court's actions violated federal constitutional rights and a federal court has jurisdiction to hear the case, even after a state court judgment. See Mitchum v. Foster, 407 U.S. 225 (1972), where the Supreme Court held that § 1983 is an exception to the Anti-Injunction Act, which generally prohibits federal courts from enjoining state court proceedings, and allows federal courts to intervene in cases where state court judgments violate constitutional rights.

30. Success on merits likely; equities favor Defendants; public interest in rights protection (Chapman v. S. Buffalo Ry. Co., 43 F. Supp. 2d 312 (W.D.N.Y. 1999)).

VII. ADDITIONAL GROUNDS FOR VACATUR

31. The remand is void due to Ramos's undisclosed conflicts, which require recusal under § 455 (Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988)).
32. Plaintiff's opposition is frivolous and intended to harass pro se Defendants, warranting sanctions under Rule 11 and § 1927.

WHEREFORE, Defendants request the Motion to Vacate be granted, the Remand Order vacated as void, recusal enforced, PI issued, and sanctions against Plaintiff's counsel.

Executed on this 12th day of January, 2026.

Dated: New Milford, CT                    Respectfully submitted,

                                                  */s/ Carmine Amelio*
                                                  Carmine P. Amelio, *Defendant Pro Se*
                                                  37 Main Street, #337
                                                  New Milford, CT 06776
                                                  p. 412-612-6774
                                                  e. cpamelio@gmail.com

**Certificate of Good Faith** I certify that this affidavit is presented in good faith and based upon facts believed to be true.

Dated: New Milford, CT                    Respectfully submitted,
           January 12, 2026

                                                  */s/ Carmine Amelio*
                                                  Carmine P. Amelio, *Defendant Pro Se*
                                                  37 Main Street, #337
                                                  New Milford, CT 06776
                                                  p. 412-612-6774
                                                  e. cpamelio@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>　　　Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>　　　Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>**JURY TRIAL DEMANDED** |

CERTIFICATE OF SERVICE

I hereby certify that a copy of, DEFENDANTS' REPLY AFFIRMATION IN OPPOSITION TO PLAINTIFF'S AFFIRMATION IN OPPOSITION TO MOTION TO VACATE REMAND ORDER AND FOR PRELIMINARY INJUNCTION, has been served upon the following parties or counsel via electronic and/or US Mail:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

Dated: New Milford, CT
　　　　January 12, 2026

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Carmine P. Amelio*
　　　　　　　　　　　　　　　　　　　Carmine P. Amelio, *Defendant Pro Se*
　　　　　　　　　　　　　　　　　　　37 Main Street, #337
　　　　　　　　　　　　　　　　　　　New Milford, CT 06776
　　　　　　　　　　　　　　　　　　　p. 412-612-6774 e. cpamelio@gmail.com