**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>　　　　Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>　　　　Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' RENEWED AND SUPPLEMENTAL MOTION FOR RECUSAL**
**OF HON. EDGARDO RAMOS (28 U.S.C. §§ 455(a) AND (b)(4))**

Supplementing Prior Recusal Motion Filed January 8, 2026 and Oral Denial of January 27, 2026

**PRELIMINARY STATEMENT**

Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio respectfully submit this

Renewed and Supplemental Motion for Recusal. The January 8, 2026 recusal motion established

financial conflict grounds under 28 U.S.C. § 455(b)(4) based on Judge Ramos's holdings in

Vanguard and BlackRock funds — institutional shareholders of U.S. Bancorp, the parent of

Plaintiff — and a documented pattern of prior nondisclosure in other cases. Those grounds are

fully incorporated by reference and are not abandoned.

Since the January 8 motion, six additional events independently require recusal: (1) on December

30, 2025, after having remanded and closed this case on December 5, Judge Ramos issued a

substantive order in the already-closed case — exercising jurisdiction he no longer possessed —

which forced Defendants to alert a second federal judge to the error and set in motion a cascading taint across three federal courts that has now resulted in a $2,500 sanctions recommendation against Defendants; (2) at the January 27, 2026 telephonic conference, the Court denied the recusal motion orally without briefing, applying a 10% ownership threshold that has no basis in 28 U.S.C. § 455(b)(4); (3) the Court threatened to admonish Defendant Carmine Amelio for articulating the documented factual basis of his federal fraud claims while asking nothing of Plaintiff's counsel; (4) the Court failed to require Plaintiff to explain the time-barred complaint or the fraudulent deceleration while threatening to admonish the Defendant who raised both; (5) the Court failed to require Plaintiff to justify nine unauthorized Notices of Rejection while warning Defendant Carmine Amelio against characterizing them as unlawful; and (6) Plaintiff's counsel filed an opposition brief attaching an unadopted NDNY R&R — itself a downstream product of this Court's prior remand — as evidence of frivolousness, which this Court received without comment. Each of these events, and all of them together, compel recusal under 28 U.S.C. §§ 455(a) and (b)(4).

**I. THE JANUARY 8, 2026 RECUSAL MOTION — FINANCIAL CONFLICT GROUNDS**
The January 8 motion documented that Judge Ramos holds financial interests in Vanguard funds (including Vanguard Information Technology ETF, $15,001-$50,000; Vanguard Communication Services ETF, $1,001-$15,000; and Vanguard Intermediate-Term Bond ETF, $15,001-$50,000), BlackRock funds, and Mitsubishi UFJ Financial Group securities. Vanguard and BlackRock are among the largest institutional shareholders of U.S. Bancorp, the parent of Plaintiff U.S. Bank Trust National Association. Mitsubishi UFJ sold Union Bank to U.S. Bancorp in 2022 for $8 billion, creating ongoing financial entanglements.

Section 455(b)(4) requires recusal for any "financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome." 28 U.S.C. § 455(b)(4). The statute defines "financial interest" broadly as "ownership of a legal or equitable interest, however small." 28 U.S.C. § 455(d)(4). Recusal under § 455(b)(4) is mandatory, non-discretionary, and non-waivable. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988).

The motion also identified a documented pattern of prior nondisclosure: Judge Ramos presided over ExxonMobil Prod. Co. v. TIG Ins. Co., No. 16-cv-9527, while holding ExxonMobil stock (Wall Street Journal, Sept. 28, 2021), and over In re SSA Bonds Antitrust Litig., No. 16-cv-3711, while holding stock in defendant banks — recusing only after public exposure (Reuters, Mar. 8, 2022). In the SSA Bonds case, reassignment to Judge Caproni resulted in claims being allowed to proceed that had been dismissed under Judge Ramos.

## II. THE FINANCIAL CONFLICT REQUIRES MANDATORY RECUSAL UNDER § 455(b)(4)

Section 455(b)(4) does not contain a 10% ownership threshold or a management requirement. It mandates recusal whenever a judge has a financial interest in a party or "any other interest that could be substantially affected by the outcome." 28 U.S.C. § 455(b)(4). The statute defines financial interest as "ownership of a legal or equitable interest, however small." 28 U.S.C. § 455(d)(4). There is no de minimis exception and no balancing test. Recusal is mandatory upon discovery of any qualifying financial interest. Liljeberg, 486 U.S. at 864.

