Carmine P. Amelio
Paul Amelio
Alfonso Amelio
*Defendants Pro Se*
37 Main Street #337
New Milford, CT 06776
Ph: 412-612-6774
Email: cpamelio@gmail.com
May 1, 2026


Via ECF
Hon. Edgardo Ramos, U.S. District Judge
U.S. District Court for the Southern District of New York

**Re: U.S. Bank Trust National Association v. Amelio et al. Case No.: 25-cv-10022 (ER) Letter in Support of Defendants' Reply to Plaintiff's Opposition to Motion to Vacate Remand Order**


Dear Judge Ramos:

Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio, appearing pro se, respectfully submit this letter as a companion to their Reply filed herewith, to address four arguments that could not be included in the Reply due to the 10-page limit. Each argument is fully ripe for the Court's consideration.


## I. PLAINTIFF'S DIVERSITY WAIVER ARGUMENT FAILS

Plaintiff argues Defendants cannot raise diversity jurisdiction because their original motion stated they did not remove on diversity grounds. This fails for two reasons. First, at the January 27, 2026 conference Your Honor specifically directed Defendants to submit supplemental briefing addressing all jurisdictional grounds — whether this is 'the type of case I can hear' and 'whether I can otherwise properly preside over this case.' (Tr. 23:21-25:7.) That invitation was not limited to grounds originally pleaded. Defendants' Supplemental did exactly what the Court asked. Plaintiff cannot argue both that supplemental briefing was improper and that its contents are procedurally barred.

Second, subject matter jurisdiction cannot be waived or forfeited by either party. This Court has an independent obligation to consider all available bases for jurisdiction. Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 295 (2d Cir. 2000). If diversity jurisdiction exists — based on Plaintiff's citizenship as a national banking association whose main office is not in New York, Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006), combined with snap removal validity under Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705 (2d Cir. 2019) where service was defective — this Court may and should recognize that basis regardless of whether

Defendants raised it initially. Jurisdiction either exists or it does not — it is not subject to procedural forfeiture.

## II. ROOKER-FELDMAN DOES NOT BAR DEFENDANTS' FEDERAL CLAIMS

Plaintiff argues the November 4, 2024 state court decision triggers Rooker-Feldman. This fails for two independent reasons. First, Rooker-Feldman applies only to claims actually litigated and decided. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). A state court denial of a motion to vacate — issued after Defendants' motions to dismiss were rejected by opposing counsel's nine unauthorized notices of rejection and never ruled upon on the merits — is not the full adjudication that triggers preclusion. Defendants were systematically denied a meaningful opportunity to be heard. That denial is itself the constitutional violation they seek to remedy in federal court.

Second, Defendants' FDCPA, RESPA, and § 1983 claims were never raised before the state court in any form that resulted in adjudication. The state court addressed only the foreclosure judgment — it never considered federal consumer protection statute claims. Claims never presented to and decided by the state court cannot be Rooker-Feldman barred. Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 87 (2d Cir. 2005).

## III. PLAINTIFF'S R&R EXHIBIT IS LEGALLY IMPROPER AND CIRCULARLY DERIVED

Plaintiff attached as Exhibit A the Report-Recommendation of Magistrate Judge Katz in NDNY Case No. 6:26-cv-00070 — a case involving an entirely different property (Clinton Road, Whitesboro, New York), a different plaintiff trust (Truman 2016 SC6 Title Trust), different facts, and a different district. Defendants' objections to that R&R were filed May 1, 2026 and are pending before District Judge D'Agostino. The R&R has not been adopted and is subject to de novo review under 28 U.S.C. § 636(b)(1).

An unadopted R&R has no preclusive effect — it is not a judgment, not res judicata, not binding on any court. The cases involve different properties, different trusts, and different legal theories. More critically, the NDNY R&R was built in part on the foundation of this Court's prior remand orders. Using that derivative proceeding to validate the original proceeding before this Court is circular reasoning. Attaching a pending, objected-to recommendation without disclosing it is unadopted and under active objection violates counsel's duty of candor under Rule 3.3 of the New York Rules of Professional Conduct. The circularity is documented and specific: this Court's December 5, 2025 remand contributed to Judge Karas's 'borders on frivolous' characterization (25-cv-10739, Dkt. 16), which contributed to Magistrate Judge Katz's $2,500 sanctions recommendation and permanent filing injunction in the Northern District (6:26-cv-00070, Dkt. 25). Plaintiff now uses that downstream product of this Court's remand as evidence before this Court. The Court should disregard Exhibit A entirely.

**IV. 'NOT YOUR HOME' ARGUMENT HAS NO LEGAL SIGNIFICANCE**

Plaintiff argues in footnote 2 that Defendants are not 'defending their home' because they reside in Connecticut. Property owners have standing to defend their property interests regardless of whether they reside in the property. Defendants own 17 Grant Street, Middletown, New York — a property generating rental income that constitutes a significant portion of their livelihood. Their Connecticut mailing address does not diminish their ownership interest, their standing, or the irreparable harm caused by the foreclosure sale.

**V. FURTHER SUPPLEMENT — ONGOING MEDICAL AND CAREGIVING CIRCUMSTANCES**

In their April 21, 2026 Supplemental Memorandum, Defendants reserved the right to further supplement due to ongoing medical and caregiving circumstances affecting Defendant Carmine Amelio, the sole pro se representative for all three Defendants. Defendants exercise that reservation here.

As to Defendant Paul Amelio: On February 26, 2026, Paul was admitted to the emergency room, discharged March 5, 2026, readmitted March 7, 2026, and underwent emergency surgery March 19, 2026. Defendant Carmine Amelio has served throughout as Paul's proxy and medical representative — coordinating treatment, consulting with providers, managing discharge planning, and participating directly in post-surgical recovery. Between April 11 and April 15, 2026, Defendant Carmine Amelio spent four consecutive full days at the hospital for Paul's occupational and physical therapy sessions. Paul's recovery and associated caregiving obligations continued through the April 21 filing date and through the date of this letter.

As to Defendant Alfonso Amelio: On April 19, 2026, Alfonso suffered a serious knee injury. Defendant Carmine Amelio transported Alfonso to the emergency room on April 20, 2026, remaining through the early morning hours of April 21, 2026 — the date the Supplemental was filed. Alfonso underwent orthopedic evaluation on April 22, 2026 and as of this filing remains restricted in mobility. His ongoing care falls entirely to Defendant Carmine Amelio.

Defendant Carmine Amelio has prepared and filed every submission in this matter while simultaneously serving as medical proxy for two co-defendants — one recovering from emergency surgery, one from a serious knee injury. This is offered as an accurate record of the conditions under which this litigation has been conducted. Documentation of these medical circumstances is available under seal upon the Court's request.

Defendants thank the Court for its consideration of this letter and the accompanying Reply.

Respectfully submitted,
*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*

*/s/ Paul* Amelio
Paul Amelio

*/s/ Alfonso Amelio*
Alfonso Amelio


CC: BY ECF and/or USmail
Sean K. Monahan, Esq.
FRIEDMAN VARTOLO LLP
85 Broad St., Suite 501
New York, New York 10004
t: 212.471.5100
f:212.471.5150
smonahan@friedmanvartolo.com