**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>        Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>        Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO**
**MOTION TO VACATE REMAND ORDER**
PURSUANT TO INDIVIDUAL PRACTICES OF JUDGE EDGARDO RAMOS

**PRELIMINARY STATEMENT**

Plaintiff's Opposition fails at the most fundamental level: it does not answer the questions that matter. This Court and Defendants are entitled to know how Plaintiff's counsel filed a foreclosure complaint more than two years after the statute of limitations expired. They are entitled to know how deceleration language appeared in the August 29, 2022 discontinuance order when no party ever requested it, argued for it, or noticed it. They are entitled to know by what legal authority Plaintiff's counsel filed nine Notices of Rejection of Defendants' pleadings — a power belonging exclusively to the clerk of court. On all three of these questions, Plaintiff's Opposition is completely silent.

Instead, Plaintiff devotes the heart of his brief to attacking Defendants' citation of Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826 (2002) — an argument that misreads what Defendants actually argued and is transparently designed to distract from three questions that have no legitimate answer. As set forth in Section II below, Defendants cited Holmes Group correctly as a contrast point — to acknowledge that counterclaims do not create federal jurisdiction and then to explain why that rule is irrelevant here, because Defendants do not rely on counterclaims. The parenthetical in the Supplemental misstated Holmes's holding, but the underlying argument was sound and consistent with Holmes: the federal question in this case arises not from any counterclaim but from federal law embedded in Plaintiff's own complaint through its RPAPL § 1304 compliance allegations at paragraphs 7 and 8. That is Grable jurisdiction. Plaintiff's Opposition never addresses Grable at all — not once. Under controlling Second Circuit authority, failure to address a material argument in an opposition constitutes concession of that argument. CILP Associates, L.P. v. PriceWaterhouseCoopers LLP, 735 F.3d 114, 127 (2d Cir. 2013). Plaintiff has conceded Grable jurisdiction. Silence on Grable. Silence on the statute of limitations. Silence on the fraudulent deceleration. Silence on nine unauthorized rejections. Defendants address each concession in turn.

## I. PLAINTIFF'S SILENCE ON THREE DISPOSITIVE FACTS IS CONCESSION

### A. Statute of Limitations and Fraudulent Deceleration

The May 2014 acceleration triggered New York's six-year limitations period under CPLR § 213(4), which expired May 2020. Plaintiff filed in December 2022 — over two years late. Freedom Mortgage Corp. v. Engel, 37 N.Y.3d 1, 31-32 (2021) (claim extinguished upon expiration). Plaintiff does not dispute the acceleration date, the expiration date, or explain how the complaint was timely. The only vehicle Plaintiff relies upon — the deceleration language

inserted into the August 29, 2022 discontinuance order — was never requested, argued, noticed, or consented to by Defendants. Plaintiff does not explain what authority permits sua sponte deceleration after limitations expiry, or how deceleration can revive an extinguished claim. Deutsche Bank Nat'l Trust Co. v. Adrian, 157 A.D.3d 934, 935 (2d Dep't 2018); Freedom Mortgage Corp. v. Engel, 37 N.Y.3d at 20-21. A complaint filed after limitations, resurrected only by fraudulently inserted deceleration language, is void ab initio — and its enforcement constitutes the fraud upon the court vesting this Court with independent jurisdiction under Rule 60(d)(3) and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944). Plaintiff's silence is concession. CILP Associates, 735 F.3d at 127.

## B. Nine Unauthorized Notices of Rejection

Defendants documented that Friedman Vartolo LLP filed nine Notices of Rejection of Defendants' state court pleadings. Under 22 NYCRR § 202.5-b, only the clerk of court may reject filed documents. Opposing counsel has no such authority. Plaintiff does not dispute that nine rejections were filed, cites no authority permitting them, and does not explain how a default obtained after counsel rejected the responsive pleading is legitimate. Defendants' motion to dismiss — filed under NYSCEF's standard answer category for Orange County Supreme Court motions to dismiss — was among the rejected pleadings. A default manufactured through unauthorized rejection of a timely-filed responsive pleading is a constitutional due process violation. Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 84-86 (1988). These rejections also constitute the § 1983 claim that independently supports jurisdiction. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Plaintiff's silence is concession.

## II. HOLMES WAS CITED AS A CONTRAST POINT — THE PARENTHETICAL WAS IMPRECISE BUT THE ARGUMENT WAS CORRECT — PLAINTIFF CONCEDES GRABLE BY IGNORING IT

Plaintiff's attack on Defendants' Holmes citation misreads the argument entirely. Defendants did not cite Holmes Group to argue that a counterclaim creates federal jurisdiction. Defendants cited Holmes for precisely the opposite reason — to acknowledge that counterclaims do not create arising-under jurisdiction, and then to demonstrate why that rule is irrelevant here because Defendants do not rely on counterclaims at all. That is what 'inapposite' means in Defendants' Supplemental. The parenthetical misstated Holmes's holding by referencing a 'mixed claims' exception Holmes never recognized, and Defendants acknowledge the parenthetical was imprecise. But the underlying use of Holmes was correct: Holmes bars counterclaim-generated federal jurisdiction; the federal question here does not arise from any counterclaim. It arises from federal law embedded in Plaintiff's own complaint. Holmes supports that distinction — it does not undermine it. Cruz v. Int'l Collection Corp., 673 F.3d 991 (9th Cir. 2012) was introduced with language implying Second Circuit authority; it is Ninth Circuit. That introductory clause was wrong. The case stands for FDCPA jurisdiction in debt collection proceedings and was cited for that limited proposition only.

