UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK TRUST NATIONAL ASSOCIATION, *as trustee of* TIKI SERIES V TRUST,

Plaintiff,

– *against* –

ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, *as Chapter 7 Trustee of* UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,

Defendants.

**OPINION & ORDER**

25-cv-10022 (ER)

RAMOS, D.J.:

U.S. Bank Trust National Association ("the Bank") brought this foreclosure action in the Supreme Court of the State of New York, Orange County ("the NYS court") against Carmine Amelio ("Carmine"), Alfonso Amelio, Paul Amelio (collectively "the Amelios"), Deborah J. Piazza, and Roberta Perry. Carmine removed this case to the Southern District of New York ("SDNY") on December 2, 2025. Doc. 1. The Court remanded the action back to state court on December 4, 2025. Doc. 4. Before the Court are the Amelios' motions to vacate the remand order pursuant to Rule 60(b), and to recuse the undersigned judge pursuant to 28 U.S.C. § 455. For the reasons set forth below, the motions are DENIED.

## I. PROCEDURAL BACKGROUND

The Bank first commenced this foreclosure action in the NYS court on December 19, 2022. Doc. 39 ¶ 3. The Bank alleges that the defendants failed to timely answer the complaint, and the NYS court entered a default judgment on December 18, 2023. *Id.* ¶¶ 6–7; NYSCEF No. EF007269-2022. The NYS court entered a judgement of foreclosure and sale on May 7, 2024. Doc. 39 ¶ 8. The Amelios did not appeal this judgment, but

they filed a motion to vacate the judgment on July 5, 2024. Docs. 31 at 6, 39 ¶ 10. Carmine then filed a notice of removal to the SDNY on July 22, 2024. Doc. 39 ¶ 12. This case was assigned to Judge Cathy Seibel, who remanded the action back to the NYS court on August 22, 2024, stating that the removal notice was improper because it failed to provide written consent from the non-removing defendants. *Id.* ¶¶ 12–13; *see also Bank Trust National Association, as Trustee of Tiki Series V Trust v. Amelio et al.*, No. 24 CIV. 05615 (CS), Dkt. 12 (S.D.N.Y. Aug. 22, 2024).

Carmine, who is proceeding *pro se*, removed the case a second time to this Court and also filed a motion for a temporary restraining order ("TRO") on December 2, 2025. Docs. 1, 2. On December 5, 2025, the Bank submitted an *ex parte* letter to the Court requesting that the matter be remanded, *see* Doc. 7 at 67–76, and the Court remanded the action to the NYS court, stating that: (a) there was no indication that the non-removing defendants, Piazza and Perry, consented to removal; (b) the removal notice failed to attach the Bank's complaint as is required for the Court to determine whether federal question jurisdiction exists; and (c) it appeared that the action lacks diversity jurisdiction. Doc. 4. The Court terminated Carmine's motion for a TRO on December 8, 2025 because the case had been remanded. Doc. 5.

Carmine, joined by Alfonso and Paul Amelio, filed a motion to vacate the remand order pursuant to Rules 60(b)(3) and 60(b)(4) on December 23, 2025. Doc. 7 at 1. In the motion, the Amelios argue that: (a) the Court did not disclose "financial ties" to the Bank; (b) they had no opportunity to be heard prior to the remand order; (c) the remand order relied on incorrect factual assumptions; (d) the remand order improperly relied on a prior remand order; (e) the Court should have allowed them to cure the procedural defects in the removal notice; and (f) neither Piazza nor Perry's consent is required for removal. Doc. 7.

The Amelios filed an emergency motion for a TRO and preliminary injunction ("PI") on December 30, 2025. Doc. 8. The Court denied the motion for the TRO and

directed the Bank to show cause why the undersigned should not vacate the remand order or issue a PI. Doc. 10 at 2. The Court also directed the parties to appear for a conference, which occurred via telephone on January 27, 2026. *See* Docs. 10, 18.

