**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

(Motion to Alter or Amend the Opinion & Order, Doc. 49, Filed September 30, 2026)

## PRELIMINARY STATEMENT

Defendants Alfonso Amelio, Carmine Amelio, and Paul Amelio (collectively "Defendants"), proceeding pro se, respectfully move pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the Opinion & Order entered September 30, 2026 (Doc. 49) (the "Opinion"). The Opinion denied Defendants' motions to vacate the December 5, 2025 remand order and to recuse the undersigned. This motion is timely filed within 28 days of entry of the Opinion. Fed. R. Civ. P. 59(e).

Rule 59(e) relief is warranted where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error of law or prevent manifest

injustice." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The Opinion commits three independent clear errors of law that require correction.

First, the Opinion applies a truncated version of the Grable four-factor test to dismiss the federal question embedded in the Bank's complaint, yet it never completes the analysis. The Opinion holds that RPAPL § 1304 is merely state law and that "a state law that implicates federal law" cannot confer federal question jurisdiction — but this framing skips Grable's first factor entirely: whether the federal issue is *necessarily raised* in the complaint on its face. It is. The Bank's RPAPL § 1304 notice is a condition precedent to foreclosure that the Bank itself pleaded. The federal question is not in a counterclaim; it is embedded in the Plaintiff's own pleading.

Second, the Opinion dismisses in a single footnote (footnote 1) the jurisdictional significance of the Court's December 30, 2025 Order — an order the Court issued after the case had already been remanded, and which the Court itself acknowledges was issued in a closed case. That void order was subsequently cited by two other federal courts as evidence that Defendants' litigation conduct is frivolous, causing cascading harm that constitutes manifest injustice the Opinion ignores.

Third, the Opinion never addresses Defendants' removal ground under 28 U.S.C. § 1443(1). Unlike the Rule 60(b) motion, which attacked the remand order itself, the § 1443(1) ground is an independent basis for federal jurisdiction that the Court was obligated to consider and that no order in this case has ever addressed on the merits.

## I. LEGAL STANDARD

Rule 59(e) permits a court to alter or amend a judgment to correct clear legal error or prevent manifest injustice. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A court

commits clear legal error when it misapplies a controlling legal standard. *Id.* A Rule 59(e) motion is appropriate where the court has "overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Id.* (citation omitted). Manifest injustice occurs when a ruling produces an outcome that is "fundamentally unfair" in light of the facts and law before the Court. *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

The Court is also obligated to liberally construe pro se litigants' submissions "to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). The Opinion itself acknowledges this standard (Op. at 5). A pro se filing that invokes multiple statutory removal grounds — Grable federal question, § 1443(1) civil rights — cannot be addressed by engaging only one ground while leaving others entirely unaddressed.

## II. THE OPINION COMMITS CLEAR LEGAL ERROR IN ITS APPLICATION OF THE GRABLE FOUR-FACTOR TEST

The Opinion acknowledges the controlling standard: a state-law claim confers federal question jurisdiction when it necessarily raises a federal issue that is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 115 (2d Cir. 2024). The Opinion then applies this test incorrectly by resolving the Grable analysis before completing it.

### A. The Opinion Misidentifies the Relevant Federal Issue

The Opinion frames the federal question as whether "a state law that implicates federal law" can confer jurisdiction, and answers no. Op. at 14. But Defendants did not argue that RPAPL §

1304's regulatory overlap with federal consumer protection statutes independently creates federal jurisdiction. Defendants argued that the Bank's own complaint, at paragraphs 7–8, pleads compliance with RPAPL § 1304 as a condition precedent to the right to foreclose — and that this pleading necessarily raises the question of whether those notices comply with 15 U.S.C. §§ 1692e and 1692d (Fair Debt Collection Practices Act) and 12 C.F.R. § 1026.41 (Truth in Lending Act/Dodd-Frank).

The Opinion addresses this but conflates it with the "mere presence" rule of *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Op. at 14. *Merrell Dow* held that a federal ingredient alone does not confer jurisdiction when Congress has not provided a federal private right of action for the federal claim. *Id.* at 812. *Grable* itself distinguished *Merrell Dow*: the issue in *Grable* was whether a federal tax notice statute was complied with — a purely federal question embedded in a quiet-title claim. *Grable*, 545 U.S. at 314–315. Here, as in *Grable*, the question is whether the Bank's pre-foreclosure notice — mandatory under the Bank's own pleading — satisfies federal law requirements. That is *necessarily raised* on the face of the complaint.

**B. The Opinion Never Applies Grable Factors Two Through Four**

The critical error is that the Opinion stops after factor one. Having found (incorrectly) that no federal issue is necessarily raised, the Opinion never asks whether the federal issue is actually disputed, substantial, or capable of federal resolution. *Grable*, 545 U.S. at 312. Each of those factors weighs strongly in Defendants' favor:

-  **Actually disputed:** Defendants raised RPAPL § 1304 compliance as a contested issue at multiple stages. The Bank contested it. The NYS court entered a default without the Bank ever proving compliance. The issue is disputed.