Judge Ramos's holdings in Vanguard and BlackRock funds — which are among the largest institutional shareholders of U.S. Bancorp, the direct parent of Plaintiff U.S. Bank Trust National Association — constitute financial interests whose value could be substantially affected by a

ruling that exposes U.S. Bank to FDCPA liability, RESPA liability, and fraud-on-the-court findings. The outcome of this case is not irrelevant to the value of institutional holdings in U.S. Bancorp. The statute requires recusal under these circumstances regardless of the judge's subjective awareness or intent at the time of any particular ruling. Liljeberg, 486 U.S. at 861 (§ 455 imposes a continuing obligation; recusal is required upon discovery of the conflict even after the fact).

The Court's oral denial on January 27 applied a standard that does not exist in the statute — requiring 10% ownership or management involvement. This rewriting of § 455(b)(4) cannot insulate the denial from review. A judicial officer cannot avoid a mandatory recusal obligation by articulating an incorrect legal standard that narrows the statutory requirement. In re Murchison, 349 U.S. 133, 136 (1955). This renewed motion presents the correct statutory standard and requests that it be applied.

## III. RAMOS CONDONED PLAINTIFF'S MISCONDUCT — ADDITIONAL GROUNDS FOR RECUSAL

### A. The Court Condoned Plaintiff's Silence on the Time-Barred Complaint and Fraudulent Deceleration

At the January 27, 2026 conference, Defendant Carmine Amelio expressly raised the statute of limitations violation — the May 2014 acceleration, the May 2020 expiration, and the December 2022 filing — and the fraudulent insertion of deceleration language into the August 2022 discontinuance order. (Tr. 9:5-15; 10:10-25; 19:5-12.) The Court did not ask Plaintiff's counsel to address either issue. It did not ask how the complaint was filed after limitations expiry. It did not ask what authority permitted the deceleration insertion. Instead, the Court redirected to removal procedure without requiring Plaintiff to answer the foundational question of whether the underlying complaint was lawfully filed at all.

A neutral judicial officer presiding over a motion that turns on whether a complaint was void ab initio would be expected to require the party that filed the complaint to justify its timeliness. The Court's failure to do so — while simultaneously threatening to admonish the Defendant who raised the issue — presents the appearance of protecting Plaintiff from examination of its most vulnerable position. This is additional evidence of the partiality that § 455(a) is designed to address.

## B. The Court Condoned Nine Unauthorized Notices of Rejection and Never Asked Plaintiff to Justify Them

Defendant Carmine Amelio raised the nine unauthorized Notices of Rejection at the January 27 conference, specifically noting that opposing counsel has no authority to reject pleadings and that the clerk — not the opposing party — is the only entity with that power. (Tr. 11:3-10; 12:17-22.) The Court did not ask Plaintiff's counsel to justify this practice. It did not ask under what rule or authority Friedman Vartolo LLP filed nine rejection notices. It did not acknowledge that if the default judgment was obtained by suppressing Defendants' responsive pleadings through unauthorized rejections, that default would be constitutionally void.

Instead, the Court threatened to admonish Defendant Carmine Amelio for characterizing this conduct as unlawful. (Tr. 18:16-22.) The Court thereby simultaneously shielded Plaintiff from having to justify nine procedurally unauthorized filings while warning the Defendant who identified them to stop doing so. A reasonable observer knowing these facts would question whether the Court is presiding over this matter impartially. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988).

## IV. THE JANUARY 27, 2026 CONFERENCE — ADDITIONAL GROUNDS

## A. The Court Denied the Recusal Motion Without Briefing, Applying an Incorrect Legal Standard

At the outset of the January 27 conference, the Court summarily denied the January 8 recusal motion on the record, stating that investment fund holdings do not require recusal absent the fund's direct management of or 10% ownership in a litigant. (Tr. 6:20-7:4; 7:15-23.) This standard does not appear in § 455(b)(4). The statute contains no 10% threshold and no management requirement. It requires recusal for any financial interest, however small, in a party or in a matter that "could be substantially affected" by the outcome. The Court's stated standard effectively rewrites the statute to impose a materiality threshold that Congress did not enact.

A judge ruling on a recusal motion directed at himself, applying an incorrect legal standard that minimizes the statutory scope, does not insulate that ruling from review — particularly where the ruling was issued without briefing and without allowing Defendants to present the governing legal standard. United States v. Liteky, 510 U.S. 540, 548 (1994). The denial itself, rendered in a manner that foreclosed legal argument, is evidence of the problem the recusal motion identified.