The correct jurisdictional theory was never counterclaim jurisdiction. It was always Grable jurisdiction — federal law embedded in Plaintiff's own complaint. That argument is at Section I-B of the Supplemental and does not rely on Holmes or Cruz at all. Plaintiff never addresses it. Not once. That silence is concession. CILP Associates, 735 F.3d at 127. The parenthetical imprecision and the Cruz introductory clause error are not fatal — courts must look to the substance of pro se arguments, not the technical precision of citations. Haines v. Kerner, 404 U.S. 519, 520 (1972). Subject matter jurisdiction cannot be waived, and this Court has an

independent obligation to find jurisdiction if it exists regardless of how the parties have briefed it. Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 295 (2d Cir. 2000). Dismissing the entire Supplemental because of a wrong parenthetical in one subsection while ignoring a correct, unaddressed Grable argument in another would be legal error. Plaintiff's strategy — attack the parenthetical, concede the winning theory — is transparent. The Court should decline that invitation.

**III. PLAINTIFF'S AI ACCUSATION AND PLAINTIFF'S OWN CITATION ERRORS**

Plaintiff's footnote 1 AI accusation points to the Holmes parenthetical and Cruz introductory clause. Both are addressed and acknowledged above. But the accusation is not a legal argument and does not address Grable. Plaintiff's own brief contains equally consequential citation errors. Plaintiff claims Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72 (1st Cir. 2009) 'explicitly' held unanimity applies to federal question removal. Esposito is a First Circuit case addressing the forum defendant rule in the diversity removal context — its consent discussion arose there, not as a freestanding holding governing federal question removals. Plaintiff also cites Palmieri v. Allstate Ins. Co., 445 F.3d 179 (2d Cir. 2006) for a removal proposition while acknowledging in the same brief that Palmieri was an original federal action — making it wholly inapposite to any removal rule. These are Plaintiff's only two cases on unanimity, and neither supports the proposition for which it is cited. A licensed attorney who devotes a footnote to accusing pro se defendants of citation error while his own brief mischaracterizes the holdings on which he relies has opened himself to the same scrutiny he attempts to impose.

**IV. THE NYSCEF DEFAULT WAS MANUFACTURED — NOT LEGITIMATE**

Plaintiff falsely states Defendants failed to respond in state court. Defendants filed a motion to dismiss based on statute of limitations expiration and defective service. In Orange County Supreme Court NYSCEF, a motion to dismiss is docketed under the standard 'answer' filing category — standard protocol that every New York foreclosure attorney knows. Plaintiff's counsel then filed a Notice of Rejection of that motion. Having suppressed Defendants' responsive pleading through an unauthorized rejection, Plaintiff cannot represent to this Court that Defendants failed to respond. The November 4, 2024 state court decision addressed only the motion to vacate the default — it never adjudicated the statute of limitations defense, defective service, or fraud-upon-the-court claim on the merits, because those were suppressed before they could be calendared. Plaintiff's assertion that the state court fully adjudicated Defendants' motions is false.

## V. FEDERAL QUESTION JURISDICTION EXISTS UNDER GRABLE

Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005) holds that a state law claim supports § 1331 jurisdiction where a federal issue is necessarily raised by the plaintiff's own complaint, actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) confirms Grable jurisdiction attaches when federal law is embedded in the plaintiff's own pleading. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699-700 (2006) distinguishes cases where the federal issue is an essential element of the plaintiff's own claim — the category into which this case falls — from cases where federal law appears only peripherally. All four Grable factors are met here. Plaintiff never addresses any of them. That silence is concession.