On January 8, 2026, the Amelios filed a motion to recuse the Court from this action on January 8, 2026. Doc. 11. They alleged that the Court must recuse itself because absent recusal there would be an appearance of impartiality in violation of 28 U.S.C. § 455(a), and because the Court has financial interests in the Bank in violation of § 455(b)(4). *Id.* at 4–5. The motion was denied during the January 27, 2026 conference. Doc. 26 at 6. The Amelios filed a renewed motion to recuse the Court on May 1, 2026, raising the same arguments as before, and adding additional allegations related to the conference. Doc. 33.

## II. LEGAL STANDARD

### A. Motion for Recusal

A motion requesting the recusal of a federal judge is governed by 28 U.S.C. § 455. *7 West 21 LI LLC v. Mosseri*, No. 20 CIV. 279 (JPC), 2021 WL 314198, at *1 (S.D.N.Y. Jan. 19, 2021). Section 455 of U.S. Code Title 28 provides in relevant part that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned;
>
> (b) He shall also disqualify himself in the following circumstances:
> . . .
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

28 U.S.C. § 455. A district judge has discretion to determine whether to disqualify himself. *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008). In deciding whether to recuse himself, he must carefully weigh the policy of promoting public confidence in the

judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his expected adverse decisions. *Id*. (citation omitted). There is a strong presumption of judicial impartiality, and the movant of a recusal motion bears the substantial burden of overcoming that presumption. *Joachin v. Morningside Rehabilitation Nursing Home*, No. 23 CIV. 07652 (ALC), 2024 WL 2924176, at *1 (S.D.N.Y. May 15, 2024) (citation omitted). Where the standards governing disqualification are not met, "disqualification is not optional; rather, it is prohibited." *Sun v. Mo*, No. 24 CIV. 3630 (KPF), 2024 WL 4252580, at *2 (S.D.N.Y. Sept. 19, 2024) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)).

**B. Motion to Vacate**

Pursuant to Rule 60(b), a court may vacate a judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions under Rule 60(b) appeal to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances. *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115 (1991) (citation omitted). A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided. *Whitaker v. N.Y. University*, 543 F. App'x. 113, 114 (2d Cir. 2013) (citing *Zerman* v. *Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

### C. *Pro Se* Litigants

The Court holds submissions by *pro se* litigants to "less stringent standards than formal pleadings drafted by lawyers," *Santiago v. United States*, 222 F. Supp. 3d 353, 356 (S.D.N.Y. 2016) (quoting *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993)), and is obligated to liberally construe their pleadings "to raise the strongest arguments that they suggest." *Id.* (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). Nonetheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## III. MOTION FOR RECUSAL

Before discussing the motion to vacate, the Court must first consider the Amelios' motion for recusal. *See Jones v. Hirschfeld*, 348 F. Supp. 2d 50, 56 (S.D.N.Y. 2004) ("Because it presents a threshold issue as to whether the Court should continue to preside over this action, the first issue to be addressed is defendant's motion for recusal.").

### A. Appearance of Impartiality

The Amelios argue that the Court should recuse itself pursuant to 28 U.S.C. § 455(a) because they allege that the Court has a documented pattern of nondisclosure and that the remand was ordered under suspicious circumstances. Doc. 33 at 9–10.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To determine whether a judge's impartiality might be reasonably questioned, the Court must ask whether an objective observer, fully informed of the underlying facts, would "entertain significant doubt that justice would be done absent recusal." *Basciano*, 542 F.3d at 956. This standard is exclusively concerned with appearances because its purpose is to protect the public's confidence in an impartial judiciary. *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007).