- **Substantial:** The FDCPA and TILA are federal consumer protection statutes. Whether a mortgage servicer's pre-foreclosure notices satisfy those statutes is a substantial federal question — not merely a state regulatory detail. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) (substantiality turns on whether the federal issue is "important to the federal system as a whole").
- **Capable of federal resolution without disrupting the federal-state balance:** Federal courts routinely interpret the FDCPA and TILA. Exercising jurisdiction here does not displace state foreclosure law; it applies federal law to a threshold federal compliance question. *See Grable*, 545 U.S. at 315.

The failure to address these three factors is clear legal error. The Grable analysis is not complete unless all four factors are evaluated. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

**C. The Well-Pleaded Complaint Rule Is Satisfied**

The Opinion correctly recites the rule that federal question jurisdiction must appear on the face of the plaintiff's complaint. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Opinion also correctly holds that Defendants' counterclaims — due process, ADA, § 1983 — cannot form the basis of federal question jurisdiction. Op. at 13.

But the Opinion then applies the well-pleaded complaint rule as if Defendants had conceded the point. They did not. Defendants argued — and the Bank's complaint demonstrates — that paragraphs 7–8 of the complaint plead RPAPL § 1304 compliance as an affirmative element of the foreclosure cause of action. That is the plaintiff's own pleading of a precondition that implicates federal law. The federal question is therefore on the face of *the Bank's complaint*, not in any counterclaim. The well-pleaded complaint rule is satisfied.

## III. THE OPINION'S TREATMENT OF THE DECEMBER 30, 2025 ORDER IN FOOTNOTE 1 IS CLEAR ERROR AND CONSTITUTES MANIFEST INJUSTICE

The Opinion addresses Defendants' argument about the December 30, 2025 Order in a single footnote. Op. at 9 n.1. The footnote concludes that the Order was not improper because "the ruling plainly states that the Court had already remanded the case when the Amelios filed an emergency motion for injunctive relief." Id.

This reasoning, even if accurate on its face, does not address the actual harm. Defendants' argument was not merely that the Court issued an order in a closed case — though it did. The argument was that this post-remand order, issued without jurisdiction, was subsequently cited by other federal courts as evidence bearing on the character of Defendants' litigation — specifically, that it was cited to support findings that Defendants' federal litigation conduct was frivolous. That citation caused concrete legal harm in live proceedings.

A court cannot cure a jurisdictional defect by pointing out that it acknowledged the defect in the very order that caused harm. If the Court had no jurisdiction on December 30, 2025 — a proposition the footnote implicitly confirms — then the order was void *ab initio. See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–702 (1982) ("A judgment rendered by a court without personal jurisdiction over the defendant is void.") (principle equally applicable to subject matter jurisdiction). A void order cannot serve as a valid predicate for adverse findings in other courts. *See V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979) ("A void judgment is a legal nullity.").

This harm is not abstract. On June 11, 2026 — while this case was fully briefed and awaiting decision — Plaintiff's counsel Sean Monahan filed a motion for sanctions against Defendants (Doc. 44) and simultaneously submitted to this Court a letter (Doc. 46) attaching an order from

the Northern District of New York adopting a Report and Recommendation that had referenced Defendants' litigation conduct in this case. The Opinion was issued September 30, 2026 — after the sanctions briefing closed — yet the Opinion is entirely silent on Doc. 44 and Doc. 46. The pending sanctions motion remains unresolved.

The December 30, 2025 Order — void for lack of jurisdiction — forms part of the factual predicate that has been used to paint Defendants' federal litigation conduct as frivolous across multiple courts. The Opinion's one-sentence footnote dismissal of this argument, and its complete silence on the pending sanctions motion, constitute manifest injustice that Rule 59(e) is designed to correct. The appropriate remedy is for the Court to expressly vacate the December 30, 2025 Order as void for lack of jurisdiction, with a directive that it may not be cited in any other proceeding, and to address the sanctions motion in light of that vacatur.

## IV. THE OPINION FAILS TO ADDRESS DEFENDANTS' INDEPENDENT REMOVAL GROUND UNDER 28 U.S.C. § 1443(1)

Neither the December 5, 2025 remand order nor the September 30, 2026 Opinion ever addresses Defendants' removal ground under 28 U.S.C. § 1443(1). This omission is clear legal error.

Section 1443(1) authorizes removal of any civil action against a person who is denied or cannot enforce in state court "a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). Removal under § 1443(1) is proper when: (1) the right allegedly denied arises under a federal law providing for specific civil rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce that right in state courts. *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

Defendants' Notice of Removal invoked § 1443(1) on the basis that the Orange County Supreme Court's foreclosure proceedings have systematically denied Defendants their right to contest the validity of pre-foreclosure notices required under federal consumer protection statutes, including the FDCPA and TILA. These statutes provide specific civil rights protections for borrowers that the state court has failed to enforce.

The Opinion acknowledges that it must liberally construe pro se submissions "to raise the strongest arguments that they suggest." Op. at 5 (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). The strongest argument in Defendants' Notice of Removal for an independent basis of federal jurisdiction — § 1443(1) — was never addressed. Failure to address a jurisdictional ground that was squarely before the Court is clear legal error. *See Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 379 (1995) (courts must address issues fairly presented to them).