### B. The Court Threatened to Admonish Defendant Carmine Amelio for Asserting Documented Federal Claims

The most significant new ground for recusal arises from the following exchange at the January 27 conference, quoted directly from the certified transcript:

> THE COURT: You are not a lawyer. However, if you were a lawyer, I would admonish you for accusing Mr. Monahan of wrongdoing in connection with this case, in connection with complicity with the courts. You may have an argument, but you should be very careful about making those types of accusations. Again, if you were a lawyer, I would be having a very different conversation. (Tr. 18:16-22.)

The Court repeated this threat: "[B]ecause you are accusing him of engaging in complicity, in engaging in a fraud, in engaging with state judges, and committing a fraud. And those are types of accusations that I take very, very seriously." (Tr. 20:1-3.)

The conduct the Court threatened to sanction is precisely the factual basis of Defendants' federal fraud-on-the-court claim — the insertion of unauthorized deceleration language into the August

29, 2022 discontinuance order. This is documented in the record. It is cognizable under Rule 60(d)(3) and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944). It is the core of Defendants' federal question jurisdiction argument.

A judge who threatens sanctions against a pro se litigant for articulating the factual basis of his documented federal claims — at a conference convened specifically to hear those claims — communicates to that litigant that pressing those claims will result in punishment. This is objective evidence of bias under 28 U.S.C. § 455(a). A reasonable person knowing these facts would question the Court's impartiality. Liljeberg, 486 U.S. at 860.

Pro se litigants have a constitutionally protected right to present their claims to the court without fear of judicial sanction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The threat to admonish Defendant Carmine Amelio — made in open court, on the record, before any briefing on the merits — chilled the very advocacy that the Court had invited by scheduling the conference.

## V. THE DECEMBER 30 UNAUTHORIZED RULING AND CASCADING TAINT ACROSS THREE FEDERAL COURTS

On December 5, 2025, Judge Ramos remanded and closed case 25-cv-10022. On December 23, 2025, Defendants filed a new Notice of Removal, which was properly docketed as case 25-cv-10739 before Judge Karas. Through clerical error, however, Defendants' emergency TRO motion was filed in Ramos's already-closed, already-remanded case 25-cv-10022. On December 30, 2025, Judge Ramos issued a substantive order in the closed case — denying the TRO but setting a briefing schedule and scheduling a January 14 show cause hearing — despite having remanded and terminated the case 25 days earlier and having no jurisdiction over the newly-filed matter.

Defendants were forced to write to Judge Karas on January 8, 2026 to alert him that their TRO had been improperly ruled upon by Ramos in a case that had already been remanded. (25-cv-

10739, Dkt. 5.) Judge Karas then issued his own separate TRO denial on January 8, citing lack of

subject matter jurisdiction. (Id., Dkt. 6.) The result was two federal judges simultaneously

issuing orders on the same emergency motion — one in a closed case, one in the live case —

both adverse to Defendants, both citing the Ramos remand history as the jurisdictional basis.

The consequences of this disorder — traceable directly to the December 5 remand and December

30 unauthorized ruling — did not stop there. The cascading taint across three federal courts is

documented and specific:

- December 5, 2025: Ramos issues same-day remand in 25-cv-10022 without notice to Defendants, without engaging their federal claims.
- December 30, 2025: Ramos issues substantive order in the already-closed, already-remanded case — exercising jurisdiction he no longer possessed.
- January 8, 2026: Karas denies TRO in 25-cv-10739 citing lack of subject matter jurisdiction — a characterization directly traceable to the Ramos remand.
- February 10, 2026: Karas describes Defendants' response as 'border[ing] on the frivolous' (25-cv-10739, Dkt. 16) — language built on the foundation of the Ramos remand history.
- March 17, 2026: Magistrate Judge Katz in NDNY 6:26-cv-00070 cites the pattern of prior removals — including the SDNY remands — as a basis for recommending $2,500 in sanctions and a permanent filing injunction against Defendants.

The financial and legal harm to Defendants from Judge Ramos's December 5 remand and

December 30 unauthorized ruling is therefore documented, specific, and traceable across three

federal courts. Plaintiff's counsel is now using the NDNY R&R — itself a product of the tainted

SDNY record — as an exhibit in this very proceeding to argue Defendants are frivolous. This

circular, self-reinforcing record was set in motion by Judge Ramos acting on a case involving a

plaintiff in whose parent company he holds undisclosed financial interests. That is precisely the

harm that 28 U.S.C. § 455 is designed to prevent.