Plaintiff's own complaint at paragraphs 7 and 8 expressly pleads compliance with RPAPL § 1304 as a necessary element of the foreclosure claim. That compliance allegation directly implicates: the FDCPA (15 U.S.C. §§ 1692e, 1692f) — Friedman Vartolo LLP is a debt collector in this foreclosure proceeding, Romea v. Heiberger & Assocs., 163 F.3d 111, 116 (2d Cir. 1998); Derisme v. Hunt Leibert Jacobson P.C., 880 F. Supp. 2d 339, 356 (D. Conn. 2012); filing a time-barred complaint and fabricating USPS tracking records are FDCPA violations; RESPA / Regulation X (12 C.F.R. § 1024.41) — parallel federal pre-foreclosure requirements; and Dodd-Frank / TILA — Plaintiff pled compliance with N.Y. Banking Law §§ 6-1 and 6-m, which Dodd-Frank directly regulates. All four Grable factors are met: (1) necessarily raised — Plaintiff put RPAPL § 1304 compliance at issue in its own complaint as an essential pleading element, not a peripheral fact; (2) actually disputed — Defendants have documented with USPS tracking records showing "Created, not yet in system" that the required notices were fabricated and never tendered to the postal service; (3) substantial — FDCPA, RESPA, and Dodd-Frank represent core federal consumer protection interests that Congress specifically enacted to regulate this exact conduct by mortgage servicers and foreclosure attorneys; and (4) capable of federal resolution — this Court regularly adjudicates FDCPA and RESPA claims arising from mortgage servicing and foreclosure attorney conduct without disrupting the federal-state balance. Plaintiff addressed none of these four factors. That silence is concession on each.

Independent additional bases exist that are each separately sufficient. First, § 1983: Friedman Vartolo's nine unauthorized Notices of Rejection — accepted and effectuated by the state court clerk — constitute joint state action depriving Defendants of their constitutional right to be heard under the Fourteenth Amendment. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). This is an independent federal civil rights claim requiring no reliance on any state court judgment.

Second, Rule 60(d)(3): the insertion of unauthorized deceleration language into the August 29, 2022 discontinuance order constitutes fraud upon the court. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944). Rule 60(d)(3) expressly preserves this Court's power to act on fraud upon the court regardless of finality — it is an independent basis for federal jurisdiction that cannot be Rooker-Feldman barred. Third, Defendant Piazza's status as Chapter 7 Trustee of the United States Bankruptcy Court independently confers jurisdiction under 28 U.S.C. §§ 1334(b) and 1441(c) — a basis Plaintiff's Opposition never addresses and therefore concedes.

The state court's November 4, 2024 decision did not adjudicate Defendants' statute of limitations defense, defective service argument, or fraud-upon-the-court claim on the merits. Those arguments were suppressed before they could be calendared — Plaintiff's counsel filed unauthorized Notices of Rejection that prevented those motions from reaching the court. What the state court addressed was the motion to vacate the default judgment. It did not — because it could not — adjudicate defenses that were never permitted to be heard. The absence of merits adjudication on these claims means they are not precluded by that decision and are properly before this Court. Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 87 (2d Cir. 2005). Where a state forum has demonstrated systematic inability or unwillingness to protect federal constitutional rights, federal court intervention is warranted. Gibson v. Berryhill, 411 U.S. 564, 577-79 (1973); Mitchum v. Foster, 407 U.S. 225, 242 (1972). The state court here: (a) permitted opposing counsel to reject Defendants' pleadings through nine unauthorized rejections; (b) proceeded to default judgment and foreclosure sale without ruling on pending motions; (c) allowed the sale to proceed during the pendency of a removal notice in violation of 28 U.S.C. § 1446(d); and (d) denied Defendants' motion to vacate with no findings of fact and no

conclusions of law. This Court has both the authority and the obligation to hear Defendants'

federal claims where the state forum has systemically failed to do so.

**CONCLUSION**

For all of the foregoing reasons, this Court should vacate the December 5, 2025 Remand Order,

find that federal question jurisdiction exists under Grable based on federal law embedded in

Plaintiff's own complaint at paragraphs 7 and 8, and retain jurisdiction over this matter.

Defendants cited Holmes Group correctly as a contrast point — counterclaims do not create

federal jurisdiction, and Defendants do not rely on counterclaims. The parenthetical misstated

Holmes's holding, but the underlying argument was accurate: the federal question here arises

from Plaintiff's own compliance allegations, not from any counterclaim. That is Grable

jurisdiction. Plaintiff conceded it by ignoring it entirely. The Court should also disregard

Plaintiff's Exhibit A — the unadopted NDNY R&R — as legally improper, circularly derived,

and submitted in violation of counsel's duty of candor.

Dated: May 1, 2026
     New Milford, CT

Respectfully submitted,

*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337, New Milford, CT 06776

*/s/ Paul Amelio*
Paul Amelio, *Defendant Pro Se*

*/s/ Alfonso Amelio*
Alfonso Amelio, *Defendant Pro Se*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

U.S. BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE OF TIKI
SERIES V TRUST
     Plaintiff,

-against-

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED
STATES BANKRUPTCY COURT;
ROBERTA PERRY S/H/A JANE DOE #1,

     Defendants.

CASE NO.: 25-cv-10022 (ER)

**JURY TRIAL DEMANDED**

CERTIFICATE OF SERVICE

I hereby certify that a copy of, DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO VACATE REMAND ORDER PURSUANT TO INDIVIDUAL PRACTICES OF
JUDGE EDGARDO RAMOS, has been served upon the following parties or counsel via
electronic and/or US Mail:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

Dated: May 1, 2026
     New Milford, CT

Respectfully submitted,

*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337, New Milford, CT 06776
p. 412-612-6774 e. cpamelio@gmail.com