*1. Alleged Pattern of Non-Disclosure*

The Amelios cite two cases in support of their allegation that the Court has a pattern of non-disclosure: *ExxonMobil Oil Co. v. TIG Insurance Co.*, No. 16 CIV. 9527 (MKV), (S.D.N.Y. 2020) and *In re SSA Bonds Antitrust Litigation*, No. 16 CIV. 3711 (VEC), (S.D.N.Y. 2021). Doc. 33 at 3. In both cases, the Court recused itself in compliance with relevant rules, and the actions were reassigned. *See ExxonMobil Oil Co. v. TIG Insurance Co.*, No. 16 CIV. 9527 (MKV), Dkt. 56 (S.D.N.Y. July 29, 2021); *In re SSA Bonds Antitrust Litigation*, No. 16 CIV. 3711 (VEC), Dkt. 693 (S.D.N.Y. Jan. 20, 2022). The Court finds that no objective person, fully informed that the Court has previously recused itself in other cases, would entertain significant doubt that justice would be done absent recusal, and that the Amelios' allegations do not overcome the presumption of judicial impartiality. *See Basciano*, 542 F.3d at 956; *Joachin*, 2024 WL 2924176, at *1.

*2. Remand Proceedings*

The Amelios allege that the Court improperly denied the recusal motion without briefing, and they allege that at the January 27, 2026 conference, the Court improperly refused to address Carmine's arguments about the underlying complaint, did not require the Bank to respond to the Amelios' arguments, and threatened to admonish Carmine, which would cause a reasonable person knowing these facts to question the Court's impartiality. Doc. 33 at 4–7. The Amelios primarily cite to a moment during the conference in which Carmine stated that the Bank's counsel lied, committed fraud, and acted in complicity with state court judges, and the Court cautioned that it took such accusations very seriously, and attorneys who made similar accusations would be admonished for doing so. Doc. 26 at 16–20. The Bank argues that the Court's judicial remarks were within the ordinary bounds of courtroom administration and are not a valid basis for recusal pursuant to § 455(a). Doc. 39 at ¶ 29–30.

Almost invariably, judicial rulings do not constitute a valid basis for recusal and are instead grounds for appeal. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Judicial remarks that are critical, disapproving of, or hostile to counsel, the parties, or their cases, ordinarily do not support recusal unless they reveal an opinion that is based on an extrajudicial source or such a high degree of favoritism as to make fair judgment impossible. *Id*.

Refusing to address issues that are not presently before the Court and warning a party that their conduct could result in admonishment are ordinary judicial remarks that do not warrant recusal. *See Tillim v. Huntington Housing Authority*, 97 F. Supp. 2d 290, 296 (E.D.N.Y. 2000) (refusing to address an issue based on the principle that federal courts "should not decide matters that are not currently before them"); *United States v. DeLaura*, No. 12 CR. 812 (KMK), 2022 WL 4238429, at *7 (S.D.N.Y. Sept. 13, 2022) (collecting cases holding that the court admonishing a party is not grounds for recusal). Moreover, the Amelios do not suggest that the Court based its opinions on any extrajudicial source, and they do not provide any factual support for their allegation of bias. The Amelios' arguments are therefore insufficient to warrant recusal. *See Velazquez Ordonez v. Cunningham*, No. 26 CIV. 4438 (LTS), 2026 WL 1723978, at *3 (S.D.N.Y. June 15, 2026) (denying a request for recusal because the plaintiff's disagreement with the court ruling is insufficient to show bias); *Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal because the plaintiff presented no factual evidence showing any bias beyond conclusory speculation).

With respect to the assertion that the Court showed bias by not allowing the Amelios to be heard before remanding the action, this argument is also unavailing. As discussed below, the removal notice warranted remand because on its face it did not include the consent of all defendants and did not include a copy of the complaint which would have allowed the Court to determine whether subject matter jurisdiction existed. *See Russell v. South Shore Industries Ltd.*, No. 19 CIV. 8494 (VSB), 2019 WL 6888614,

at *5 (S.D.N.Y. Dec. 18, 2019) (remanding an action because not all defendants consented in time); *Paduano & Weintraub, LLP v. Wachovia Securities*, 185 F. Supp. 2d 330, 332 (S.D.N.Y. 2002) ("[I]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (citation omitted). The Court finds that, given that the removal notice met the legal standard for remand, an objective observer could not reasonably doubt the Court's impartiality, and the Amelios' allegations do not overcome the presumption of judicial impartiality. *See Basciano*, 542 F.3d at 956; *Joachin*, 2024 WL 2924176, at *1.