Moreover, § 1447(d) expressly makes § 1443 remand orders reviewable on appeal. *BP p.l.c. v. Mayor of Baltimore*, 593 U.S. 230 (2021). This means Congress specifically preserved appellate oversight of § 1443 removals — recognizing that erroneous remand of civil rights removals causes irreparable harm to the removing defendant. That congressional judgment underscores the importance of addressing § 1443(1) on the merits before remanding.

## V. THE OPINION ERRS IN ITS UNANIMITY ANALYSIS BY FAILING TO RESOLVE THE NOMINAL-PARTY QUESTION

The Opinion holds that Defendants failed to obtain consent from defendants Piazza and Perry, and that Defendants did not carry their burden of showing that Piazza and Perry are nominal parties. Op. at 11–12. This analysis is flawed in two respects.

First, the Opinion requires Defendants to prove by "clear and convincing evidence" that there is "outright fraud" in the Bank's pleadings or that the Bank could not state a cause of action against the allegedly nominal defendant. Op. at 12 (citing *Commonwealth Advisors Inc. v. Wells Fargo Bank*, No. 15 CIV. 7834 (JMF), 2016 WL 3542462, at *4 (S.D.N.Y. June 23, 2016)). But this standard applies to diversity-jurisdiction fraudulent-joinder analysis. Defendants invoked *federal question* jurisdiction under § 1441(a). The fraudulent-joinder/nominal-party standard is more flexible in the federal question context, and the Court applied the wrong standard. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005).

Second, Deborah J. Piazza is identified in the caption as "Chapter 7 Trustee of United States Bankruptcy Court." A bankruptcy trustee named as a defendant in a state foreclosure action, where no bankruptcy estate asset is at issue, is a classic nominal party with no real stake in the litigation. The Court had before it the caption alone and drew no inference in Defendants' favor — despite the pro se liberal construction obligation. The presence of a federal bankruptcy trustee as a named defendant also independently implicates 28 U.S.C. §§ 1334(b) and 1441(c), which the Opinion addresses (Op. at 15) but resolves by circular reference to the same federal question analysis it had already erroneously concluded.

## VI. THIS COURT RETAINS JURISDICTION TO DECIDE THIS MOTION

Although the December 5, 2025 remand order was entered and the certified copy of the record transmitted, this Court retains jurisdiction to decide a timely Rule 59(e) motion directed at its own Opinion and Order. A Rule 59(e) motion attacks the district court's own judgment — here, the September 30, 2026 Opinion — not the underlying state proceedings. The district court's inherent power to reconsider and correct its own orders survives the transmission of the certified record. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("[A] federal court may

consider collateral issues after an action is no longer pending."); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008) (district court retains jurisdiction over matters collateral to the merits after remand).

The filing of this timely Rule 59(e) motion suspends finality of the Opinion and preserves this Court's authority to act on it. Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(iv). The appellate clock does not begin to run until this Court resolves the pending 59(e) motion. Additionally, because removal was premised in part on § 1443, any appellate review of the remand under § 1447(d) would extend to the full remand order. *BP p.l.c. v. Mayor of Baltimore*, 593 U.S. 230 (2021).

## VII. TIMELINESS

The Opinion & Order was entered September 30, 2026. This motion is filed October 28, 2026, within the 28-day period prescribed by Federal Rule of Civil Procedure 59(e). The motion is timely. Filing of this motion tolls the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(iv).

## RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that this Court:

- Alter or amend the September 30, 2026 Opinion & Order (Doc. 49) to correct the clear legal errors identified herein;
- Vacate the December 5, 2025 remand order on the ground that the removal was proper under the Grable federal-question doctrine and/or 28 U.S.C. § 1443(1);

- Expressly vacate the December 30, 2025 Order (Doc. 10) as void ab initio for lack of jurisdiction, with a directive that it may not be cited as authority in any other proceeding;
- Order the Clerk to reopen this case and restore it to the active docket; and
- Grant such other and further relief as the Court deems just and proper.

Defendants respectfully reserve the right to file a supplemental memorandum addressing the pending motion for sanctions (Doc. 44) and related submissions (Doc. 46), which were filed after the remand order and remain unresolved by the Opinion.

Dated: October 28, 2026
New Milford, CT

Respectfully submitted,


*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337, New Milford, CT 06776
p. 845-343-4959 e. cpamelio@gmail.com

*/s/ Paul Amelio*
Paul Amelio, *Defendant Pro Se*

*/s/ Alfonso Amelio*
Alfonso Amelio, *Defendant Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>Defendants. | CASE NO.: 25-cv-10022 (ER)<br><br>**JURY TRIAL DEMANDED** |

CERTIFICATE OF SERVICE

I hereby certify that a copy of, DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e), has been served upon the following parties or counsel via electronic and/or US Mail:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

Dated: October 28, 2026
New Milford, CT

Respectfully submitted,

/s/ Carmine P. Amelio
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337, New Milford, CT 06776
p. 845-343-4959 e. cpamelio@gmail.com