## VI. PLAINTIFF'S OPPOSITION BRIEF — ADDITIONAL GROUNDS

Plaintiff's counsel filed an opposition brief attaching as Exhibit A the March 17, 2026 Order and Report-Recommendation of Magistrate Judge Katz in NDNY Case No. 6:26-cv-00070 — a case involving a different property, a different plaintiff trust, and a different district. As demonstrated in Section V above, that R&R is itself a downstream product of this Court's prior remand orders. Plaintiff is using a derivative proceeding — one that traces its adverse findings back to Judge Ramos's December 5 remand — to validate the original proceeding before the same judge whose remand created the derivative record. This is circular reasoning that a neutral judicial officer would reject sua sponte.

This Court received that exhibit without comment. A neutral judicial officer would be expected to note that an unadopted, objected-to magistrate recommendation from another district has no preclusive or evidentiary value in this proceeding, and that its use as an exhibit without disclosure that it is under active objection violates counsel's duty of candor under Rule 3.3 of the New York Rules of Professional Conduct. The failure to do so adds to the cumulative pattern requiring recusal.

## VII. THE CUMULATIVE PATTERN REQUIRES RECUSAL

Courts have recognized that a cumulative pattern of events — each of which might be explained individually — can collectively establish the appearance of partiality requiring recusal. Liljeberg, 486 U.S. at 860-61; Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 883-84 (2009). The pattern here is:

- Undisclosed financial interests in institutional shareholders of Plaintiff's parent company, consistent with a prior documented pattern of nondisclosure in ExxonMobil and SSA Bonds cases.
- December 5, 2025: Same-day remand issued without notice to Defendants, without opportunity to respond, without engaging any of Defendants' federal claims — in a case

involving a plaintiff whose parent company's institutional shareholders Judge Ramos holds financial interests in.

- December 30, 2025: Issued a substantive order in the already-closed, already-remanded case, exercising jurisdiction that had been surrendered 25 days earlier, forcing Defendants to alert a second federal judge to the error.

- January 27, 2026: Denied recusal motion orally without briefing, applying a 10% ownership threshold that has no basis in § 455(b)(4).

- January 27, 2026: Failed to require Plaintiff's counsel to explain how the complaint was filed two years after the statute of limitations expired, or to justify the fraudulent deceleration insertion — while threatening to admonish Defendant Carmine Amelio for raising these issues.

- January 27, 2026: Failed to require Plaintiff's counsel to identify any legal authority for nine unauthorized Notices of Rejection — while warning Defendant Carmine Amelio against characterizing that conduct as unlawful.

- Present: Received Plaintiff's opposition brief attaching an unadopted NDNY R&R — itself a product of this Court's prior remand — as evidence of frivolousness, without comment on its impropriety or circular nature.

Each of these events favored Plaintiff and burdened Defendants. The financial conflict provides the motive; the seven-event pattern provides the evidence. Together they satisfy both § 455(a) and § 455(b)(4). All orders entered by Judge Ramos — including the December 5, 2025 Remand Order and the December 30, 2025 order in the closed case — should be vacated. Liljeberg, 486 U.S. at 864.

**RELIEF REQUESTED**

Defendants respectfully request that this Court:

1. Recuse Hon. Edgardo Ramos from all further proceedings pursuant to 28 U.S.C. §§ 455(a) and (b)(4);

2. Reassign this matter to a conflict-free judge;

3. Vacate all orders entered by Judge Ramos in this case, including the December 5, 2025 Remand Order and the December 30, 2025 order issued without jurisdiction in the closed case;

4.  Grant such other and further relief as the Court deems just and proper.

Dated: May 1, 2026
        New Milford, CT

Respectfully submitted,

*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337, New Milford, CT 06776


*/s/ Paul Amelio*
Paul Amelio, *Defendant Pro Se*

*/s/ Alfonso Amelio*
Alfonso Amelio, *Defendant Pro Se*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

U.S. BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE OF TIKI
SERIES V TRUST
    Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED
STATES BANKRUPTCY COURT;
ROBERTA PERRY S/H/A JANE DOE #1,

    Defendants.

CASE NO.: 25-cv-10022 (ER)

**JURY TRIAL DEMANDED**

CERTIFICATE OF SERVICE

I hereby certify that a copy of, DEFENDANTS' RENEWED AND SUPPLEMENTAL MOTION
FOR RECUSAL OF HON. EDGARDO RAMOS (28 U.S.C. §§ 455(a) AND (b)(4)),
Supplementing Prior Recusal Motion Filed January 8, 2026 and Oral Denial of January 27, 2026,
has been served upon the following parties or counsel via electronic and/or US Mail:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

Dated: May 1, 2026
    New Milford, CT

Respectfully submitted,

*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337, New Milford, CT 06776
p. 412-612-6774 e. cpamelio@gmail.com