**B. Financial Interest**

The Amelios next argue that the Court must recuse itself pursuant to 28 U.S.C. § 455(b)(4) because they allege the Court has undisclosed financial interests in entities with ties to the Bank. Doc. 33 at 3–4. The Bank argues that recusal is improper because the investments are in a common investment fund, which are specifically excluded from the definition of "financial interest" under § 455(b)(4). Doc. 39 at ¶ 24.

A judge is required to disqualify himself in any proceeding where he knows that "he, individually or as a fiduciary . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). Section 455 of U.S. Code Title 28 defines a "financial interest" as the "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party." 28 U.S.C. § 455(d)(4). However, if both (a) the investment is in a mutual or common investment fund that holds securities, and (b) the judge does not participate in the management of that fund, then the investment is not a "financial interest" in such securities within the meaning of the statute. 28 U.S.C. § 455(d)(4)(i); *see also United States v. Watson*, No. 23 CR. 0082 (EK), 2024 WL 4827734, at *9 (E.D.N.Y. Nov. 19, 2024). This exception in the definition of "financial interest[s]"

under the statute enables judges to hold securities without risking recusal across a broad range of cases. *Watson*, 2024 WL 4827734, at *8.

The Amelios allege that the Court holds financial interests in Vanguard funds, BlackRock funds, and Mitsubishi UFJ Financial Group securities, which they contend present a financial conflict because Vanguard and BlackRock are among the largest shareholders of the Bank's parent company, and Mitsubishi UFJ sold a bank to the Bank's parent company in 2022. Doc. 33 at 2. They make no claim that the Court manages any of these funds. The Court's investment in these funds is not a "financial interest" within the meaning of § 455(d)(4)(i) because they are common investment funds that the Court does not manage. *See Watson*, 2024 WL 4827734, at *9. In any event, recusal is not required pursuant to § 455(b)(4) because there are no allegations of investment directly in the Bank or any other party to this action. *See e.g., U.S. Bank, National Ass'n, as Legal Title Trust for Truman 2016 SC6 Title Trust v. Amelio*, No. 26 CIV. 0070 (MAD) (MJK), 2026 WL 1758252, at *1 (N.D.N.Y. June 18, 2026) (denying recusal for ownership of Vanguard funds because the court did not have direct ownership in any of the parties and did not participate in the management of the funds)..[1]

## IV. MOTION TO VACATE THE REMAND ORDER

### A. Mistake of Law

The Amelios argue that the Court improperly remanded this action, which the Court construes to be an argument to vacate pursuant to Rule 60(b)(1). *See Serrano v. Smith*, No. 5 CIV. 1849 (KTD), 2009 WL 1390868, at *1 (S.D.N.Y. May 13, 2009)

---

[1] The Amelios also argue that the Court improperly issued an Order after the case was remanded. The Order, dated December 30, 2025, denied the Amelios' TRO, which they requested to prevent the Bank "from taking any action to evict, disturb, or interfere with the possession of" their tenants. Doc. 10 at 2. The Amelios argue that the ruling was cited in decisions for other legal actions, which caused the kind of harm that § 455 is designed to protect against. Doc. 33 at 8. However, the ruling plainly states that the Court had already remanded the case when the Amelios filed an emergency motion for injunctive relief. Doc. 10 at 1. Moreover, this argument does not provide a cognizable reason pursuant to § 455 to require recusal. *See generally Walton v. Cieslicki*, No. 93 CIV. 6901 (SS), 1994 WL 62954, at *1 (S.D.N.Y. Feb. 18, 1994), *aff'd,* 41 F.3d 1501 (2d Cir. 1994) ("Judges are not required to recuse themselves every time they rule unfavorably towards a plaintiff.").

(construing a *pro se* litigant's mistake of law argument as a Rule 60(b)(1) challenge); *see also Securities & Exchange Commission v. Curran*, No. 12 CIV. 2937 (RPK) (SIL), 2024 WL 3431953, at *2 (E.D.N.Y. July 15, 2024) ("Even when a party does not move under Rule 60(b)(1), motions to vacate based on judicial mistake must ordinarily be adjudicated under that rule.") (citation omitted).

*1. Consent for Removal*[2]

In the remand order, the Court held that the removal notice lacked consent because there was no indication that defendants Piazza or Perry consented to removal. Doc. 4 at 1. The Amelios argue that Piazza and Perry were not properly served in this action, so their consent was not required for removal, Doc. 7 at 10; that the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A) applies only to diversity-based removals,[3] which is not invoked in this action; and that only the Amelios' consent is required because they are "the real parties in interest." Doc. 30 at 8–9. The Bank argues that unanimous consent is required for federal-question-based removals and therefore, the consent of both Piazza and Perry was required. Doc. 31 at 7–8.

Section 1441(a) of U.S. Code Title 28 states that any civil action over which a district court has original jurisdiction—where the court has federal question jurisdiction––may be removed from state court. 28 U.S.C. § 1441(a); *People v. Bowman's Gun Shop,*

---

[2] To the extent that the Bank argues that the removal notice was untimely and that the state court already adjudicated the case on its merits, these arguments are not relevant to the instant motion. Because the Court did not base its remand order on these grounds, they do form the basis of the Amelios' mistake of law claims pursuant to Rule 60(b)(1). *See* Doc. 4.

To the extent that the Amelios argue that the Court improperly relied on a prior remand order, this is unavailing. It is well established that courts may rely on prior rulings of cases with substantially similar facts. *See e.g.*, *United States v. Armstrong*, No. 99 CR. 997 (JFK), 2011 WL 292018, at *5 (S.D.N.Y. Jan. 28, 2011) ("In light of the prior ruling on a substantially similar motion, the [c]ourt declines to transfer [defendant's] motion.").

[3] The Amelios cite *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72 (1st Cir. 2009) and *Palmieri v. Allstate Insurance Co.*, 445 F.3d 179 (2d Cir. 2006) for the proposition that when removal is premised on federal question jurisdiction, the unanimity requirement does not apply. In fact, *Esposito* affirms that removal requires unanimous consent. *Esposito*, 590 F.3d at 75. *Palmieri* does not discuss removal at all. Neither case suggests that the unanimity requirement does not apply here.

*LLC*, 821 F. Supp. 3d 244, 252 (N.D.N.Y. 2026). Section 1446 of U.S. Code Title 28 states that when a defendant desires to remove a civil action from state court pursuant to § 1441(a), "*all* defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). It is well established that 28 U.S.C. §1446(b)(2)(A) requires all defendants to independently express their consent to removal. *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021) (citation omitted). However, unanimity is not required when the non-consenting defendant: (1) has not been served with service of process at the time the removal petition is filed; (2) is merely a nominal or formal party; or (3) is not subject to the removal claim, which is a separate and independent claim from those asserted against the non-consenting defendant. *Russell*, 2019 WL 6888614, at *1.

The Court understands the Amelios to argue that the non-consenting defendants have not been properly served and/or are merely nominal. Docs. 7 at 10, 30 at 8–9. To the extent that the Amelios argue that Piazza and Perry were not properly served, this cannot defeat the unanimity requirement without evidence that Piazza and Perry themselves agree that they were not properly served. *See Bedminster Financial Group, Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12 CIV. 5557 (JPO), 2013 WL 1234958, at *8 n.2 (S.D.N.Y. Mar. 26, 2013) (holding that a removing defendant cannot allege defects in service of process on non-consenting defendants to invoke an exception to the unanimity rule where the non-consenting defendants do not challenge the validity of that service). To the extent the Amelios argue that Piazza and Perry are nominal parties, their only support for this assertion is that the Amelios are the "real parties in interest" and that Piazza is a Chapter 7 trustee. Doc. 30 at 8–9. A party is considered nominal or formal when no cause of action or claim for relief is or could be stated against him or on his behalf. *Vistra Trust Co. v. Stoffel*, No. 8 CIV. 2844 (NRB), 2008 WL 5454126, at *9 (S.D.N.Y. Dec. 29, 2008). To show that a party is nominal, the movant bears the burden of proving by clear and convincing evidence either (a) that there has been outright fraud

committed in the plaintiff's pleadings, or (b) that there is no possibility based on the pleadings that a plaintiff can state a cause of action against the allegedly nominal defendant in state court. *Commonwealth Advisors Inc. v. Wells Fargo Bank, National Association*, No. 15 CIV. 7834 (JMF), 2016 WL 3542462, at *4 (S.D.N.Y. June 23, 2016) (citations omitted). The Amelios have not met this burden with respect to either non-consenting defendant. They allege no facts that suggest that the Bank's complaint was fraudulent or that the Bank could not state a cause of action against Piazza or Perry.

Because the Amelios make no representation that Piazza or Perry consented to removal, and because their written consent is required pursuant to § 1446(b)(2)(A), the Amelios have not satisfied the removal requirements. Accordingly, the Amelios fail to establish that the Court made a mistake pursuant to Rule 60(b)(1) in holding that the Amelios failed to obtain consent from all defendants.

*2. Federal Question Jurisdiction*

In the remand order, the Court held that it could not determine whether federal question jurisdiction existed because the Amelios failed to include the underlying complaint. Doc. 4.[4] The Amelios argue that the Court ignored the federal questions raised in the action, which they allege include due process, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, and fraud on the court. Doc. 7 at 10. The Bank argues that a foreclosure action does not form the basis of federal question jurisdiction, that the Amelios' counterclaims cannot form the basis of federal question jurisdiction, and that, in any event, the Amelios have not served an answer, so they have not pleaded any counterclaims at all. Doc. 31 at 2–4. The Amelios then argue that the

[4] The Amelios also argue that the Court failed to grant them leave to cure the defect in their removal notice. Doc. 7 at 9. Though *pro se* litigants are afforded leniency, a district court does not abuse its discretion by denying a *pro se* litigant's motion to amend when they cannot show good cause and when the amendment would be futile. *Case v. Clivilles*, No. 12 CIV. 8122 (TPG), 2016 WL 5818577, at *3 (S.D.N.Y. Oct. 4, 2016). For the reasons stated in this order, the Amelios cannot cure their motion for removal.

federal question in this case does not arise from a counterclaim but rather from federal law embedded in the Bank's complaint. Doc. 35 at 2.[5]

*a. The Amelios' Counterclaims*

The Court understands that the Amelios have dropped the argument that their federal counterclaims form the basis of federal question jurisdiction for this action. *See* Doc. 35 at 2. However, because the Amelios raised this argument in multiple responses, the Court will address it. *See* Docs. 7 at 10, 16 at 5–6. Federal question jurisdiction can only exist when a federal question is present on the face of the plaintiff's complaint and cannot arise from a counterclaim. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002). Because the Amelios' federal claims of due process, ADA violations, § 1983, and fraud are all raised as counterclaims, they cannot form the basis of federal question jurisdiction in this action.

*b. The Bank's Complaint*

The Amelios argue that federal law is embedded in the Bank's complaint through reference to RPAPL[6] § 1304. Doc. 35 at 7. The Bank argues that the foreclosure action is premised entirely on state law. Doc. 41 at 3.

Federal courts can hear claims recognized under state law when they turn on substantial questions of federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). To fall within the category of state-law claims that confer federal question jurisdiction, a state law claim must contain a federal issue that is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance

[5] The Amelios also argue that the Bank conceded this argument by failing to address it in their response. Doc. 35 at 2. However, as the Bank points out, this argument was not included in the Amelios' memorandum in support. Doc. 41 at 2. Therefore, the Bank did not concede this argument.

[6] The Amelios do not define this abbreviation, but the Court understands them to be referring to Real Property Actions and Proceedings Law ("RPAPL"), which is a New York state law. NY Real Prop. Actions L. § 1304 (2025).

approved by Congress. *Sunvestment Energy Group NY 64 LLC v. National Grid USA Services Co.*, 116 F.4th 106, 115 (2d Cir. 2024).

The Amelios' argument that reference to RPAPL embeds federal law into the complaint is unavailing because RPAPL is a New York state law governing foreclosures. *See* NY Real Prop. Actions L. § 1304 (2025). The argument that a state law that implicates federal law can confer federal question jurisdiction is equally unavailing. *See* Doc. 35 at 7 (alleging that compliance with RPAPL implicates 15 U.S.C. §§ 1692e, 1692d, 12 C.F.R. § 102.21, and that compliance with N.Y. Banking Law §§ 6-1, 6-m implicates the Dodd-Frank Act and the Truth in Lending Act). The fact that federal laws may impose regulations on the state law issues raised in the Bank's complaint does not meet the standard for federal question jurisdiction. *Cf. J.A. Jones Construction Co. & Daidone Electric of N.Y., a Joint Venture v. City of New York*, 753 F. Supp. 497, 501 (S.D.N.Y. 1990) ("The mere fact that a court necessarily must interpret federal law or federal regulations to determine the merits of a claim is insufficient to confer federal jurisdiction."); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."). The Amelios have not otherwise provided any support for the proposition that the Bank's complaint raises a federal issue. Therefore, the Amelios fail to establish federal question jurisdiction under this theory. *See Palma v. Cabrini of Westchester*, No. 22 CIV. 5430 (VB), 2022 WL 4240823, at *4 (S.D.N.Y. Aug. 15, 2022) (holding that the defendant failed to establish *Grable* jurisdiction because none of the plaintiff's claims raised a federal issue).

*c. Chapter 7 Trustee*

The Amelios argue that the presence of defendant Piazza in her capacity as a Chapter 7 trustee of the U.S. Bankruptcy Court independently confers federal jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 1441(c). Doc. 35 at 8.

Section 1334(b) of U.S. Code Title 28 states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The Amelios do not allege that this action arises under or relates to Title 11. Section 1441(c) of U.S. Code Title 28 states that a civil action may be removed when it contains a federal claim as well as a state law claim that would otherwise be nonremovable. 28 U.S.C. § 1441(c). Section 1441(c) does not permit removal in this action because, for reasons already set forth in this order, the complaint does not include a federal claim.

*d. Federal Intervention*

The Amelios argue that where a state forum has been systematically unable to protect federal constitutional rights, federal court intervention is warranted. Doc. 35 at 8.

The cases that the Amelios cite for the proposition that a federal court can intervene in an action when a state forum has failed to protect federal rights are inapposite. In both *Mitchum v. Foster*, 407 U.S. 225 (1972), and *Gibson v. Berryhill*, 411 U.S. 564 (1973), the Supreme Court held that federal courts can impose injunctions on state proceedings when a suit is brought under a federal § 1983 claim. *Mitchum*, 407 U.S. at 242–243; *Gibson*, 411 U.S. at 572. The Court has already held that the Amelios' § 1983 counterclaim cannot form the basis of federal question jurisdiction because § 1983 was not raised in the Bank's complaint. Therefore, neither of these cases suggest that a federal court can circumvent a lack of subject matter jurisdiction to intervene in a state court action.

Accordingly, the Amelios fail to establish that the Court made a mistake pursuant to Rule 60(b)(1) in holding that the Court lacks federal question jurisdiction over this action.

*3. Diversity Jurisdiction*

In the remand order, the Court also noted that the action appeared to lack diversity jurisdiction. Doc. 4. The Amelios argue that complete diversity exists because the

Bank's citizenship "is [in] its main office['s] state," which they allege is "not New York."[7] Doc. 30 at 9. The Bank argues that the Amelios cannot raise diversity jurisdiction for the first time in their supplemental memorandum. Doc. 31 at 8.

Given that the Amelios represent themselves *pro se*, and that subject matter jurisdiction may be raised at any time, the Court will consider this argument. *Cf. Herbert v. George*, No. 24 CIV. 1780 (PMH), 2025 WL 1268863, at *3 (S.D.N.Y. Apr. 30, 2025) ("[G]iven the liberality afforded *pro se* litigants, in deciding a motion to dismiss a *pro se* complaint, it is appropriate to consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint . . . .") (internal quotations and citations omitted); *see also United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) ("[S]ubject matter jurisdiction may be raised any time.") (citation omitted).

Diversity jurisdiction arises where the parties have diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). A party invoking diversity jurisdiction must allege facts essential to show diversity and must support those facts with competent proof. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

The Amelios' conclusory allegation that the Bank is a citizen of a state that is "not New York" is insufficient to show diversity because they offer no facts supporting their claim and do not make clear which state creates diversity.

Accordingly, the Amelios fail to establish that the Court made a mistake pursuant to Rule 60(b)(1) in holding that the Court lacks diversity jurisdiction over this action.

---

[7] The Amelios do not allege where the main office is located, or of what state the Bank is a citizen.

**B. Fraud on the Court**

The Amelios argue that the Bank's *ex parte* letter to the Court on December 5, 2025, which requested that the matter be remanded, constituted fraud because it omitted material facts, which created a "false narrative of a valid claim." Doc. 7 at 11. The Amelios assert that this alleged misconduct requires the Court to vacate the remand order pursuant to Rule 60(b)(3). *See id.* at 15.

A district court may relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). "A Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Aneja v. M.A. Angeliades, Inc.*, No. 5 CIV. 9678 (LAP), 2010 WL 199681, at *1 (S.D.N.Y. Jan.12, 2010) (citation omitted).

The Amelios' conclusory allegations that the Bank committed fraud upon the Court do not meet the clear and convincing standard to warrant relief pursuant to Rule 60(b)(3). As the Court has noted, the Bank's letter *correctly* pointed out that the removal notice did not have the consent of all the defendants and that the Court lacks subject matter jurisdiction. *See* Doc. 7 at 69–70 (describing defects in the removal notice). The Amelios' attempts to re-litigate the merits of the state foreclosure action do not constitute proof that the Bank made misrepresentations to the Court.

Accordingly, the Amelios fail to establish that the remand order ought to be vacated pursuant to Rule 60(b)(3).

**C. Void for Violating Due Process**

The Amelios argue that the remand order must be vacated pursuant to Rule 60(b)(4) because they were deprived of due process when their removal papers were disposed of the same day that they were filed without analysis of those arguments. Doc. 30 at 11. The Bank argues that remanding the action without notice to defendants was proper because the Court lacked subject matter jurisdiction. Doc. 31 at 8–9.

A district court may relieve a party from a final judgment when the judgment is void. Fed. R. Civ. P. 60(b)(4). A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 193 (2d Cir. 2006) (citation omitted). When a federal court determines that it lacks subject matter jurisdiction to hear a case, dismissal is mandatory. 28 U.S.C. § 1447(c); *Mehlenbacher v Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (citation omitted). A federal court can remand a case *sua sponte* both on procedural grounds within thirty days of the filing of the notice of removal, and at any time prior to a final judgment if it lacks subject matter jurisdiction. *Civil Court of the City of New York, County of Bronx, Inc. v. Royalti El*, No. 26 CIV. 02869 (ALC), 2026 WL 1707150, at *1 (S.D.N.Y. June 12, 2026) (citing *Mitskovski v. Buffalo & Fort Erie Public Bridge Authority*, 435 F.3d 127, 131 (2d Cir. 2006)).

The case was remanded three days after it was removed because the Court held that the removal notice failed to include the consent of all defendants, and that it failed to include the complaint, which is necessary to determine whether federal question jurisdiction exists. Therefore, the Court had the discretion to remand the action upon receiving the removal notice both on procedural and jurisdictional grounds. *Id*.

Accordingly, the Amelios fail to establish that the remand order ought to be vacated pursuant to Rule 60(b)(4).

## V. CONCLUSION

For the aforementioned reasons, the Amelios' motions to vacate and to recuse are DENIED. The Clerk of Court is respectfully directed to terminate the motions, Docs. 7, 11, and 33, and to close the case.

It is SO ORDERED.

Dated: September 30, 2026
New York, New York



EDGARDO RAMOS, U.S.D.J.